FILED

FEB 01 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

United States District Court
for the
Eastern District of California

United States of America )   Case # 2:20-MJ-0162 JDP
v.                      )   "     " 20-8364-DLP
Chaloner-Saintillus,    )   "     " 2:20-CR-00213-KJM
aka Shalam-Ali-EL-Bey   )
                        )

## *Motion to Dismiss Criminal Sealed Complaint*

I the Defendent in this case, state the following is true to the best of my knowledge and belief. On or about the dates of August, 2019 through October, 2020 in the County of Sacramento in the Eastern District of California. A Sealed Criminal Complaint was filed on me. The damages effect of the sealed criminal complaint filed and submitted against me has not afforded me the legal right of due Process of Law.

The Sealed Criminal Complaint does not allow or afford me the legal right/opportunity to defend myself of any allegations brought against me. I do not know what I am accused of violating as such Criminal Violation pertains to a violation of a federal law. I have a U.S. Constitutional right to Confront my accuser and the Sealed Criminal Complaint brought against me does not afford me the Constitutional right to know the accusation against me so that I can Confront My Accuser as such. This is one of the main reasons I respectfully ask and request that this Honorable U.S. Magistrate Court do dismiss this Sealed criminal complaint that has been Submitted and brought against me.

The Sealed Complaint is Direct violation of my 5th and 6th Admandment (Constitutional Right). Being denied my liberty and right to a speedy trial. I been In Custody now maxium amount of time, sixty days Plus. I'm being denied Due Process, I have not been charge by (lawful) Indictment so I have not waived Any right to a speedy trial. See

United States v. Coiscou 793 F. Supp. 2d 680, 684 (S.D. N.Y. 2011)
Someone being denied liberty on a preliminary hearing take place
A Magistrate Judge has the (Authority) to dismiss a Complaint for lack of probable cause "At or After an intial appearance" I see little difference between dismissing a Complaint for lack of Probable Cause at a Preliminary hearing. There is Thus no reason why I may not "revisit my ealier probable cause Determination" now that I had the benefit of Argument by Parties.

NO Evidence was found at initial Arrest. There has been "No Grand Jury in Office" Since the beginning of the Pandemic (April 2020) No Continuence has been Submitted. The Assitant Public Defender "Peter Birch" has offered little to no help help at all. Also at Identity/Removal hearing "Judge Mr. William Matthewman" State on Record saying "I think that you" I am being My liberty on this is indirect violation of Due process Law.

Conclusion of this matter, for All the Reason's I've Just Stated I Respectfully ask that this Court (Eastern District of California) Dismiss this Complaint that was filed against me. "Violating my Constitutional Right".

Sincerly and Humble,
: Shalam-Ali-EL-Bey:
AKA.
: Chaloner-Saintillus:

P.S., Compasionate Release or home Confiment* Prefferbly also, ID Like to get my or Representative Address and Information thank you.
* Also A copy of my Discovery/PSI

:Chaloner-Saintillus: 14772-509
:Shalam-Ali-EL-Bey:
F.D.C
P.O. Box, 019120
Miami, FL, 33101

MIAMI FL 330
1 FEB 2021  PM 6  L



Judge, Kimberly Mueller
501 I Street
Suite 10-100
Sacramento, California, 95814

95814-730625

FEB 1 2021