HEATHER E. WILLIAMS, #122664
Federal Defender
MIA CRAGER, #300172
HOOTAN BAIGMOHAMMADI, #279105
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700 / Fax: 916-498-5710

Attorney for Defendant
Chaloner Saintillus

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>Chaloner Saintillus,<br><br>  Defendant. | Case No. 2:20-cr-213-KJM<br><br>MOTION FOR BAIL REVIEW PURSUANT TO 18 U.S.C. § 3142<br><br>Judge: Hon. Allison Claire<br>Date:  April 23, 2021<br>Time:  2:00 p.m. |

Chaloner Saintillus, through his attorneys Assistant Federal Defenders Mia Crager and Hootan Baigmohammadi hereby move for a bail review hearing to consider new information material to the evaluation of conditions of release from custody, pursuant to 18 U.S.C. § 3142. Counsel for Mr. Saintillus has confirmed the pretrial officer and government counsel's availability and requests a hearing on this motion be set for April 23, 2021.

**PROCEDURAL HISTORY**

Mr. Saintillus is charged by indictment with one count in violation of 21 U.S.C. §§ 846, 841(a)(1) (conspiracy to distribute a controlled substance), and four counts in violation of 21 U.S.C. § 841(a)(1) (distribution of a controlled substance).

Mr. Saintillus made his initial appearance in the Eastern District of California for arraignment on the indictment on March 26, 2021.  The government moved to detain him based upon the contents of the Pre-Trial Services ("PTS") Report and the presumption of detention.

Mr. Saintillus proposed the following bond conditions: an unsecured bond to be signed by his sister, Chalonize Morgan, in the amount of $10,000; [1] residence at his mother's home in Florida, the only state in which he has ever lived and all of his family resides;[2] drug testing; mental health testing and treatment; location monitoring; a curfew or home detention; an internet restriction; and an alcohol restriction.  Mr. Saintillus does not have a passport and will not travel abroad.

The Court granted the government's motion to detain based upon a risk of flight and danger to the community.  ECF no. 13. It was principally concerned with whether Mr. Saintillus' family believed that Mr. Saintillus would make all of his future appearances.  It referenced Ms. Morgan's statements to PTS that it would be a "big risk" to sign a bond on Mr. Saintillus' behalf, and that he was not in the "right mind, hanging with wrong crowd and doing things he wasn't supposed to do." The Court also referenced Mr. Saintillus' history with the criminal justice system.  Finally, it wanted to know what was going on with Ms. Saintillus' pending charges and to see those cleared up.  Despite ordering detention, the Court stated that Mr. Saintillus had raised some valid points in support of bail and that "I [the Court] don't think that it is without the possibility of some conditions being fashioned down the road."

//

//

---

[1] She noted to PTS and confirmed with defense counsel that she makes approximately $64,000 yearly as a registered nurse.

[2] Mr. Saintillus' mother confirmed with Pre-Trial Services that he is welcome in her home, she is willing to have her home fitted with location monitoring, and that there are no firearms in the home.

*United States v. Chaloner Saintillus*
Defendant's Motion for Bail Review

## NEW INFORMATION

Mr. Saintillus seeks his release from custody based on new information not known to defense counsel or the pretrial services officer at the time of his prior detention hearing.

Defense counsel spoke with Ms. Morgan after the detention hearing, and she is now willing to sign an unsecured bond for $30,000. Ms. Morgan was confused when she initially spoke with PTS, as are many family members in other cases, about how bond works in federal court. The $10,000 amount she initially mentioned was reached after asking the PTS officer what amount would be reasonable given her yearly income.

Ms. Morgan also clarified some of the other comments she made to PTS. Her reference to "big risk" solely had to do with her general fear about securing a bond with her primary and only residence that she shares with her husband and minor children. It did not have to do with any hesitation about whether her brother would follow conditions and appear for court. Ms. Morgan's statement to PTS that her brother "was not in the right mind, hanging with wrong crowd and doing things he wasn't supposed to do" primarily had to do with the allegations in this case, of which she has no personal knowledge. She was also alluding to Mr. Saintillus' mental health issues of the past few years, which he admitted to PTS in his March 26, 2021 interview. Ms. Morgan clarified for defense counsel that the additional conditions proposed by Mr. Saintillus – drug testing/treatment; mental health evaluation and treatment; location monitoring; home detention; and an alcohol restriction – would alleviate her concerns. She is confident that Mr. Saintillus would abide by all proposed conditions of release.

## THE LAW

The Bail Reform Act <u>favors release</u> in all but a few cases. The Act provides that:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be --

> (1) released on personal recognizance or upon execution of an unsecured appearance bond . . . ;
>
> (2) released on a condition or combination of conditions . . . ;
>
> (3) temporarily detained [for certain reasons]; or (4) detained [if conditions set forth in subdivision (e) are met].

18 U.S.C. § 3142(a). Conditions of release range from release on personal recognizance or unsecured bond, subd. (b), to "the least restrictive further condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required," subd. (c). A long list of conditions is provided in the statute in order to facilitate release rather than detention. See subd. (c)(1)(B).

The government bears the burden of persuasion that no condition or combination of conditions can be fashioned that will reasonably assure the future appearance of the Mr. Saintillus. In determining whether there are conditions that will reasonably assure his appearance as required, the following factors are considered:

> (1) The nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at Court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The list of conditions provided at § 3142(c)(1)(B) is non-exhaustive, and none of the suggested conditions therein should be construed as a requirement for release in all cases. The only standard conditions of release are to obey all laws and appear in Court as required. With regard to any other conditions imposed, the Court enjoys broad discretion to fashion those conditions which are the *least restrictive* necessary to *reasonably assure* the defendant's appearance and the safety of the community. However, under no circumstances may the Court set a financial condition that results in detention. 18 U.S.C. § 3142(c)(2); *see United States v. Orta*, 760 F.2d 887 (9th Circuit 1985). Meaning, the bond condition(s) imposed by the Court must be attainable for a defendant given their individual financial resources.

**ARGUMENT**

Here, the government cannot meet its burden to prove that Mr. Saintillus is the rare case where absolutely no combination of conditions can be fashioned so as to mitigate the risk of flight. The Court's primary concern about Mr. Saintillus' family support has been clarified. She does not think that he is a "big risk." The other negative comments that she made to PTS were based primarily upon unproven allegations of which she has no personal knowledge. The mental health concerns that she has for her brother can and should be addressed by this Court. Ms. Morgan's full support for her brother is evidenced by her willingness to sign for a bond amount that represents nearly half her yearly income. She is willing to do so, although she supports two minor children and is married, because of the confidence that she has in her brother to comply with conditions of release.

The Court's concerns for Mr. Saintillus' criminal history can be addressed by the proposed special conditions of release. His conviction history appears to consist of only misdemeanors, primarily possession of marijuana. He understands the gravity of the instant charges and that he must take them seriously, as evidenced by his proposals for drug testing and treatment, alcohol restriction, mental health treatment, location monitoring, and home confinement. His sister who knows him best endorses such conditions and believes that they will help keep Mr. Saintillus compliant.

*United States v. Chaloner Saintillus*  -5-
Defendant's Motion for Bail Review

## CONCLUSION

For the foregoing reasons, Saintillus respectfully requests that this Court reopen the matter of detention and to enter an order releasing him subject to such conditions as deemed appropriate under the Bail Reform Act.

Dated: April 16, 2021                                   Respectfully submitted,

                                                        HEATHER E. WILLIAMS
                                                        Federal Public Defender

                                                        */s/ Mia Crager*
                                                        MIA CRAGER
                                                        HOOTAN BAIGMOHAMMADI
                                                        Assistant Federal Defender
                                                        Attorneys for Defendant
                                                        Chaloner Saintillus