1                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
2                            --oOo--

3    UNITED STATES OF AMERICA,    ) Docket No. 20-CR-213
                                  ) Sacramento, California
4                   Plaintiff,    ) June 16, 2021
                                  ) 9:35 a.m.
5              v.                 )
                                  )
6    CHALONER SAINTILLUS,         ) Re: Status conference
                                  )
7                   Defendant.    )

8

                        TRANSCRIPT OF PROCEEDINGS
9          BEFORE THE HONORABLE KIMBERLY J. MUELLER
                    UNITED STATES DISTRICT JUDGE
10

     APPEARANCES:
11

     For the Plaintiff:      HON. PHILLIP A. TALBERT
12                           United States Attorney by
                             MR. SAMUEL STEFANKI
13                           Assistant U.S. Attorney
                             501 I Street, Suite 10-100
14                           Sacramento, CA 95814

15   For the Defendant:      OFFICE OF THE FEDERAL DEFENDER by
                             MS. MIA CRAGER
16                           801 I Street, 3rd Floor
                             Sacramento, CA 95814
17

18                   JENNIFER COULTHARD, RMR, CRR
                        Official Court Reporter
19                     501 I Street, Suite 4-200
                         Sacramento, CA 95814
20                      jenrmrcrr2@gmail.com
                           (530)537-9312
21

     Proceedings recorded via mechanical Steno - transcript produced
22   via Computer-Aided Transcription

23

24

25

          JENNIFER COULTHARD - UNITED STATES DISTRICT COURT - (530)537-9312

1        SACRAMENTO, CALIFORNIA, WEDNESDAY, JUNE 16,  2021

2                            --oOo--

3        (In open court.)

4            THE CLERK:  Calling criminal case 20-213, United

5    States v. Chaloner Saintillus.  This is on for status

6    conference.

7            THE DEFENDANT:  I'm appearing by age of majority, by

8    the way.

9            THE COURT:  Hold on one second.  I'm going to ask for

10   appearances first and then we'll talk about masking and how to

11   proceed, but appearing for the government?

12           MR. STEFANKI:  Good morning, Your Honor; Sam Stefanki

13   on behalf of the United States.

14           THE COURT:  Good morning, Mr. Stefanki.

15           Appearing for the defendant at this point?

16           THE DEFENDANT:  I'm pro se.

17           THE COURT:  Wait.  Wait, sir.  You've got to wait for

18   me to call on you.

19           THE DEFENDANT:  I'm pro se.

20           MS. CRAGER:  Good morning, Your Honor --

21           THE COURT:  Well, but you're not pro se until I

22   relieve your counsel, so I need you to wait until I call you.

23           MS. CRAGER:  Good morning, Your Honor; Mia Crager from

24   the federal defender on behalf of the defendant.

25           THE COURT:  All right.  Good morning, Ms. Crager.

1             And sir, tell me how you pronounce your name.

2             THE DEFENDANT:  It's spelled C, lower case

3    H-A-L-O-N-E-R.  Capital S lower case A-I-N-T-I-L-L-U-S.

4             THE COURT:  And how do you say your name?

5             THE DEFENDANT:  My free national name is Shalam Ali

6    El Bey.  I am Orange American.  My nationality is Moore

7    (phonetic).

8             THE COURT:  And so if I'm going to address you as --

9             THE DEFENDANT:  Call me Shalam.

10            THE COURT:  Well, in terms of your last name, do you

11   consider yourself to have a last name?

12            THE DEFENDANT:  The gentiles?  The code nomer

13   (phonetic).

14            THE COURT:  I'm showing your name as -- it looks like

15   Saintillus.

16            THE DEFENDANT:  That's the gentile last name.

17            THE COURT:  All right.  But do you recognize that as

18   your legal name?

19            THE DEFENDANT:  My first name is my legal name.  My

20   last name is not mine.

21            THE COURT:  All right.  Ms. Crager, do you have -- is

22   it appropriate to say Mr. Saintillus or Mr. El Bey?

23            MS. CRAGER:  I believe it's --

24            THE DEFENDANT:  Mr. Bey.

25            MS. CRAGER:  Yes.  Mr. Bey is fine.

1        THE COURT:  Mr. Bey.

2        MS. CRAGER:  Yes.

3        THE COURT:  All right.  I will use Mr. Bey, B-E-Y.

4        MS. CRAGER:  Yes, Your Honor.

5        THE COURT:  All right.

6        THE DEFENDANT:  And I'm here appearing on the age of

7    majority.

8        THE COURT:  Again, sir, you need to wait for me to

9    call on you.  We're creating a record and it's very important

10   for a clear record, for your sake, for you to wait for me to

11   call on you.

12       So I understand this is a status of counsel.  Is that

13   correct, Ms. Crager?

14       MS. CRAGER:  Yes, Your Honor.  He would like to

15   represent himself.

16       THE DEFENDANT:  No, not represent.  That doesn't even

17   make sense.  Where did you come with that?

18       MS. CRAGER:  Your Honor --

19       THE COURT:  So here I have -- Mr. Bey, do you

20   understand me telling you to wait for me to call on you?

21       THE DEFENDANT:  I'm listening, Your Honor.

22       THE COURT:  Mr. Bey?

23       THE DEFENDANT:  I'm listening to you.

24       THE COURT:  All right.  That's what I need.

25       So, typically, I would go through what we call a

1  *Faretta* colloquy and ask quite a few questions, but first I

2  want to just understand from Ms. Crager, is Ms. Crager

3  expressing any doubts with respect to competency that she wants

4  to share with the Court at this point?

5          MS. CRAGER:  Your Honor, my concern is just that he's

6  been unable to help me -- assist me in his federal criminal

7  case, and so for that reason I feel like --

8          THE DEFENDANT:  What's the criminal charge?

9          THE COURT:  Mr. Bey, wait.  The court reporter

10 can't --

11         THE DEFENDANT:  What crime did I commit?

12         THE COURT:  One person at a time.

13         Ms. Crager --

14         THE DEFENDANT:  Is it commerce?

15         THE COURT:  Mr. Bey, I need to hear what Ms. Crager is

16 saying clearly.

17         So Ms. Crager, I heard you say that your concern is

18 that Mr. Bey is not able to assist you in his defense.

19         THE DEFENDANT:  (Inaudible) Yahawa.

20         MS. CRAGER:  Yes, Your Honor.

21         THE COURT:  All right.

22         THE DEFENDANT:  Because I'm pro se.

23         THE COURT:  My inclination is to see if I can proceed

24 with the *Faretta* colloquy, because that may provide me with

25 some information.  I don't understand you to be making any

1    motion at this point; is that correct, Ms. Crager?

2              THE DEFENDANT:  Marsden motion?

3              MS. CRAGER:  No, Your Honor --

4              THE DEFENDANT:  A Marsden motion?

5              MS. CRAGER:  -- I have no objection to being relieved

6    for him to speak for himself.

7              THE COURT:  Well, I'm not relieving you at this point.

8              MS. CRAGER:  I understand that.  I'm just noting that

9    I don't have an objection to that.

10             THE DEFENDANT:  Future reference, I don't need --

11             THE COURT:  Mr. Stefanki, let me ask if there's

12   anything you want to say.

13             At times I will excuse everyone but counsel and the

14   defendant at a status of counsel, but given Ms. Crager's

15   position, I am prepared to proceed with the *Faretta* colloquy

16   and to do so in open court.

17             Do you see any problems with that?

18             MR. STEFANKI:  Your Honor, thank you.  My position is

19   that given defense counsel's good faith representation that she

20   established --

21             THE DEFENDANT:  (Inaudible) representative --

22             THE COURT:  Mr. Bey, I need to hear what Mr. Stefanki

23   is saying --

24             THE DEFENDANT:  I'm not a child.

25             THE COURT:  -- as do you.

1          THE DEFENDANT:  I'm not a minor.  I'm age of majority.

2    I can handle my own legal affairs and commercial affairs.

3          THE COURT:  Mr. Stefanki --

4          THE DEFENDANT:  The security of the --

5          THE COURT:  Mr. Bey.

6          THE DEFENDANT:  -- of the trust, bonds which was

7    issued.

8          THE COURT:  I need to hear and you need to hear what

9    Mr. Stefanki is saying if you're going to represent yourself.

10          THE DEFENDANT:  He's a fiduciary.

11          THE COURT:  Mr. Stefanki.

12          MR. STEFANKI:  Thank you, Your Honor.  The government

13   believes that out of an abundance of caution, the most cautious

14   approach would be to proceed to a competency evaluation to be

15   performed either by --

16          THE DEFENDANT:  Why kick the can down the road longer

17   when you still have to do it?

18          THE COURT:  So is that a motion from the government?

19          THE DEFENDANT:  After a Marsden motion.

20          THE COURT:  Just so it's clear, I'm looking at 18 U.S.

21   Code Section 4241.

22          MR. STEFANKI:  Yes, Your Honor.

23          THE COURT:  And so it does allow for a motion from the

24   defense, a motion from the government.  The Court also has

25   powers on its own motion.  So that's why I'm trying to

1    determine if there's a motion before the Court.

2              MR. STEFANKI:  The government has not filed a motion,

3    Your Honor, and I am not independently aware of any facts at

4    this point.

5              THE DEFENDANT:  I'm nearing settlement of the

6    discharge.

7              THE COURT:  Let me ask the madam court reporter, are

8    you able to hear what Mr. Stefanki is saying?

9              COURT REPORTER:  I'm having a very difficult time,

10   Your Honor.

11             THE COURT:  All right.

12             Mr. Bey, I can't even consider your request to

13   represent yourself unless you remain quiet until I call on you.

14             THE DEFENDANT:  I'm not trying to represent myself.

15   I'm trying to present myself pro se as a civilian.

16             THE COURT:  And that's the request I'm trying to

17   consider, but I can't consider it if you won't --

18             THE DEFENDANT:  I'm going to present myself.  I'm not

19   trying to represent myself.  That doesn't even make sense.

20             THE COURT:  Do counsel have --

21             THE DEFENDANT:  I'm subject to the laws of Yahawa, by

22   the way.  I don't see no crime that I committed unless it's

23   commercial.  And if it's commercial, I ask to have a cell

24   release, discharge or not, as I am beneficiary of the trust --

25             THE COURT:  Ms. Crager, what is --

1           THE DEFENDANT:  -- in this matter.

2           THE COURT:  Can I direct you to file a declaration

3    with the Court verifying your position that Mr. Bey is not able

4    to assist properly in his defense?

5           MS. CRAGER:  Yes, Your Honor.  I can file a

6    declaration.

7           THE COURT:  All right.

8           THE DEFENDANT:  Well, I am the general executor of

9    this trust, which you guys are administering.

10          THE COURT:  Would that declaration be sufficient for

11   the Court to consider on its own motion whether or not to

12   proceed under section 4241 and section 4247?  Mr. Stefanki, do

13   you have a position on that?

14          MR. STEFANKI:  I believe that would be sufficient,

15   Your Honor.

16          The government, as the Court -- pardon me.  The Court,

17   as the Court pointed out, has the authority sua sponte.

18          THE DEFENDANT:  And has the authority to settle the

19   matter and discharge the debt.

20          THE COURT:  All right.  Ms. Crager, do you have a

21   position on that point?

22          MS. CRAGER:  I believe on that point the Court could

23   make its own motion, Your Honor.

24          THE DEFENDANT:  Marsden motion.

25          THE COURT:  All right.  Then I'm directing Ms. Crager

1    as promptly as possible to file on the docket of this Court and

2    make certain that Mr. Bey sees it, a declaration confirming her

3    representation to the Court that she doubts Mr. Bey's ability

4    to assist properly in his defense.

5            THE DEFENDANT:  I'm here (inaudible) --

6            THE COURT:  At this point I'm prepared to adjourn this

7    proceeding unless anyone else wants to make more of a record.

8            Mr. Stefanki?

9            MR. STEFANKI:  Your Honor, the only item left on the

10   government's list for today's hearing is to exclude time.  Time

11   was previously excluded until today's date.

12           THE DEFENDANT:  I submit my Sixth Amendment right.

13           MR. STEFANKI:  And given that an official notice has

14   not been filed regarding the defendant's competency, the

15   government would ask for both a T4 time exclusion based upon

16   the more than 1,300 pages of discovery previously produced to

17   defense counsel --

18           THE DEFENDANT:  Discovery for who?

19           MR. STEFANKI:  -- as well as the time defense counsel

20   will require to prepare the declaration for which --

21           THE DEFENDANT:  For what crime?

22           THE COURT:  All right.  Ms. Crager, you continue to

23   represent Mr. Bey until you're relieved --

24           THE DEFENDANT:  No.

25           THE COURT:  -- so do you join in that request?

JENNIFER COULTHARD - UNITED STATES DISTRICT COURT - (530)537-9312

1      THE DEFENDANT:  I don't want nobody representing me no
2   more.

3      THE COURT:  Just so I'm clear.

4      MS. CRAGER:  I have no objection, Your Honor.

5      THE DEFENDANT:  I have a few words.

6      THE COURT:  Hold on.

7      THE DEFENDANT:  (Inaudible.)

8      THE COURT:  So I'm going to set the status -- I'm
9   going to set a status in this matter.

10      THE DEFENDANT:  If they allow surety bonds --

11      THE COURT:  Mr Bey --

12      THE DEFENDANT:  If they allow surety bonds (inaudible)
13   the bonds need to be revoked.

14      THE COURT:  I am adjourning this proceeding.  I will
15   issue a minute order clarifying -- a minute order --

16      THE DEFENDANT:  I direct this Court (inaudible) using
17   my name (inaudible).

18      THE COURT:  -- excluding time and setting a status in
19   30 days.

20      THE CLERK:  Court is in recess.

21      (Concluded at 9:44 a.m.)

22

23

24

25

1          C E R T I F I C A T E

2

3      I certify that the foregoing is a true and correct

4  transcript of the record of proceedings in the above-entitled

5  matter.

6  _____          June 16, 2021

7  JENNIFER L. COULTHARD, RMR, CRR                 DATE
   Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25