```
                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
        BEFORE THE HONORABLE KIMBERLY J. MUELLER, CHIEF JUDGE

UNITED STATES OF AMERICA,

              Plaintiff,
vs.                               Sacramento, California
                                  No. 2:20-CR-213-KJM
                                  Monday, MAY 3, 2021
CHALONER SAINTILLUS,              10:23 A.M.

              Defendant.
_____/


                            --oOo--

              REPORTER'S TRANSCRIPT OF PROCEEDINGS

              RE: STATUS CONFERENCE/FARETTA HEARING

          (Hearing conducted via Zoom videoconference)

                            --oOo--

APPEARANCES:

For the Government:       U.S. ATTORNEY'S OFFICE
                          501 I Street, Suite 10-100
                          Sacramento, CA 95814
                          By: SAMUEL E. STEFANKI
                          Assistant U.S. Attorney

For the Defendant:        FEDERAL PUBLIC DEFENDER'S OFFICE
                          801 I Street, Third Floor
                          Sacramento, CA 95814
                          By: HANNAH ROSE LABAREE
                          Public Defender


Official Reporter:        Tiphanne G. Crowe
                          CSR No. 10958
                          501 I Street
                          Sacramento, CA  95814
                          Tcrowe.csr@gmail.com
```

*Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.*

1    SACRAMENTO, CALIFORNIA, MONDAY, MAY 3, 2021, 10:23 A.M.
2                              --oOo--
3         Calling criminal case 20-CR-213-KJM; United States v.
4    Chaloner Saintillus.  This matter is on for a status
5    conference/ *Faretta* hearing, your Honor.
6         THE COURT:  All right.  Good morning.  Appearances,
7    please, for the government.
8         MR. STEFANKI:  Good morning, your Honor; Sam Stefanki
9    on behalf of the United States.
10        THE COURT:  Good morning, Mr. Stefanki.  For Mr. -- is
11   it Saintillus?
12        MS. CRAGER:  Yes, your Honor.
13        THE COURT:  All right.
14        MS. CRAGER:  Mia Crager and Hootan Baigmohammadi --
15   Baigmohammadi (pronouncing) -- I'm sorry -- for the defense,
16   and we're appearing here by Zoom, your Honor.
17        THE COURT:  All right.  Good morning, Ms. Crager, and
18   Mr. -- it's Baigmohammadi?
19        MR. BAIGMOHAMMADI:  You said it perfectly.  Good
20   morning, your Honor.
21        THE COURT:  All right.  Good morning to you.  I see --
22   is Mr. Saintillus appearing from the county jail?  Mr.
23   Saintillus, can you see and hear the Court?  It doesn't appear
24   that Mr. Saintillus is muted.  Let me ask the deputy, the
25   deputy marshal who is present.

1           Are you able to hear the Court and see the Court?

2           THE MARSHAL: Yes, your Honor; we can. We can see and

3   hear you, and he is present.

4           THE COURT: All right. Thank you very much, sir. All

5   right. Let me ask, this is calendared for status and also

6   there's a notation of a potential need for a *Faretta* hearing.

7           Ms. Crager, what is your understanding of the current

8   status?

9           MS. CRAGER: Yes, your Honor. We were able to confirm

10  with our client right before court in a breakout session. At

11  that time he did tell us he would like to continue working with

12  us and proceed with us as counsel. At this point, there's no

13  further need for a *Faretta* hearing, so we can just proceed with

14  the general status on the case.

15          He did want me to put a few things on the record.

16  They relate to the merits of the case and some substantive

17  issues that we intend to bring up with the Court later at an

18  appropriate time. So at this point, we don't have anything

19  other than the general status about the case.

20          THE COURT: All right. I'd allow you to tell me

21  whatever Mr. Saintillus would like the Court to hear. I also

22  did have a question. I see that Mr. Saintillus filed a motion

23  at ECF No. 8. So one of my questions is: Because he filed

24  that, would the appropriate response by the Court be to deny it

25  without prejudice to re-filing by counsel with further

1    briefing?

2        Ms. Crager, you can respond to that question, and also
3    let the Court now whatever Mr. Saintillus would like the Court
4    to know at this time.

5        MS. CRAGER:  Yes, your Honor.  As to the motion to
6    dismiss, I would request that we just had time to speak with
7    him about that before the Court takes action about it.

8        I have been in communication with the United States
9    attorney about it, and so that is definitely on our radar and
10   something that we can address maybe just with a filing at a
11   later date.

12       THE COURT:  All right.  I'll wait for further
13   clarification from you on behalf Mr. Saintillus.  So what else
14   would you like to make a record at this time?

15       MS. CRAGER:  There's really nothing else that I think
16   is appropriate at this time to bring forward.  We're currently
17   reviewing discovery.  We did receive about 1,400 pages of
18   discovery from the prosecutor in this matter, and we need time
19   to discuss it with our client, and much of it needs to be
20   redacted, and so it's a little bit slow-going there, but we are
21   working on it.

22       THE COURT:  All right.  Are you requesting a next date
23   for a status?

24       MS. CRAGER:  Yes, your Honor.  We have not previously
25   discussed a date, but if we could have a date about six weeks

1 out, that would be great.

2 THE COURT: All right. Does that work for you, Mr.
3 Stefanki?

4 MR. STEFANKI: Yes, it does, your Honor. Thank you.

5 THE COURT: Anything else you want to say at this
6 time, Mr. Stefanki?

7 MR. STEFANKI: I do want to put something quite brief
8 on the record, your Honor, and the government did inform
9 defense counsel of this last night, but I would also like the
10 Court to be apprised.

11 The indictment, as currently filed, alleges that the
12 defendant conspired to dispute over 400 grams of a mixture and
13 substance containing Fentanyl.

14 There is material in the discovery, which was
15 generated following indictment, which the government believes
16 indicates that the defendant actually conspired to dispute
17 between -- I'm sorry, more than 40 grams of Fentanyl, and
18 that's obviously a necessarily included offense in Count 1 of
19 the indictment, but the government is considering how -- how to
20 move forward with that.

21 But I do just want that to be on the record here today
22 that -- that defense counsel is aware of this, and the
23 government does not, at this point, intend to proceed on the
24 more than 400 grams charge in Count 1 of the indictment, and
25 that's all. Thank you, your Honor.

1   THE COURT: All right. The government has made its
2   record. The Court does not take any action based on that
3   representation that you've heard that. I assume nothing
4   further to say at this point, Ms. Crager; is that fair?
5   MS. CRAGER: Nothing further about that, your Honor.
6   Thank you.
7   THE COURT: All right. Well, I believe six weeks is
8   June 14th, correct, Ms. Kennison?
9   THE CLERK: Yes, your Honor.
10  THE COURT: All right. Then we'll set this for
11  further status on June 14th. Is there a request to exclude
12  time between now and then, Ms. Crager?
13  MS. CRAGER: Yes, your Honor. We have no objection to
14  a T4 exclusion.
15  THE COURT: All right. Anything else to add to the
16  record on exclusion of time, Mr. Stefanki?
17  MR. STEFANKI: Just to reiterate what the defense
18  counsel said, your Honor. That it is approximately 1,400 pages
19  of discovery. That it does involve a substantial amount of
20  information, and the government believes that a T4 exclusion is
21  appropriate on that basis.
22  THE COURT: All right. Given the amount of discovery
23  and defense counsel's representation that the six weeks is an
24  appropriate time for reviewing that discovery, and certainly
25  understand what it means for Mr. Saintillus's case, time

1  between now and June 14th is excluded based on Local Code T4
2  and the corresponding federal statute giving counsel time to
3  prepare.
4          All right.  I'll see you on June 14th.  You may sign
5  off.
6          MR. STEFANKI:  Thank you, your Honor.
7          MS. CRAGER:  Thank you, your Honor.
8          (The proceedings adjourned at 10:30 a.m.)
9                          --oOo--
10 I certify that the foregoing is a correct transcript from the
11 record of proceedings in the above-entitled matter.
12                          /s/ Tiphanne G. Crowe
                             _____
13                          TIPHANNE G. CROWE
                             CSR No. 10958

TIPHANNE G. CROWE
OFFICIAL COURT REPORTER, USDC - (916) 743-0122