IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
| Plaintiff, | **ORDER FOR COMPETENCY EXAM** |
| v. | |
| CHALONER SAINTILLUS<br>aka Shalam Ali El Bey, | |
| Defendant. | |

      The defendant, Mr. Bey,[1] was indicted on November 12, 2020, on five counts charging conspiracy to distribute and distribution of a controlled substance. ECF No. 5. The duty Magistrate Judge appointed an Assistant Federal Defender to represent defendant, and ordered him detained. ECF No. 10; ECF Nos. 20, 23 (designation of current counsel). On June 16, 2021, this court held an in-person hearing to consider defendant's request to represent himself. Assistant U.S. Attorney Sam Stefanki appeared for the government; Assistant Federal Defender Mia Crager appeared for Mr. Bey, who also appeared before the court.

---

[1] The indictment charges defendant as Chaloner Saintillus. At hearing, after several rounds of questioning, the court determined defendant uses the name Shalam Ali El Bey and the surname corresponding with this name is Bey.

1

As the hearing transcript reflects, the court originally anticipated conducting a *Faretta*[2] colloquy with Mr. Bey, 6/16/21 RT 4:25-5:2, 5:23-25, 6:15-16, ECF No. 32, but ultimately reconsidered that plan after hearing from counsel and attempting without success to overcome Mr. Bey's repeated interruptions and inability or unwillingness to follow the court's instructions, *id.* at 9:25-10:7. Before abandoning plans to conduct a colloquy, given Mr. Bey's conduct in the courtroom, the court asked defense counsel if she had a doubt regarding his competency; between continuing interruptions, she said "he's been unable to help me – assist me in his federal criminal case." *Id.* at 5:5-7, 6:17-20. Defense counsel clarified she was not filing a motion with the court. *Id.* at 5:25-6:3. The government took the position that, given defense counsel's representation to the court, a competency exam should precede an inquiry into Mr. Bey's professed desire to represent himself. *Id.* at 6:19-7:15. Without further information available to it, however, the government clarified it was not filing its own motion. *Id.* at 8:2-4.

Before concluding the hearing, the court directed defense counsel to file a declaration confirming her representation to the court, which she now has done, without objection. *Id.* at 9:2-6, 9:25-10:4; *see* Decl. of Mia Crager, ECF No. 30. Her declaration explains that "[a]fter several meetings with Mr. Bey, I have become concerned that he is unable to assist me with his defense in regards to his federal criminal case, as set forth in 18 U.S.C. § 4241(a)." *Id.* ¶ 3. She continues, "I am concerned that he does not understand the nature of the current proceeding in federal criminal court and that he is not able to properly assist. As a result, I have been unable to make any progress in his defense." *Id.*

As the court reviewed with the parties at hearing, it has the authority to order a hearing "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," to "determine the mental competency of the defendant." 18 U.S.C § 4241(a); 6/16/21 RT at 7:20-8:1, 9:10-23. The court "shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C § 4241(a). Prior to a hearing on mental competency, the court "may order that a psychiatric or psychological examination of the

---

[2] *Faretta v. California*, 422 U.S. 806 (1975).

2

defendant be conducted, and that a psychiatric or psychological report be filed with the court," as provided by 18 U.S.C. § 4247(b) and (c). *See* 18 U.S.C. § 4241(b). Here, the court finds reasonable cause to believe Mr. Bey may be presently suffering from a mental disease or defect rendering him mentally incompetent both because it appears he is unable to understand the nature and consequences of the proceedings against him and he is unable to assist properly in his defense. In making this finding the court relies on the declaration of defense counsel and its own observations during the hearing on June 16, 2021.[3]

Accordingly, the court will direct that an examination of Mr. Bey be conducted and order him transported as soon as possible to an appropriate Bureau of Prisons (BOP) facility where such an exam can be conducted, with a report to be prepared for the court based on the exam. While the court notes defense counsel's request that an evaluation be conducted at the Sacramento County Jail where Mr. Bey currently is detained, Decl. of Mia Crager ¶ 4, the resources readily available to the court acting on its own motion reside within the BOP and so the court denies the defense request. The court will set a hearing date for the determination of Mr. Bey's mental competency upon receipt of the report based on the examination.

For the reasons set forth above, in accordance with the applicable statutes and the specific directions below, Mr. Bey is hereby ORDERED to submit to the mental competency examination the court is ordering under 18 U.S.C. § 424l(b), with the examination conducted in a designated BOP medical facility. The court requests that the Bureau of Prisons, Office of Medical Designation and Transportation (OMDT), designate Mr. Bey as soon as possible and transport him forthwith to the designated facility.

As provided by 18 U.S.C. §§ 4241(b) and 4247(b) and (c), IT IS ALSO ORDERED AND DIRECTED AS FOLLOWS: That a qualified medical professional be designated promptly by the Bureau of Prisons, and the professional hereby is appointed, authorized and directed by the court to:

---

[3] Mr. Bey has made at least two other court appearances before duty Magistrate Judges during which it appears he was not disruptive, allowing the court to preside without interruption and his counsel to speak on his behalf; he also appeared once before this court without incident. ECF Nos. 31 (March 24, 2021) & 19 (March 26, 2021); ECF No. 34 (May 3, 2021). The court has requested the official transcript of an additional appearance before a duty Magistrate Judge, ECF No. 24 (April 23, 2021 minutes), and that transcript will be filed upon completion.

3

(1) examine the mental condition of defendant, Chaloner Saintillus aka Shalam Ali El Bey, (2) prepare a confidential written psychological/psychiatric report of the findings addressing the questions posed below, and (3) return the confidential report to the court, counsel for defendant, and the United States Attorney for the Eastern District of California as soon as practicable and on the schedule provided by the statute. If the medical professional requires additional information from the court regarding Mr. Bey, he or she shall promptly notify the court and identify the information requested. In the confidential report the medical professional, in addition to providing any information the professional deems relevant, shall state an opinion in response to the following questions:

(a) Whether defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding;

(b) Whether defendant has a present rational, as well as factual, understanding of the proceedings against him; and

(c) Whether defendant can be made competent to assist in the proceedings against him after receiving treatment and/or medication over a reasonable period of time.

IT IS FURTHER ORDERED that BOP shall arrange for the medical professional to include in the mental competency report the following specific information:

(a) Defendant's history and present symptoms;

(b) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) The examiner's findings; and

(d) Any additional opinions of the examiner as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense.

Defendant Bey is HEREBY COMMITTED to the custody of the Attorney General for a reasonable period of time, **in no event to exceed forty-five (45) days** with any extensions granted, for placement in a suitable facility that is the BOP facility closest to the Robert T. Matsui U.S. Courthouse in Sacramento within the Eastern District of California. 18 U.S.C. § 4247(b). In making the

examination of defendant, the designated medical professional shall be authorized and empowered to provide such treatment and medication as the professional deems necessary and proper to assist in making the evaluation required by this order.

IT IS FURTHER ORDERED that two (2) certified copies of this order be provided to the United States Attorneys' Office and that promptly upon BOP's designation of the suitable facility to conduct defendant's examination, government counsel shall provide defense counsel and defendant prompt notice about which facility has been selected and otherwise facilitate expedited implementation of this order.

The court FINDS that the ends of justice served by allowing the court and the parties to determine the defendant's mental competency, that is, whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and/or to assist properly in his defense, outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly, IT IS FURTHER ORDERED, confirming the bench order made on June 16, 2021, the delay occasioned by the efforts to ascertain the defendant's mental competency is excluded through the status conference currently set for July 19, 2021, as provided by the Speedy Trial Act, 18 U.S.C. § 3161 and Local Code N.

IT IS SO ORDERED.

DATED: June 18, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE