PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:20-CR-00213-KJM |
| Plaintiff, | UNITED STATES' REQUEST FOR REVISED ORDER RE COMPETENCY EVALUATION |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

The United States of America (the "government") respectfully submits this request for the Court to issue a revised order directing that a competency evaluation be conducted under 18 U.S.C. § 4241(b).

## I.      PROCEDURAL BACKGROUND

On June 21, 2021, the Court issued an Order for Competency Exam (the "Order") directing that an evaluation of defendant Chaloner Saintillus (who refers to himself as Shalam Ali El Bey) be conducted to determine his ability to understand the nature and circumstances of the proceedings against him and to assist in his defense.  ECF No. 35.  Specifically, the Court ordered that, "in accordance with the applicable statutes and the specific directions below, Mr. Bey is hereby ORDERED to submit to the mental competency examination the court is ordering under 18 U.S.C. § 4241(b), with the examination conducted in a designated BOP medical facility."  ECF No. 35 at 3.  The Court's Order also required that Saintillus's evaluation occur "in a suitable facility that is the BOP facility closest to the Robert T. Matsui U.S. Courthouse in Sacramento within the Eastern District of California."  ECF No. 35 at 4.

On June 22, 2021, legal counsel for the Federal Bureau of Prisons (the "BOP") contacted counsel for the government regarding the Court's Order.  BOP staff informed counsel for the government that according to BOP policy, BOP's medical facilities do not currently perform competency evaluations. Part of the mission of BOP's medical facilities is to treat and restore to competency individuals who have previously been judged incompetent.  BOP interprets the Order's requirement that Saintillus's competency evaluation take place at a BOP medical facility to conflict with the Order's subsequent requirement that the evaluation occur at the closest suitable facility.  *See* 18 U.S.C. § 4247(b).

BOP staff requested that the Court revise its Order to remove the requirement that Saintillus's evaluation be conducted at a BOP medical facility.

## II.     GOVERNMENT'S REQUEST

To eliminate any uncertainty caused by BOP's interpretation of the Order, and to ensure that Saintillus's competency evaluation is performed as quickly and efficiently as possible, the United States submits the attached proposed order for the Court's consideration.  The government respectfully requests that the Court adopt the proposed order so that Saintillus's competency evaluation may proceed without delay.

 Dated:  June 24, 2021                                  PHILLIP A. TALBERT
                                                        Acting United States Attorney


                                                By:   /s/ SAM STEFANKI
                                                       SAM STEFANKI
                                                       Assistant United States Attorney

PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:20-CR-00213-KJM |
| Plaintiff, | [PROPOSED] ORDER FOR COMPETENCY EXAMINATION |
| v. | |
| CHALONER SAINTILLUS<br>aka Shalam Ali El Bey, | |
| Defendant. | |

On June 21, 2021, the court ordered that defendant Shalam Ali El Bey submit to a mental

competency examination under 18 U.S.C. § 4241(b). ECF No. 35. On June 24, 2021, the United States

of America (the "government") filed a request for the court to issue a revised order superseding its June

21 order for a mental competency examination. ECF No. 39.

For the reasons set forth in the government's request, as well as for the reasons set forth in the

court's prior order, in accordance with the applicable statutes and the specific directions below, Mr. Bey

is hereby ORDERED to submit to the mental competency examination the court is ordering under 18

U.S.C. § 424l(b). The court requests that the Bureau of Prisons, Office of Medical Designation and

Transportation (OMDT), designate Mr. Bey as soon as possible and that the United States Marshals

Service transport him forthwith to the designated facility.

As provided by 18 U.S.C. §§ 4241(b) and 4247(b) and (c), IT IS ALSO ORDERED AND

DIRECTED AS FOLLOWS: That a qualified medical professional be designated promptly by the

Bureau of Prisons, and the professional hereby is appointed, authorized and directed by the court to: (1) examine the mental condition of defendant, Chaloner Saintillus aka Shalam Ali El Bey, (2) prepare a confidential written psychological/psychiatric report of the findings addressing the questions posed below, and (3) return the confidential report to the court, counsel for defendant, and the United States Attorney for the Eastern District of California as soon as practicable and on the schedule provided by the statute. If the medical professional requires additional information from the court regarding Mr. Bey, he or she shall promptly notify the court and identify the information requested. In the confidential report the medical professional, in addition to providing any information the professional deems relevant, shall state an opinion in response to the following questions:

(a) Whether defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding;

(b) Whether defendant has a present rational, as well as factual, understanding of the proceedings against him; and

(c) Whether defendant can be made competent to assist in the proceedings against him after receiving treatment and/or medication over a reasonable period of time.

IT IS FURTHER ORDERED that BOP shall arrange for the medical professional to include in the mental competency report the following specific information:

(a) Defendant's history and present symptoms;

(b) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) The examiner's findings; and

(d) Any additional opinions of the examiner as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense.

Defendant Bey is HEREBY COMMITTED to the custody of the Attorney General for a reasonable period of time, **in no event to exceed forty-five (45) days** with any extensions granted, for placement in a suitable facility that is the BOP facility closest to the Robert T. Matsui U.S. Courthouse

in Sacramento within the Eastern District of California. 18 U.S.C. § 4247(b). In making the examination

of defendant, the designated medical professional shall be authorized and empowered to provide such

treatment and medication as the professional deems necessary and proper to assist in making the

evaluation required by this order.

IT IS FURTHER ORDERED that two (2) certified copies of this order be provided to the United

States Attorneys' Office and that promptly upon BOP's designation of the suitable facility to conduct

defendant's examination, government counsel shall provide defense counsel and defendant prompt

notice about which facility has been selected and otherwise facilitate expedited implementation of this

order.

IT IS FURTHER ORDERED that this order supersedes the court's prior order for a competency

examination issued on June 21, 2021. ECF No. 35.

The court FINDS that the ends of justice served by allowing the court and the parties to

determine the defendant's mental competency, that is, whether he is presently suffering from a mental

disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature

and consequences of the proceedings against him and/or to assist properly in his defense, outweigh the

best interest of the public and the defendant in a speedy trial.

Accordingly, IT IS FURTHER ORDERED, confirming the bench order made on June 16, 2021,

the delay occasioned by the efforts to ascertain the defendant's mental competency is excluded through

the status conference currently set for July 19, 2021, as provided by the Speedy Trial Act, 18 U.S.C.

§ 3161 and Local Code N.

IT IS SO ORDERED.

DATED: June ___, 2021.


_____
THE HONORABLE KIMBERLY J. MUELLER
Chief United States District Judge