PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
| Plaintiff, | ORDER FOR COMPETENCY EXAMINATION |
| v. | |
| CHALONER SAINTILLUS<br>aka Shalam Ali El Bey, | |
| Defendant. | |

On June 21, 2021, the court ordered that defendant Shalam Ali El Bey submit to a mental competency examination under 18 U.S.C. § 4241(b). ECF No. 35. On June 24, 2021, the United States of America (the "government") filed a request for the court to issue a revised order superseding its June 21 order for a mental competency examination. ECF No. 39.

For the reasons set forth in the government's request, as well as for the reasons set forth in the court's prior order, in accordance with the applicable statutes and the specific directions below, Mr. Bey is hereby ORDERED to submit to the mental competency examination the court is ordering under 18 U.S.C. § 424l(b). The court requests that the Bureau of Prisons, Office of Medical Designation and Transportation (OMDT), designate Mr. Bey as soon as possible and that the United States Marshals Service transport him forthwith to the designated facility.

As provided by 18 U.S.C. §§ 4241(b) and 4247(b) and (c), IT IS ALSO ORDERED AND DIRECTED AS FOLLOWS: That a qualified medical professional be designated promptly by the

Bureau of Prisons, and the professional hereby is appointed, authorized and directed by the court to: (1) examine the mental condition of defendant, Chaloner Saintillus aka Shalam Ali El Bey, (2) prepare a confidential written psychological/psychiatric report of the findings addressing the questions posed below, and (3) return the confidential report to the court, counsel for defendant, and the United States Attorney for the Eastern District of California as soon as practicable and on the schedule provided by the statute. If the medical professional requires additional information from the court regarding Mr. Bey, he or she shall promptly notify the court and identify the information requested. In the confidential report the medical professional, in addition to providing any information the professional deems relevant, shall state an opinion in response to the following questions:

(a) Whether defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding;

(b) Whether defendant has a present rational, as well as factual, understanding of the proceedings against him; and

(c) Whether defendant can be made competent to assist in the proceedings against him after receiving treatment and/or medication over a reasonable period of time.

IT IS FURTHER ORDERED that BOP shall arrange for the medical professional to include in the mental competency report the following specific information:

(a) Defendant's history and present symptoms;

(b) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) The examiner's findings; and

(d) Any additional opinions of the examiner as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequence of the proceedings against him or to assist properly in his defense.

Defendant Bey is HEREBY COMMITTED to the custody of the Attorney General for a reasonable period of time, **in no event to exceed forty-five (45) days** with any extensions granted, for placement in a suitable facility that is the BOP facility closest to the Robert T. Matsui U.S. Courthouse

in Sacramento within the Eastern District of California. 18 U.S.C. § 4247(b). In making the examination of defendant, the designated medical professional shall be authorized and empowered to provide such treatment and medication as the professional deems necessary and proper to assist in making the evaluation required by this order.

IT IS FURTHER ORDERED that two (2) certified copies of this order be provided to the United States Attorneys' Office and that promptly upon BOP's designation of the suitable facility to conduct defendant's examination, government counsel shall provide defense counsel and defendant prompt notice about which facility has been selected and otherwise facilitate expedited implementation of this order.

IT IS FURTHER ORDERED that this order supersedes the court's prior order for a competency examination issued on June 21, 2021. ECF No. 35.

The court FINDS that the ends of justice served by allowing the court and the parties to determine the defendant's mental competency, that is, whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and/or to assist properly in his defense, outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly, IT IS FURTHER ORDERED, confirming the bench order made on June 16, 2021, the delay occasioned by the efforts to ascertain the defendant's mental competency is excluded through the status conference currently set for July 19, 2021, as provided by the Speedy Trial Act, 18 U.S.C. § 3161 and Local Code N.

IT IS SO ORDERED.

DATED: June 24, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE