PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | DATE: August 9, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Chaloner Saintillus (who refers to himself as Shalam Ali El Bey), by and through his counsel of record, hereby provide a joint status report and stipulate as follows:

1. By previous order, this matter was set for status on August 9, 2021.

2. By this stipulation, the defendant now moves to continue the status conference until October 4, 2021, and to exclude time between August 9, 2021, and October 4, 2021, under Local Codes A and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced or made available for inspection and copying more than 1,300 pages of discovery, including numerous image files and investigative reports.

    b) Counsel for the defendant desires additional time to conduct investigation and research related to the charges, review discovery, and otherwise prepare for trial.

c) The defendant is presently in the custody of the Attorney General at Metropolitan Detention Center-Los Angeles ("MDC-LA") for the purpose of undergoing a mental competency examination previously ordered by the Court. Defense counsel's ability to communicate with her client has been curtailed due to the defendant's custodial status at MDC-LA. For this reason, counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The government does not object to such a continuance.

d) The Federal Bureau of Prisons recently requested a fifteen-day extension of time to complete the defendant's competency evaluation. The parties do not oppose a fifteen-day extension of time to complete the defendant's evaluation.

e) The government's position is that the forty-five-day period for evaluating the defendant's mental competency began on July 26, 2021, when the defendant cleared medical quarantine at MDC-LA. *See* ECF No. 50. The defense's position is that the forty-five-day period for evaluating the defendant's mental competency should run from the date the Court's original ordered issued on June 21, 2021. *See* ECF No. 35. For that reason, the defense requests that the evaluation be completed as quickly as possible, and that the defendant be transported back to Sacramento as quickly as possible following his evaluation. Counsel for the government will remain in contact with MDC-LA staff and the U.S. Marshals to ensure that the evaluation is completed and that the defendant is returned to the Sacramento County Main Jail as soon as possible.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 9, 2021, to October 4, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

///

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 9, 2021, to October 4, 2021, inclusive, is also deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) [Local Code A] because it results from proceedings to determine the mental competency of the defendant.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 5, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: August 5, 2021

/s/ MIA CRAGER
MIA CRAGER
Counsel for Defendant
CHALONER SAINTILLUS,
aka SHALAM ALI EL BEY

**[PROPOSED] FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this ____ day of August, 2021.

THE HONORABLE KIMBERLY J. MUELLER
Chief United States District Judge