PHILLIP A. TALBERT
Acting United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | DATE: November 1, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

Plaintiff United States of America (the "government"), by and through its counsel of record, and defendant Chaloner Saintillus (who refers to himself as Shalam Ali El Bey), by and through his counsel of record, hereby provide a joint status report and stipulate as follows:

1.    By previous order, this matter was set for status on November 1, 2021.

2.    By this stipulation, the defendant now moves to continue the status conference until November 15, 2021, and to exclude time between November 1, 2021, and November 15, 2021, under Local Code T4.

3.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has produced or made available for inspection and copying more than 1,300 pages of discovery, including numerous image files and investigative reports.

b)    Counsel for the defendant desires additional time to conduct investigation and research related to the charges, review discovery, and otherwise prepare for trial.

c)       The defendant is presently in the custody of the Attorney General.  As of October 27, 2021, the Federal Bureau of Prisons' ("BOP") website shows that he is still held at the Metropolitan Detention Center-Los Angeles ("MDC-LA"), where he was housed for the purpose of undergoing a mental competency examination previously ordered by the Court.  Defense counsel's ability to communicate with her client has been curtailed due to the defendant's custodial status at MDC-LA.  For this reason, counsel for the defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The government does not object to such a continuance.

d)       BOP recently sent a letter to the Court providing an update on the evaluation of the defendant's competency.  ECF No. 53.  In that letter, the BOP evaluator indicated the following:  (i) the defendant's evaluation period is complete, (ii) the U.S. Marshals Services is aware that the defendant is eligible to be transferred back to the Eastern District of California, and (iii) the evaluator's written report on the defendant's competency should now be complete. *See* ECF No. 53.  However, counsel for the defendant and for the government have not yet been provided with a copy of the evaluator's report.

e)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 1, 2021, to November 15, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5.     The defense position is that the Court initially ordered an evaluation on June 21, 2021. Since that time, 128 days have passed.  The statute only permits 45 days.  Neither party has seen BOP's report yet, even though BOP has communicated that the report was completed.  Mr. Saintillus also continues to assert his right to represent himself, the determination of which is on hold pending the resolution of the competency issue.

6.     The defense therefore requests that the Court take any reasonable action to resolve the competency issue as quickly as possible.  The defense requests that the Court order the U.S. Marshals move the defendant back to this district immediately so that he can be present at the hearing concerning his competency and so that the issue can resolve as quickly as possible.  The defense also requests that the Court make BOP's report available to the parties, if the Court is in receipt of the report.  If the Court is not yet in receipt of the report, the defense requests that the Court order BOP to release the report immediately to the Court and the parties so that the parties can prepare for the competency hearing.

IT IS SO STIPULATED.

Dated:  October 27, 2021

PHILLIP A. TALBERT
Acting United States Attorney


/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney


Dated:  October 27, 2021

/s/ MIA CRAGER
MIA CRAGER
Counsel for Defendant
CHALONER SAINTILLUS,
aka SHALAM ALI EL BEY


**[PROPOSED] FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this ____ day of October, 2021.


THE HONORABLE KIMBERLY J. MUELLER
Chief United States District Judge