# Exhibit 1

```
 1                IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
 2        BEFORE THE HONORABLE KIMBERLY J. MUELLER, CHIEF JUDGE

 3    **UNITED STATES OF AMERICA**,

 4              Plaintiff,
      vs.                              Sacramento, California
 5                                     No. 2:20-CR-213-KJM
                                       Monday, MAY 3, 2021
 6    **CHALONER SAINTILLUS**,             10:23 A.M.

 7              Defendant.
      _____/
 8

 9                         --oOo--

10            REPORTER'S TRANSCRIPT OF PROCEEDINGS

11         RE: STATUS CONFERENCE/FARETTA HEARING

12        **(Hearing conducted via Zoom videoconference)**

13                         --oOo--

14    APPEARANCES:

15    For the Government:        U.S. ATTORNEY'S OFFICE
                                 501 I Street, Suite 10-100
16                               Sacramento, CA 95814
                                 By: **SAMUEL E. STEFANKI**
17                               Assistant U.S. Attorney

18    For the Defendant:         FEDERAL PUBLIC DEFENDER'S OFFICE
                                 801 I Street, Third Floor
19                               Sacramento, CA 95814
                                 By: **HANNAH ROSE LABAREE**
20                               Public Defender

21

22    Official Reporter:         Tiphanne G. Crowe
                                 CSR No. 10958
23                               501 I Street
                                 Sacramento, CA  95814
24                               Tcrowe.csr@gmail.com

25    *Proceedings recorded by mechanical stenography.  Transcript
      produced by computer-aided transcription.*
```

1       SACRAMENTO, CALIFORNIA, MONDAY, MAY 3, 2021, 10:23 A.M.

2                              --oOo--

3       Calling criminal case 20-CR-213-KJM; United States v.

4  Chaloner Saintillus.  This matter is on for a status

5  conference/ *Faretta* hearing, your Honor.

6       THE COURT:  All right.  Good morning.  Appearances,

7  please, for the government.

8       MR. STEFANKI:  Good morning, your Honor; Sam Stefanki

9  on behalf of the United States.

10      THE COURT:  Good morning, Mr. Stefanki.  For Mr. -- is

11  it Saintillus?

12      MS. CRAGER:  Yes, your Honor.

13      THE COURT:  All right.

14      MS. CRAGER:  Mia Crager and Hootan Baigmohammadi --

15  Baigmohammadi (pronouncing) -- I'm sorry -- for the defense,

16  and we're appearing here by Zoom, your Honor.

17      THE COURT:  All right.  Good morning, Ms. Crager, and

18  Mr. -- it's Baigmohammadi?

19      MR. BAIGMOHAMMADI:  You said it perfectly.  Good

20  morning, your Honor.

21      THE COURT:  All right.  Good morning to you.  I see --

22  is Mr. Saintillus appearing from the county jail?  Mr.

23  Saintillus, can you see and hear the Court?  It doesn't appear

24  that Mr. Saintillus is muted.  Let me ask the deputy, the

25  deputy marshal who is present.

1        Are you able to hear the Court and see the Court?
2        THE MARSHAL:  Yes, your Honor; we can.  We can see and
3  hear you, and he is present.
4        THE COURT:  All right.  Thank you very much, sir.  All
5  right.  Let me ask, this is calendared for status and also
6  there's a notation of a potential need for a *Faretta* hearing.
7        Ms. Crager, what is your understanding of the current
8  status?
9        MS. CRAGER:  Yes, your Honor.  We were able to confirm
10 with our client right before court in a breakout session.  At
11 that time he did tell us he would like to continue working with
12 us and proceed with us as counsel.  At this point, there's no
13 further need for a *Faretta* hearing, so we can just proceed with
14 the general status on the case.
15       He did want me to put a few things on the record.
16 They relate to the merits of the case and some substantive
17 issues that we intend to bring up with the Court later at an
18 appropriate time.  So at this point, we don't have anything
19 other than the general status about the case.
20       THE COURT:  All right.  I'd allow you to tell me
21 whatever Mr. Saintillus would like the Court to hear.  I also
22 did have a question.  I see that Mr. Saintillus filed a motion
23 at ECF No. 8.  So one of my questions is:  Because he filed
24 that, would the appropriate response by the Court be to deny it
25 without prejudice to re-filing by counsel with further

1   briefing?

2              Ms. Crager, you can respond to that question, and also
3   let the Court now whatever Mr. Saintillus would like the Court
4   to know at this time.

5              MS. CRAGER:  Yes, your Honor.  As to the motion to
6   dismiss, I would request that we just had time to speak with
7   him about that before the Court takes action about it.

8              I have been in communication with the United States
9   attorney about it, and so that is definitely on our radar and
10  something that we can address maybe just with a filing at a
11  later date.

12             THE COURT:  All right.  I'll wait for further
13  clarification from you on behalf Mr. Saintillus.  So what else
14  would you like to make a record at this time?

15             MS. CRAGER:  There's really nothing else that I think
16  is appropriate at this time to bring forward.  We're currently
17  reviewing discovery.  We did receive about 1,400 pages of
18  discovery from the prosecutor in this matter, and we need time
19  to discuss it with our client, and much of it needs to be
20  redacted, and so it's a little bit slow-going there, but we are
21  working on it.

22             THE COURT:  All right.  Are you requesting a next date
23  for a status?

24             MS. CRAGER:  Yes, your Honor.  We have not previously
25  discussed a date, but if we could have a date about six weeks

1     out, that would be great.
2         THE COURT: All right. Does that work for you, Mr.
3     Stefanki?
4         MR. STEFANKI: Yes, it does, your Honor. Thank you.
5         THE COURT: Anything else you want to say at this
6     time, Mr. Stefanki?
7         MR. STEFANKI: I do want to put something quite brief
8     on the record, your Honor, and the government did inform
9     defense counsel of this last night, but I would also like the
10    Court to be apprised.
11         The indictment, as currently filed, alleges that the
12    defendant conspired to dispute over 400 grams of a mixture and
13    substance containing Fentanyl.
14         There is material in the discovery, which was
15    generated following indictment, which the government believes
16    indicates that the defendant actually conspired to dispute
17    between -- I'm sorry, more than 40 grams of Fentanyl, and
18    that's obviously a necessarily included offense in Count 1 of
19    the indictment, but the government is considering how -- how to
20    move forward with that.
21         But I do just want that to be on the record here today
22    that -- that defense counsel is aware of this, and the
23    government does not, at this point, intend to proceed on the
24    more than 400 grams charge in Count 1 of the indictment, and
25    that's all. Thank you, your Honor.

1     THE COURT: All right. The government has made its
2  record. The Court does not take any action based on that
3  representation that you've heard that. I assume nothing
4  further to say at this point, Ms. Crager; is that fair?
5     MS. CRAGER: Nothing further about that, your Honor.
6  Thank you.
7     THE COURT: All right. Well, I believe six weeks is
8  June 14th, correct, Ms. Kennison?
9     THE CLERK: Yes, your Honor.
10    THE COURT: All right. Then we'll set this for
11 further status on June 14th. Is there a request to exclude
12 time between now and then, Ms. Crager?
13    MS. CRAGER: Yes, your Honor. We have no objection to
14 a T4 exclusion.
15    THE COURT: All right. Anything else to add to the
16 record on exclusion of time, Mr. Stefanki?
17    MR. STEFANKI: Just to reiterate what the defense
18 counsel said, your Honor. That it is approximately 1,400 pages
19 of discovery. That it does involve a substantial amount of
20 information, and the government believes that a T4 exclusion is
21 appropriate on that basis.
22    THE COURT: All right. Given the amount of discovery
23 and defense counsel's representation that the six weeks is an
24 appropriate time for reviewing that discovery, and certainly
25 understand what it means for Mr. Saintillus's case, time

1   between now and June 14th is excluded based on Local Code T4
2   and the corresponding federal statute giving counsel time to
3   prepare.
4           All right.  I'll see you on June 14th.  You may sign
5   off.
6           MR. STEFANKI:  Thank you, your Honor.
7           MS. CRAGER:  Thank you, your Honor.
8           (The proceedings adjourned at 10:30 a.m.)
9                            --oOo--
10  I certify that the foregoing is a correct transcript from the
11  record of proceedings in the above-entitled matter.
12                           /s/ Tiphanne G. Crowe
                             _____
13                           TIPHANNE G. CROWE
                             CSR No. 10958