PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND OTHER REQUESTS |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

The Court should deny the various requests to dismiss the criminal charges against defendant Chaloner Saintillus. The charging documents filed against Saintillus by an attorney for the United States of America (the "government") complied with all relevant legal rules for initiating federal criminal charges. None of Saintillus's other filings have merit.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 2020, United States Postal Inspector Jason Bauwens swore out a complaint charging Saintillus with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. *See generally* ECF No. 1. United States Magistrate Judge Jeremy D. Peterson signed the complaint and accompanying arrest warrant. ECF No. 1 at 1; Ex. 1 (containing executed arrest warrant). Postal Inspector Bauwens's affidavit in support of the criminal complaint detailed how Saintillus used various internet tools, including dark web vendor accounts, to sell controlled substances such as oxymorphone, heroin, fentanyl, and oxycodone. *See* ECF No. 1 ¶¶ 20–27.

Law enforcement agents arrested Saintillus in the Southern District of Florida, and he made his initial appearance in that district on October 28, 2020. ECF No. 7 at 4. On November 12, 2020, a grand jury sitting in the Eastern District of California returned a five-count indictment charging Saintillus with violating various provisions of Title 21 of the United States Code. ECF No. 5. Eight days later, the United States District Court for the Southern District of Florida ordered Saintillus transferred to the Eastern District of California to face the criminal charges against him. ECF No. 7 at 2.

On February 1, 2021, Saintillus filed a handwritten document captioned, "Motion to Dismiss Criminal Sealed Complaint." ECF No. 8. In this motion, Saintillus asked the Court to dismiss the charges against him: "I have a U.S. constitutional right to confront my accuser and the sealed criminal complaint brought against me does not afford me the constitutional right to know the accusation against me so that I can confront my accuser as such." ECF No. 8 at 1. Saintillus's motion also asserted that the case should be dismissed because his speedy trial rights were violated, in that no lawful indictment had been returned within the required time period. ECF No. 8 at 2.

On January 7, 2022, the Court granted Saintillus's request to proceed *pro se* and gave him until January 28, 2022, to supplement his previously filed motion to dismiss. ECF No. 69. A week later, Saintillus filed a document captioned "Notice of: Age of Majority Status" which did not request any specific relief from the Court. ECF No. 71. The same day, Saintillus filed another document captioned, "Notice of Complaint/Demand of Binding Arbitration." ECF No. 72. In this filing, Saintillus appeared to argue that the magistrate judge who signed the warrant for Saintillus's arrest breached his oath of office because that signature was not "wet ink signed." ECF No. 72 at 2. One week later, Saintillus filed an additional document captioned, "Avernment [sic] of Jurisdiction 'Challenging Jurisdiction and Status,'" in which he referenced this case number, stated, "I require an invoice for the penal sum due for the defendant CHALONER SAINTILLUS," and requested an in-camera meeting with the Court. ECF No. 73. That same day, Saintillus also filed a "Motion for Dismissal" in which he challenged the Court's jurisdiction and posed a number of legal questions to the Court. ECF No. 74.

## II.  LEGAL AND STATUTORY BACKGROUND

The government may initiate criminal charges by filing a complaint, which "is a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. "If the complaint

or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it." Fed. R. Crim. P. 4(a).[1]  A federal arrest warrant must contain four pieces of information:  (i) the defendant's name, (ii) a description of the charged offense, (iii) a "command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer," and (iv) a judge's signature.  Fed. R. Crim. P. 4(b).  Where the government initiates federal criminal charges by filing a complaint, the Speedy Trial Act requires that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested."  18 U.S.C. § 3161(b).

### III.   ARGUMENT

The Court should deny Saintillus's motion to dismiss because the procedure by which he was charged, arrested, and indicted was consistent with the Federal Rules of Criminal Procedure.

#### A.   The Criminal Complaint Was Properly Sealed.

A federal law enforcement agent—Postal Inspector Bauwens—swore out a criminal complaint supported by an affidavit establishing probable cause.  *See generally* ECF No. 1.  When this happened, the government officially and properly charged Saintillus with a violation of federal criminal law.  Fed. R. Crim. P. 3.  There is no authority cited by Saintillus or otherwise that would require the Court to dismiss the charges solely because the complaint was originally filed under seal.  *See* Fed. R. Crim. P. 49.1(d); L.R. 141(a).  Indeed, the rules of criminal procedure expressly contemplate that criminal charging documents may be sealed until defendants are in custody.  *See* Fed. R. Crim. P. 6(e)(4).

Saintillus's argument that the sealed nature of the criminal complaint denied him his "constitutional right to know the accusation against me so that I can confront my accuser as such" is baseless.  ECF No. 8 at 1.  Saintillus was advised of the nature of the charges against him at his initial appearance in the Southern District of Florida.  ECF No. 7 at 4.  Shortly following that hearing, a grand jury returned a public indictment against Saintillus that became the operative charging document in this

---

[1] A criminal complaint may be filed under seal.  *See* Fed. R. Crim. P. 49.1(d); L.R. 141(a); *see also United States v. Nojay*, 224 F. Supp. 3d 208, 212 (W.D.N.Y. 2016) ("There is no rule requiring sealing [of a criminal complaint], but it is often done until the defendant either is brought before the Court on a warrant or appears voluntarily.").

case. ECF No. 5. Saintillus's contention that "I do not know what I am accused of violating" is meritless because the indictment filed against him lays out his alleged conduct clearly and succinctly. ECF No. 8 at 1; *see also* Fed. R. Crim. P. 7 ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . .").

### B.  There Was No Speedy Trial Violation.

Saintillus's assertion that his speedy trial rights were violated because the indictment against him was not returned within the required time period similarly lacks merit. *See* ECF No. 8 at 1 (containing Saintillus's claim that he is "[b]eing denied my liberty and right to a speedy trial"). Saintillus was arrested the day prior to his initial appearance, meaning that the government had until late November to obtain an indictment under the Speedy Trial Act. 18 U.S.C. § 3161(b). The government obtained that indictment on November 12, 2020, well within the Speedy Trial Act's thirty-day window for doing so. ECF No. 5.

### C.  The Grand Jury's Indictment Is Conclusive as to Probable Cause.

Saintillus's argument appears to be that the charges against him should be dismissed for lack of probable cause, because "NO evidence was found at initial arrest." ECF No. 8 at 2. In support, Saintillus cites *United States v. Coiscou*, 793 F. Supp. 2d 680, 684 (S.D.N.Y. 2011), for the proposition that a magistrate judge may dismiss a criminal complaint prior to a preliminary hearing for lack of probable cause. ECF No. 8 at 1–2.

This argument fails because a grand jury found probable cause to return an indictment against Saintillus, and "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974). Since a grand jury sitting in Sacramento found probable cause to charge Saintillus with a federal crime, it does not matter what authority a magistrate judge may have to examine the probable cause underlying the criminal complaint. Nor does it matter whether any evidence was found during Saintillus's arrest (even though a significant amount of evidence of narcotics distribution was, in fact, seized by agents at Saintillus's residence). *See id.* at 344–45 ("The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered."). What matters is that a grand jury found probable cause to believe that Saintillus

violated federal criminal law. *See Gerstein v. Pugh*, 420 U.S. 103, 118 (1975) (holding that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry" (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932))).

*Coiscou* does not help Saintillus's argument because the court in that case held only that a magistrate judge may, after a complaint issues but before the date set for a preliminary hearing, dismiss the complaint for lack of probable cause. *Coiscou*, 793 F. Supp. 2d at 684 ("I find the *Tejada* court's reasoning more persuasive and conclude that a magistrate judge has the authority to dismiss a complaint for lack of probable cause at or after an initial appearance."). *Coiscou* is inapposite to the instant case because a grand jury returned an indictment on the basis of its finding that probable cause existed to believe that Saintillus committed a violation of federal criminal law. *See Calandra*, 414 U.S. at 345.

### D. The Warrant for Saintillus's Arrest Was Properly Issued.

Saintillus asserts that his criminal case should be dismissed because the complaint against him was not signed in wet ink. ECF No. 72 at 2. The Court should reject Saintillus's request.

The arrest warrant issued by Judge Peterson listed Saintillus's name, charged him with violating 21 U.S.C. §§ 846 and 841(a)(1), commanded any authorized law enforcement officer to arrest Saintillus, and contained Judge Peterson's signature. Ex. 1. These are the required constituent parts of a criminal complaint. Fed. R. Crim. P. 4(b). Saintillus's contention that Judge Peterson's electronic signature voids the arrest warrant is without merit because affixing an electronic signature is a valid way to sign legal documents in this district, including criminal complaints. *See* Fed. R. Crim. P. 4(b); L.R. 101 ("'Signature' refers to either a handwritten signature on a paper document or an electronic signature."). Furthermore, even if Judge Peterson's electronic signature on the criminal complaint was somehow deficient—which it was and is not—the grand jury's indictment of Saintillus remedied any such defect. *See United States v. Holiday*, No. 09-CR-3393 BTM, 2010 WL 3733890, at *4 (S.D. Cal. Sept. 17, 2010) (reasoning that dismissal of criminal charges "is not warranted because the grand jury indictment of [the defendant] remedied any defect in the complaint" (citing *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972))), *aff'd*, 501 F. App'x 699 (9th Cir. 2012).

///

### E. The Court Has Jurisdiction to Preside Over This Case.

Saintillus argues that the Court has no jurisdiction over this case. He cites the Fourteenth Amendment as well as the Privileges and Immunities Clause and the Full Faith and Credit Clause of Article IV. ECF No. 73. He also appears to argue that the Court has no jurisdiction over him because he is the "creditor/beneficiary" of the "fictional defendant," and that the Court should dismiss the case because there is no damaged or injured party. ECF No. 74 at 1.

The Court has jurisdiction over this case because Saintillus is charged with a violation of federal law and the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Saintillus's assertions that he is merely a creditor/beneficiary of the defendant are, like many of his other claims, frivolous arguments derived from a so-called Moorish-American belief system that courts across the country uniformly reject. *See, e.g.*, *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal. Oct. 15, 2019) (collecting cases in which courts rejected Moorish-American claims to being outside district court jurisdiction).

## IV. CONCLUSION.

The Court should deny Chaloner Saintillus's motion to dismiss and its various supplements.

Dated: February 11, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney