PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO AFFIDAVIT AND TO REQUEST FOR RETURN OF PROPERTY |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

The United States of America (the "government") opposes the most recent filing from defendant Chaloner Saintillus, which he captioned "Affidavit Reservation of Rights" and "Petition for Return of Property Unlawfully Seized." ECF No. 79. Saintillus's petition requests that the Court order the government to return cryptocurrency seized from him, as well as a Moorish-American national identity card he claims was confiscated from him. ECF No. 79 at 4.

### I.   LEGAL STANDARD

Under the rules of criminal procedure, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, "a Rule 41(g) motion is unavailable when property is retained by the government pursuant to administrative or civil forfeiture." *United States v. Premises of 2nd Amend. Guns, LLC*, 917 F. Supp. 2d 1120, 1122 (D. Or. 2012) (citing *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (per curiam); *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009)). Hence, where

an administrative or civil forfeiture proceeding is in progress, property subject to a Rule 41(g) motion may not be returned to its former owner.  *See id.*

## II.    ARGUMENT

### A.    Saintillus's "Affidavit" Requests No Relief.

The portion of Saintillus's filing captioned "Affidavit Reservation of Rights" does not appear to request any relief from the Court.  To the extent that this filing can be interpreted as yet another assertion by Saintillus of rights he believes belong to him as a purported Moorish-American, the Court should reject those claims as frivolous.  Saintillus's assertions that he is "not a United States citizen or a 14th Amendment 'corporate citizen'" are, like many of his other claims, derived from a so-called Moorish-American belief system that courts across the country uniformly reject.  *See, e.g., Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal. Oct. 15, 2019) (collecting cases in which courts rejected Moorish-American claims to being outside district court jurisdiction).

### B.    Saintillus's Request for Cryptocurrency Is Precluded by Existing Proceedings.

In this case, the government initiated administrative forfeiture proceedings for cryptocurrency seized from Saintillus during investigation of his narcotics distribution on the dark web.  Specifically, Homeland Security Investigations began internal agency forfeiture proceedings for XRP cryptocurrency seized from Saintillus's residence during execution of a search warrant in October 2020.  That administrative forfeiture proceeding is ongoing.  Additionally, the United States Postal Inspection Service seized a small amount of bitcoin cryptocurrency from Saintillus's mobile cellular device and through the account he used to send encrypted messages through the communications platform called Wickr.  This proceeding is also ongoing.

Given the pendency of these two ongoing administrative forfeiture proceedings, the Court should deny Saintillus's request for return of his cryptocurrency.  *See Premises of 2nd Amend. Guns*, 917 F. Supp. 2d at 1122.

### C.    The Government Does Not Have Saintillus's Identity Card.

According to the investigating case agent from the United States Postal Inspection Service, the government neither retained nor seized any identification cards belonging to Saintillus at the time of the search warrant's execution.  Hence, Saintillus's request that the Court order the government to return his

Moorish-American national identification card is moot because the government does not have any such card in its possession.

### III. CONCLUSION

The Court should ignore Saintillus's recently filed "Affidavit Reservation of Rights" and deny his "Petition for Return of Property Unlawfully Seized."

Dated: February 17, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney