*There's No God But The Great God's* (handwritten)

In the Interest of the Public
For the matter of

In re: Chaloner-Saintillus:Bey §
Real Party in Interest *(jus personarum)* §

RE: CHALONER SAINTILLUS §
infant/minor §
PLAINTIFF §
Complainant §
V. §
FEDERAL CIRCUIT COURT OF §
§
and §
UNITED STATES §
and §
ATTORNEY GENERAL OF THE §
United States §
§
DEFENDANTS §
Respondent §

Directly and/or indirectly associated with
the property of a minor/infant

Expressing the Trust



**FILED**

FEB 2 2 REC'D

CLERK, U.S. DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Special Deposit

CHIEF JUDGE: Kimberly MUELLER

Case # 2:20-cr-00213 KJM.

## BILL OF COMPLAINT IN EQUITY
## PRESENTMENT TO VOID PROCEEDINGS AND JURISDICTION

INTRODUCTION AND BACKGROUND with Memorandum of Law (Exhibit A)

COMES NOW Chaloner-Saintillus:, a natural living man being of majority status express further status as The Principal and Beneficial Equitable Title Holder, and not an infant/minor, hereinafter "Complainant". As such I am exercising as well as retaining and reserving all rights, natural, private commercial, incorporeal or otherwise and does tender this claim and makes the claim that the tender was special deposited on the accounts receivables books of the court, via the respondent's commercial filings and/or other deposits into the courts registry, who by their own admission of the complaint showing or causing to show the existence of a qualified endorsement.

The respondent has come into this matter related to a trust in the capacity that is unsustainable, and thus is perceived as standing in its unadulterated non-immune capacity and is liable for damages incurred, assessments as well as penalties.

On its face it appears that the **Respondent's intent and purpose**, was to take up the election to **treat the within reference complaint as a draft, rather than a promise to pay**. A complaint is a promise to pay, and a draft is an order to pay, and the person holding the instrument can treat it as either. **The court converted the compliant to a draft** (a form of currency conversion). There

(vertical text, right margin) ARTICLE 4 §§ 1 Full FAITH AND CREDIT

might be cause for one to raise and/or complain that they lack understanding, that such information is foreign to them; and it is at the time that such an individual documents their lack of knowledge, for overseeing such a matter that specifically deals with an **express trust and the estate of an infant,** which invokes exclusive jurisdiction and not concurrent jurisdiction. This court acts as an administrative venue as a result of the administrative acts and the presidential proclamation 2038, 2039 and 2040 – for which the presidents of the United States have exercised "Emergency Powers Jurisdiction" continuously, from 1933 to the present, according to the Senate report on national emergencies associated with the National Emergencies Act. To insure this information is not ambiguous, nor is it foreign to government, for the Senate of the United States Congress has verified the aforementioned facts.

**Equities Implied Expression of a trust.**

*Minor means an individual under the age of 18 years. The term minor is <u>also used</u> to refer to an individual who <u>has</u> attained the age of 18 years but has <u>not yet</u> taken control of the <u>securities</u> contained in his or her minor account.*

*Minor account means an account that a <u>custodian controls</u> on behalf of a minor, this is referred to as <u>a resulting trust</u> the definition of a resulting trust is:* A resulting trust (from the Latin '*resalire*' meaning 'to jump back') is the creation of an implied trust by operation of law, where property is transferred to someone who pays nothing for it; and then is implied to have held the property for benefit of another person.

## JURISDICTION AND VENUE

Jurisdiction is proper "other jurisdiction" wherein the Constitution, whereby Judicial Power, SECTION authorises such out of necessity. The judicial power shall be vested in one Supreme Court, (who may extend such powers in a Court of Appeals, in District Courts, in Country Court, in Municipal Courts), and in such other courts and may be established by positive law i.e. equity, as equity is the law, as equity is everything and law without equity **must still render equity.** Therefore, this court has the power to decree in equity upon this **Express Trust matter** in-camera/ chambers, and may enforce the Bill of Rights put forth in this bill as expressed in the Constitution.

We must remember as shall be discussed briefly in a moment, that an attorney who represents and individual who has not yet attained the age of majority, is said to represent a ward of the court. An attorney holds an administrative position as an officer of the court and as such, the attorney becomes for the ward an appointed guardian *ad litem*. Now in proof that the trust exists, and is for

all necessities and purposes a "RESULTING TRUST", in that upon attaining majority, the securities, assets, properties of the infant estate becomes the rightful property of the beneficiary who has attained the age of majority. Seeing that this is a "Resulting Trust", by operation of law and as a result of the principles of equity, and that it involves a minor and/or infant the properties of an infant, the proper jurisdiction is that of equity who has and maintains a right to such inherent jurisdiction.

## RULE OF LAW

Whereby this cause, being a complaint in exclusive equity jurisdiction, (as it directly involves the property/estate/securities of an infant/minor), cites the rule of law as follows upon:

### Bill of Rights
### (as appropriate as I am a private citizen of the United States)

No person's (to include infants/minors) property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and, when taken, except for the use of the State, such compensation shall be first made, or secured by deposit of money.

## JURISDICTION OF COURTS OVER THE ESTATES OF INFANTS

Jurisdiction over the estate of an infant is inherent in equity, but it may also be vested by administrative constitutional and administrative statutory provisions in particular courts; the administrative institution of proceedings affecting an infant's property makes the infant a ward of the court (held in trust, for such the seizure of rights and/or property could only be instituted as a result of a prior relationship i.e. a special relationship, whereby the infant/minor is the beneficiary, the state (court) the settlor and its agents and/or officers trustees, constituting a trust relationship, in equity), which has broad powers and the duty to protect his or her interests.

Courts of equity have GENERAL AND INHERENT JURISDICTION over the property of infants. Primary jurisdiction over the estate of infants may, under administrative constitutional or administrative statutory provisions, be vested in the probate, county, district, or other specific court.

The jurisdiction can be exercised only when the court has acquired jurisdiction as to the particular infant/minor or subject matter (jurisdiction over estates/trusts are exclusive in nature over which courts of equity have exclusive jurisdiction, and such matter must be heard at equity).

The commencement of a proceeding affecting the infant's property vest the court with jurisdiction over his or her estate, pursuant to which the court acts in *"loco parentis"* or as a guardian, and the infant becomes its ward. **It is the duty of the court to safeguard the infant's property interest with great care** i.e. **in trust**.

After the jurisdiction of the court has attached, either through an appearance which equates to submitting to the court's jurisdiction, and/or a plea being entered by the infant/minor, the court in its administrative capacity has broad, comprehensive and plenary powers over the estate of the infant/minor, however, courts of equity have exclusive jurisdiction over the property of the infant/minor. This court may adjudicate the rights and equities of the infant and property, yet only in equity, and it may cause to be done whatever may be necessary to preserve and protect the infant's estate which includes the property/assets of said estate. However, the exercising of such powers must be tempered with reasonable limitations, and **one major limitation is that courts of equity have exclusive jurisdiction over the property/assets of an infant**. Therefore, the court cannot act in violation of administrative constitutional or statutory limitations on its powers, or permit the impounding of the infants funds for the creation of a trust, which the court or parties have done by establishing the instant matter, and thus attempt to deprive the infant/minor of the right to the absolute enjoyment of the funds of one who has come forth now, and is **appearing at the age of majority in correction of any presumptions by previous actions or appearances in this matter**.

**An infant is not competent to waive the administrative statutory requirements** enacted for his or her benefit and protection, with respect to the manner in which the jurisdiction of the court may be exercised, unless and **until they attain the age of majority**, then they can either **petition for the removal of minor's disabilities** and/or **express the trust**.

## JURISDICITON OF COURTS OVER ESTATES OF INFANTS/MINORS – JUDICIAL ALLOWANCE FOR SUPPORT, MAINTENANCE AND EDUCATION

Respondent(s) could not have had a valid claim against infant/minor without personal knowledge and a copy of Photo, Fingerprints, A Forced Plea, Coercion, Threats, False imprisonment, a false commercial claim is/are not considered lawful evidence and/or knowledge, because such copies are held as a forgery; evidence of involuntary servitude.

Furthermore, courts in conducting "Commercial" business of the court must give/disclose to or upon a party upon demand the bookkeeping entries (both receivables and payables) with an affidavit, and demand is hereby made for immediate production or all the evidence is hearsay

4

affidavit, and demand is hereby made for immediate production or all the evidence is hearsay evidence into the court. **The infant/minor having attained the age of majority hereby challenges the bookkeeping and demands the full accounting on the accounts receivables and accounts payables and all dividends, profits, rents, escrows, etc. resulting from the deposit of TRUST/ Estate of the ward/Beneficiary onto the courts accounts receivables and other general intangibles.**

## Movement for Relief

Complainant is entitled to the relief of damages in equity, as 'equity must cause equity to be done'; Complainant is entitled to relief in the form of damages for the following reasons:

Respondent(s) has taken the private property of the complainant under extreme duress and threat of violence against Complainant's life, property, liberties without just compensation, without the expressed an/or written consent of Complainant. Respondent had a duty to respond to all complaints and questions because of the legal special relationship of the parties and by not responding, the Respondent is in breach of trust, because the infant estate and duty of care associated therewith/thereto is an express trust:

**"Verified Memorandum of Principles of Law and Points of Authorities on Express Special Relationship Trusts"**

The court and its officers are a legal title holder of not only the express trust, but also the constructive trust.

As now has been placed on the record, I share the same or similar name as the named defendant in the U.S. matter: "IN THE MATTER OF: AN APPLICATION PURSUANT TO THE *EXTRADITION ACT 1988(CTH)* RE: CHALONER SAINTILLUS and in the United States cases #: 2: 20-MJ-0162-JDP; 9:20-MJ-0830A-DLB; 2:20-cr-00213-KJM However, for clarification, <u>I am not acting in the capacity of the defendant; I am a private citizen of the United States, holder of the office of General Executor, holder in due course and equitable title holder</u> of the named trust. None of this information is foreign to the court, these matters must proceed in equity, failure and/or refusal to proceed at equity, under exclusive jurisdiction will constitute contempt of justice.

ELEMENTS OF A TRUST:

1. Settlor/Grantor/Trustor – intended to create a trust, which is perceived by the reasonable observer, as in the case of the New Deal and the several Federal Acts and associated State regulations-

    a. The Emergency Banking Relief Act of March 9th 1933;

    b. The Social Security Act of 1934, the Trust Indenture Act;

    c. The Social Security Trust;

    d. The Treasury Trust Fund;

    e. The Public Trust and the Administration thereof;

    These are each Specific and Special RELATIONSHIP Agreements, as they are specifically designed and voluntarily submitted to as required by the 13th Amendment Authorising such;

2. Rights Must Be Identified

    a. As evidenced by Due Process of Statutory Provisions and the 14th Amendment section 1&4;

3. Identification of Beneficiary – Whom the property is held on behalf of (held in-trust);

4. Shares/Assets/Property must be Identified;

5. The Trust Must Be Workable;

6. Must have an ending, i.e. can't last forever.

All elements of a Trust Are Present – 31 CFR §§ 363.6:

*Minor means an individual under the age of 18 years. The term minor is also used to refer to an individual who has attained the age of 18 years but has not yet taken control of the securities contained in his or her minor account.*

*Minor account means an account that a custodian controls on behalf of a minor, that is linked to the custodian's primary account. (See 31 CFR §§ 363.10 and 363.27 for more information about minor accounts.)*

The **Settlor is Federal Government** directly and through the state and local governments (this indication is specified by the sue of the Lower Cased "state" and "government", and other proper nouns). Through various acts of Congress, and through the Age of Majority Act's.

The identity of the **Equitable Beneficial Title Holder is the Minor** both un-attained and attained, *until they control the Securities/Shares in the trusted account.*

6

The Trust is workable in that the Custodian/Fiduciary/Trustee/Ministerial Clerk must *hold the minor/infant account in trust* on/for the benefit/behalf of a minor/infant, that is linked to the custodian's primary account (in *most instances* the Federal and State Treasuries).

The Trust may not last forever as it and the **duties of all parties end upon the attaining the Age of Majority**, and documenting such in a definitive manner by attaching an affidavit attesting such to his or her BIRTH CERTIFICATE.  NOTE THE PRINCIPLE:

"**the register of titles is authorised to receive for registration of memorials upon any outstanding certificate of <u>an official birth certificate pertaining to a registered owner named and said certificate of title showing the date of birth of said registered owner,</u> providing there is attached to said certificate an affidavit of an affiant who states that he/she is familiar with the facts recited, stating that the party named and said birth certificate is the same party as one of the owners name and said certificate of title, and that thereafter the register of titles shall treat registered owner as having obtained the age of majority as of the date of 18 years after the date of birth shown on said certificate**"...

The aforementioned is a <u>general court rule</u>, meaning that it applies in principle in all birth certificate attaining related matters, and administrative proceedings.  A **Power of Attorney** titled in part –                              power-of-attorney-general IN FACT",
                                                    , A PRIVATE SPECIAL
RELATIONSHIP EXPRESS TRUST, encompassing all related matters and associated properties is at issue invoking EXCLUSIVE JURISDCITION AT/IN EQUITY.

**This matter does not involve a statutory and/or constitutional provision respecting a minor and/or infant, this matter exclusively and specifically involves an estate/trust and the property of an infant/minor under equitable law.**

Generally, an infant may acquire property rights, but he or she is not regarded as capable of managing his or her property.  Hence, the law does not entrust him or her with the custody or control of his or her estate.  The reason, an infant/minor is not capable of managing his or her own property, is because they have not yet attained the age of 18 *and/or* taken control of the securities, assets, properties held in their minor account, a general principle of equitable law.

Generally, as an equitable principal, the *statute of limitations, is suspended as against infants during their disability*, or either do not begin to run against an infant until the obtaining of majority, or where infancy does not toll the statutes, the **infant is allowed a statutory period** after attaining majority to contest any adverse possessions which commence during infancy.

majority, or where infancy does not toll the statutes, the infant is allowed a statutory period after attaining majority to contest any adverse possessions which commence during infancy. Here, the inference is upon the infant attaining the Age of Majority, the same with respects to a minor and/or juvenile, and as noted, such a person/individual shall remain a minor and/or infant until such time as they gain control of the assets held in their minor account through equity.

With this supporting affidavit, the Complainant states that this court in good conscience and good reason shall aid the Complainant in his prayer or **show cause via facts and conclusions of equitable law** why he is not entitled to just compensation and other equitable relief to which he is entitled as equitable beneficial title holder.

Complainant prays to this court for damages in the amount as specified in the contract and the value of the full estate plus interest, for the court is under obligation in the exercise of its inherent equitable powers to do equity.

Complainant additionally prays for **an injunction to issue** against Respondent and the Attorney for an attempted taking of trust property, private information and solicitation against the Complainant where he is not entitled to act against the trust with just or any other cause, for such is construed as intermeddling with the estate of the infant/minor, for which there are strict and severe penalties.

Sources Cited:

§ 336. Damages – The power to award damages in a proper case, as a necessary incident to other purely equitable relief and in the same decree, is fully admitted, and even to award damages alone in very special cases; but the jurisdiction has been exercised with the utmost caution and reserve. See JUDICIAL INTERPRETATION OF JURISDICTION, Pomeroy, Equity Jurisprudence.

A court of equity grants the relief of compensatory damages in connection with some other specific relief, and under very peculiar circumstances it decrees the payment of damages alone. Several kinds of equitable suits are wholly pecuniary in their relief, as those for contribution and exoneration. See JUDICIAL INTERPRETATION OF JURISDICTION, Pomeroy, Equity Jurisprudence:

Maxims of Equity and Adjudication states a court of equity (§ 56) protect and enforce rights to property, the object of suits in chancery. The term "property", as used in this section, **includes the subject of exclusive individual ownership**; or, to be more specifically, includes not only lands, houses, goods and chattels, rights and credits, but, *also, a man's person, and his wife and*

*minor children*, and his right to work, and to sell and acquire property, and engage in any lawful business, and his and their reputation, health and capacity to labour, and his and their right to enjoy the senses of sight, smell, hearing and taste, and his and their right of speech and locomotion, and his and their right to enjoy their sense of moral propriety when normal.  As men live by their labour and property, no man is presumed to part with either without receiving or expecting an equivalent in value.  Hence, whenever one person has obtained either the labour or property of another he should pay or account therefor, unless he can prove it was a gift; and so, whatever injury one person does to another's property or capacity to labour should be made good.

I declare under the laws of the Commonwealth of Australia and the United States of America that foregoing is true and correct.  Executed on this 18ᵗ day of OCTOBER   2021.

Case 2:20-cr-00213 KJM

By: Chaloner-Saintillus Bey1865

As: Complainant and equitable beneficial title holder

with exhibits

*** "The courts have held "Silence can only be equated with Fraud where there is a legal or Moral duty to speak or where a inquiry left unanswered would be Intentionally Misleading" U.S. v. Tweel, 550 F.2d 297, 300 (1977)

## Exhibit A

### Verified Memorandum of Law and Points of Authorities on Trust

#### The Creation of a Trust

##### Cases consistent with sections stated herein:

1. The formation of a Trust is generally accomplished when one party contracts with a second for the benefit of a third party. In so doing the first party is referred to as a Trustor, a Grantor, or a Settlor (hereinafter any of the three synonymous titles may be used interchangeably and the plural means the singular and singular means the plural), the second party is referred to as the Trustee and the third party is referred to as the Beneficiary(ies) (hereinafter the singular refers to the singular and plural). American Jurisprudence (AmJur) Second Edition (2nd) explains this well and is a matter of record in accord with Federal Rules of Evidence Rule 803, "Hearsay Exception".

2. The Trustee retains control of "Legal title" to that property but typically gives up "Equitable title" and use to the Beneficiary.

3. The definition of trust can be found in The Restatement of the Law of Trust, 2nd Ed.,

   > "§2. Definitions of Trust
   >
   > A trust, as the term is used in the restatement of this subject, when not qualified by the word "charitable", "resulting" or "constructive", is a fiduciary relationship with respects to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it."
   >
   > "h. Elements of a trust. As it appears in this Section, a trust involves three elements, namely (1) a trustee, who holds the trust property and is subject to equitable duties to deal with it for the benefit of another; (2) a beneficiary, to whom the trustee owes equitable duties to deal with the trust property for his benefit; (3) trust property, which is held by trustee for the beneficiary."

Cases consistent with this definition are cited at *Christopher v. Davis*, 284 S.W. 253 (Civ. App. 1926, writ of error refused), "If intention appears that property be held and dealt with for the benefit of another, equity affixes to it the character of a trust"; *Guest v. Guest*, 208 S.W. 547 (Civ. App. 1919), "To create an express trust in favour of one not a party the deed, there must be an agreement existing at the time the title is acquired that it shall be held for his benefit"; *Sharon Grain Co. Farmers' Nat. Court of Follett*, 277 S.W. 449 (Civ. App. 1925); "... money or property being

vs.

10

delivered by one person to another for a specific purpose creates a trust, the person accepting the money becoming a trustee"; *Court of Washington v. San Benito & R.G.V. Ry. Co.*, 293 S.W. 599 (Civ. App. 1927).

Comment h. Accord: *City of Austin v. Cahill*, 99 Tex. 17288, S.W. 542 (1905); *Conley v. Daughters of Republic*, 106 Tex. 80, 156 S.W. 197 (1913)

A trust relationship was established upon execution of signature when the Certificate of Live Birth was executed (albeit without full knowledge) by the Trustee (parent) on behalf of the minor. Restatement of the Law on Trust 2nd Ed.:

> **"§3. Settlor, Trust Property, Trustee and Beneficiary**
>
> (1) The person who creates a trust is the settlor
>
> Subsection (1). This is true though no cases have been found expressly laying down this proposition.
>
> (2) The property held in trust is trust property
>
> Subsection (2). This is true and self-evident though no cases have been found expressly laying down this proposition.
>
> (3) The person holding the property in trust is the trustee.
>
> Subsection (3). Again, this is true though no cases laying down this proposition have been found.
>
> (4) The person for whose *benefit* property is held in trust is the beneficiary
>
> Subsection (4). In *accord*. The beneficiary is perhaps more often called the *cestui que trust*.

4. Public Law 111-72, known as the Trust Indenture Act of 1939, sec. 303(7), states:
   "the term "indenture" means any mortgage, deed of trust, trust or other indenture, similar instrument or agreement (including any supplement or amendment to the foregoing), under which securities are outstanding or are to be issued, whether or not a property, real or personal is, or is to be, pledged, mortgaged, assigned, or conveyed thereunder."

This solidifies that a mortgage or an order for custody, each a reflection of a debt, but not the debt themselves, are **not a contract or even an agreement,** but is in fact actually a **trust indenture,** and must be executed and operated within the guidelines established for the execution of trust.

5. Restatement of the Law on Trust, 2nd Ed., states:

> **"§4. Terms of Trust**
>
> The phrase, "terms of the trust" means the manifestation of intention of the settlor with respect to the trust expressed in a manner, which admits of its proof in judicial proceedings."

No case was found expressly laying down this proposition. As to the permissibility of considering extrinsic circumstances to aid in interpreting the terms of the instrument, see under §24(1).

6. The initial method of trust creation was by application through the signing and execution of the mortgage agreement/trust indenture. The Restatement of the Law of Trust, 2nd Ed., states:

> **"§17. Methods of Creating a Trust**
>
> A trust may be created by
>
> (a) A **declaration** by the owner of property that he holds it as trust for another person; or
>
> (b) A **transfer inter vivios** by the owner of property to another person as trustee for the transferor or for a third person; or
>
> (c) A **transfer by will** by the owner of property to another person as trustee for a third person; or
>
> (d) An **appointment** by one person having a power of appointment to another person, as trustee for the donee of the power or for a third person; or
>
> (e) A **promise** by one person to another person whose rights thereunder are to be held in trust for a third person."

*Clause* (a). In *accord.* In *Christopher v. Davis,* 284 S.W. 253, 257 (Civ. App. 1926, writ of error valid whether the creator constitutes himself or another trustee." Other examples are *Wallace v. Pruitt,* 1 Civ. App. 231, 20 S.W. 728 (1892); *Samuel v. Brooks,* 207 S.W. 626, 629 (Civ. App. 1918, writ of error refused), "Trust may be created … by a declaration which fastens a beneficial interest in or upon property and retains the legal title in the donor."

*Clause* (b). Examples of this method are *Monday v. Vance,* 51 S.W. 346 (Civ. App. 1899); *Parrish v Mills,* 101 Tex. 276, 106 S.W. 882 (1908).

*Clause* (c). Examples of this method are *Wiess v Goodhue,* 98 Tex. 274, 276, 83 S.W. 178; *Munger v. Munger,* 298 S.W. 470 (Civ. App.).

*Clause* (d). No case is found.

*Clause* (e). Examples of this method are *Jones v. Day,* 40 Civ. App. 158, 88 S.W. 424 (1905); *Warren v. Parlin – Orendorff Implement Co.,* 207 S.W. 586 (Civ. App. 1919, writ of error refused); *Costly v. Gracy,* 52 S.W. 2d 920 (Civ. App. 1932).

7. The Restatement of the Law on Trust, 2nd Ed., concerning capacity for creating a trust states:

> **Capacity of Settlor, Transfer Inter Vivos in Trust.**
> A person has capacity to create a trust by transferring property inter vivos in trust to the extent that he has capacity to transfer the property inter vivos free of trust."

Case consistent with this section are cited in *Uhlmann Grain Co. v. Wilson,* 68 S.W. 2d 281 (Civ. App. 933, writ of error dismissed), **a minor was allowed to disaffirm upon reaching majority and to recover the property**. (emphasis added)

8. In order to transfer property in trust the settlor must have demonstrated a proper manifestation to make such property transfer. The Restatement of the Law on Trust, 2nd Ed., states:

> **Requirement of Manifestation of Intent.**
> "A trust is created only if the settlor properly manifests an intention to create a trust."
> "It is **immaterial** whether or not the settlor knows that the intended relationship is called a trust, and whether or not be knows the precise characteristics of the relationship which is called a trust."
> "By manifestation of intention is meant the external expression of intention as distinguished from undisclosed intentions. Except as otherwise provided by statute, such as the Statute of Frauds (made a part hereof by reference as if fully set forth herein) or the Statue of Wills (see made a part hereof by reference as if fully set forth herein), the manifestation of intention to create a trust may be by spoken words as well as written words or by conduct;" (emphasis added)

In *accord.* The mere unexpressed intention to take, hold, or convey in trust will not be sufficient. *Johnson v. First National Court of Sulphur Springs,* 40 S.W. 334 (Civ. App. 1903). In the following cases there was no trust because there was no sufficient showing of an intention to create one: *Gaber v. Oleott,* 86 Tex. 121, 23 S.W. 985 (1893); *Batement v. Ward,* 93 S.W. 508 (Civ. App. 1906); *Hambleton v. Southwest Texas Baptist Hospital,* 172 S.W. 574 (Civ. App. 1914); *Henry v.*

13

*Henry,* 12 F. 2d 12 (5 Cir., 1926), cert. denied 273 U.S. 698, 47 S. Ct. 94, 71 L. Ed. 846.  For cases in which it was held there was an intention to create a trust, see §24.

### Mode of Manifestation of Intention.

(1) Except as otherwise provided by statute, the manifestation of intention to create a trust may be made by written or spoken words or by conduct.

In *accord.*  Subsection (1) In order to ascertain whether there was an intention to create a trust, it is permissible to look to the surrounding circumstances, former conduct, feeling between the parties etc. *Hambelton,* supra.; *Chambers v. Brown,* 2 S.W. 518 (Tex. Sup. 1886); *McCreary v. Robinson,* 94 Tex. 221, 59 S.W. 536 (1900); *Hambelton v. Dignowity,* 196 S.W. 864 (Civ. App. 1917), wirt of error refused; *Keiser v. Moss,* 296 S.W. 963 (Civ. App. 1927); *Latham v. Jordan,* 3 S.W. 2d 555 (Civ. App. 1928), rev'd on other grounds, 17 S.W. 2d 805 (Com. App. 1929), in this case letters, account books, and court books were admitted to show the intention of the alleged settlor; *Graves v. Graves,* 232 S.W. 543 (Civ. App. 1921), writ of error refused), conduct of the parties after the alleged creation of the trust held to be relevant.  But declarations of the grantor made after the conveyance upon which it is sought to engraft a trust are inadmissible, on the grounds that such statements would be in disparagement of the grantee's title, *Hambelton,* supra.

As to the **admissibility of parol evidence;**

(2) No particular form of words or conduct is necessary for the manifestation of intention to create a trust.

"No particular form of words is required to create a trust." *Christopher v. Davis,* 284 S.W. 253 (Civ. App. 1926, writ of error refused).  See Vernon's ann. Civ. St. arts. 261-274, for requirement of beneficiaries' consent in assignments of the benefit of creditors.

As accommodation rights bonds were executed by the Court (via presumption of accommodation party existence), and as the Court failed, or caused to fail, in disclosure to the General Executor (Trustor/Grantor), the terms of the trust, a duplicitous scheme emerged as the manifestations of intent by the General Executor was nothing but an illusionary artifice established through a façade the Courts portrayed as a Complaint.  As the smoke screen masquerading as a cause (presumed debt) had cleared, this illusionary manifestation of intent became apparent to General Executor that it was not/is not the General Executor's intent to grant, convey or give away through servitude (trust indenture) General Executor's property (bonds issued) without just consideration and compensation. For equity delights in equality.

The correlation between bank/customer during a mortgage transaction and the court/General Executor during a complaint are eerily similar. Such is the issue upon the court in this matter: presuming acquiescence of an accommodation party, using accommodation signatures to issue *cestui que* trust bonds to gain access to the General Executors *Foreign Situs* Trust for the courts personal gain without "notice to or acceptance by" or consideration for the General Executor and its beneficiaries.

Failure of the court to disclose the nature of the charges, constructive and implied contracts, each based upon court appearance (whether voluntary or forced) is sufficient evidence of barratry, fraudulent conversion, conspiracy to defraud, deception, peonage and use of (potential) labour without consideration (slavery). To inform the General Executor as to the nefarious nature of the actions of the court into the conduct of its illicit transactions is simply inconvenient and thus ignored... complicit in a similar endeavour as the banks and their illicit mortgage scheme.

9.  It is the Position of Grantor/Settlor that a trust was formed and that requisite duty applies. The Restatement of the Law of Trust 2nd Ed., states:

> "Precatory Words.
>
> No trust is created unless the settlor manifests an intention to impose enforceable duties."

10. The Restatement of the Law of Trust 2nd Ed., concerning Effective Conveyances of Property states:

> "Conveyance Inter Vivos to Person for His Own Benefit.
>
> If the owner of property makes a conveyance *inter vivos* of the property to another to be held by him for his own benefit and the conveyance is not effective to transfer the property, no trust is created."

*Comment (b).* Vernon's Ann. Civ. St. art. 3998 provides: "No gift of any goods or chattel shall be valid unless by deed or by will, duly acknowledged or proven up and recorded, or unless actual possession shall have come to, and remained with the donee or someone claiming under him."

"does not apply to choses in action and an informal written assignment will constitute a valid gift, *Cowen v. First Nat. Court of Brownsville,* 94 Tex. 547, 63 S.W. 532, 64 S.W. 778 (1901). If the gift is ineffective or incomplete, it may be revoked by the donor. *McFerrin v. Templeman,* 102 Tex. 530, 120 S.W., 167 (1909).

The transfer of property was not effective as the Court coerced the General Executor into providing, by appearance, accommodation rights through fraudulent inception and deceit. The

perceived General Executor's manifestation of intent was not accurate, as the General Executor was PURPOSEFULLY MISLED AWAY FROM the knowledge that a trust was even being created and the General Executor's property was being CONVEYED for the benefit of another, WITH NO CONSIDERATION. Therefore, the creation of the trust was a NULLITY and a SHAM from the inception.

11. Since the trust is not irrevocable and therefore is revocable, §32 of the same Restatement of Law on Trust 2nd Ed., now made a part hereof by reference as if fully set forth herein, states:

"e. Reservation of power to revoke and modify.

Where the owner of property transfers it to another to be held in trust, a trust may arise at that time although by the terms of the trust the settlor reserves power to revoke the trust in whole or in part, and a power to modify the trust."

"For an effective delivery there must be an intention to deliver, and there must be acts showing an execution of that intention," *Hubbard v. Cox,* 76 Tex. 239, 13 S.W. 170 (1890), not a trust case, however, see also *Koppelmann* 94 Tex. 40, 57 S.W. 570 (1900)

This power to revoke and modify the trust indenture enables the Grantor/Settlor/Trustor (General Executor is the Grantor/Settlor/Trustor) to fully revoke or make modifications as deemed necessary.

12. A trust can be created and trustee can accept office without notice. The Restatement of the Law of Trust, states:

"Notice to and Acceptance by Trustee.

A trust can be created without notice to or acceptance by trustee."

"Delivery of the deed to a third person is sufficient to pass title to the trustee, and no acceptance by the trustee is necessary for the creation of the trust, *Texas Rice Land Co. v. Langham,* 193 S.W. 473 (Civ. App. 1917, writ of error refused).

Upon the execution of the trust indenture, the General Executor was unknowingly appointed as Trustee, for the purposes of being forced into peonage and bondage to labour to fulfil the fiduciary role and pay the debt incurred by the Court through the depositing of the bonds created upon the complaint. This is substantiated by the General Executor retaining legal title to the property, which is standard of a trustee.

13. A trust can be created and beneficiary can accept beneficial position without notice. The Restatement of the Law of Trust 2nd Ed., states:

"Notice to and Acceptance by Beneficiary.

A trust can be created without notice to or acceptance by a beneficiary."

In *accord. Wallis v. Satterfield,* 85 Tex. 301, 20 S.W. 155 (1892), the court held that a trust was valid, at least as to accepting beneficiaries even though one of the beneficiaries had no knowledge of the trust.

Upon the execution of the trust indenture, the alleged beneficiary, through the use of a power of attorney unknowingly given by General Executor, by and through forced appearance, appointed themselves the Beneficiary of the complaint, thereby seizing the General Executor of their property, without any full disclosure, compensation or consideration.

Such is the issue upon the court presuming acquiescence of an accommodation party, using accommodation signatures to issue *Cestui que* trust bonds to gain access to the General Executor s *Foreign Situs* trust for the courts personal gain without "notice to or acceptance by" or consideration for the General Executor and its beneficiaries.

14. The trust created by and through the presumption of an accommodation signature to the detriment of the General Executor, have created with the help and assistance of various other financial means and methods, an atmosphere wherein the nature of the general welfare provisions have been damaged and destroyed (by way of detainment and prison as presumed surety) and many mental, psychological and divorce issues have occurred notwithstanding other hardships not herein listed are made a part hereof by reference as if fully set forth herein. When a trust established to assist and maintain rights to "life", "liberty" and the "pursuit of happiness", becomes the instrument to their destruction it operates in the nature of a breach of trust.

Restatement of the Law of Trust 2nd Ed., states:

"Enforcement of Public Policy.

A trust or provision in the terms of a trust is invalid if the enforcement of the trust or provision would be against public policy, even though its performance does not involve the commission of a criminal or tortious by the trustee."

"Encouraging divorce or separation.

A trust or provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to disruption of the family, by creating an improper motive for terminating the family relation."

General Executor has firsthand knowledge of the internal acts, intentional lack of disclosure and the misfeasance regarding agents of the ORIGINATING COURT, and any and all assigns and agents

thereof and thereafter regarding the promotion of divorce and separation. General Executor has been irreparably destroyed and damaged therein for life and lives in a perpetual state of sorrow because of those actions and inaction but to the full faith and credit of the Commonwealth of Australia and the United States of America for the lack of protection from a government we The People established for us and our posterity.

> **"Encouraging neglect or parental duties.**
>
> A provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to encourage parents not to perform their duties toward their children."
>
> **"Disrupting other family relations.**
>
> A provision in the terms of the trust may be held on the ground that its enforcement would tend to disrupt family relations other than the relation between husband and wife and the relation between parent and child."
>
> **"Restraining marriage.**
>
> A provision in the terms of the trust may be held invalid on the ground that its enforcement would tend to restrain the marriage of the beneficiary."

General Executor has discovered the labour that has been performed, while under duress to combat meritless charges duplicity filed by financial institutions engaging in the trust fraud acts presented herein, and subsequent action by the United States in Australia, for the purposes of the creation and enforcement of a trust indenture, both in the United States and Australia, has caused irreparable harm and destruction to General Executor 's marriage and parenting abilities. This causing General Executor damage and failing to disclose material facts relating to the irreparable harm, add another stipulation for the General Executor to utilise their innate powers to modify and/or revoke as already covered in Restatement of Law on Trust, 2nd. Ed., now made a part hereof by reference as if fully set forth herein.

15. There was trust property transferred from Grantor to a Trustee. Said property was personal property of Grantor, taken by undisclosed accommodation without signature, but merely by appearance in court, for a promise of benefit to the Beneficiary that was never fulfilled. The Restatement of the Law of Trust 2nd Ed., states:

> **"The Necessity of Trust Property.**
>
> A trust cannot be created unless there is trust property."

No case found holding a trust was not created because there was no trust property however, *City of Austin v Cahill*, 99 Tex. 172, 88 S.W. 542, 89 S.W. 552 (1905); and *Conley v. Daughters of the Republic of Texas*, 106 Tex. 156 S.W. 197 (1913) states "... there must be a conveyance or transfer to a person capable of holding it, an *object or fund* [italics theirs] transferred, and a cestui que trust or purpose to which it is to be applied. See language to the same effect in *Christopher*, supra; *Pottorff v. Stafford*, 81 S.W. 2d 539 (Civ. App. 1935); see (1936) 14 Tex. L. Rev. 280.

Contrary to popular public opinion, the *res* for the trust does not include the subject property at all. Instead the trust is constructed for the Court to steal the General Executor's assets within the *cestui que trust* for the purposes of stripping the Grantor of their property, money, equity and labour. The Complaint/Claim is the real instrument of value that belongs to the General Executor, converted into a security, and is then sold into private debt and equity mutual funds, as an unregistered security, creating wealth in interest and derivatives in unprecedented amounts, all for corporate greed. This entire façade was portrayed to disguise the true and undisputable facts the General Executor (having attained and Noticed age of majority) is the holder of the Claim. Additionally, in accordance with GAAP (Generally Accepted Accounting Procedures) whose sole purpose is to ensure that financial reporting is transparent and consistent from one organisation to another which is stipulated by FASB (Financial Accounting Standards Board), when the Court deposited the instruments created (bonds) upon the Claim, it presumed ownership and thus control over these assets. Without consideration to the Grantor of the asset, no such claim is legally viable. Without the establishment of this trust *ex-maleficio* to hide behind a veil or smoke screen, the Court would be forced to provide the General Executor benefit to the funds for settlement of the Claim. Payment in full, thus recognising the intent of the General Executor to remain in commercial honour.

16. Furthermore, in "The Necessity of Trust Property.", subsection a. it states;

> "It is important also to distinguish a trust from a contract creating a mere personal obligation, because of the difference in the extent of the protection which the courts afford to the interest of the beneficiary of the trust. The beneficiary of a trust has an equitable interest in the subject matter of the trust, and its proceeds if it is disposed of, which gives him priority over the claims of the general creditors of the trustee and over transferees who are not bona fide purchasers."

The Court, has created constructive and implied trusts and presumed accommodation rights to the General Executor *cestui que trust*, which were, at the time, unknown to the General Executor. However, General Executor has exercised his power to modify and revoke and thus the Court as Beneficiary due to the fact that the Court had no status to assume the position of caretaker over the

General Executor, presumed him to be a minor, thus ward of the state, when in fact Notice to the court had been provided of his age of majority and General Executor status over the trust/estate of the General Executor.

17. The total trust *res* accounting, for which the Court is responsible for, is currently unknown to General Executor. General Executor has not been made privy to the face value, interest, credit swaps, derivatives and other funds to which the complaint is connected. This lack of disclosure on the Courts behalf does not negate the future interest of which General Executor owns. The Restatement of the Law of Trust 2nd Ed., states:

> "§76. Indefinite Subject Matter.
>
> A trust cannot be created unless the subject matter is definite or definitely ascertainable."

*Comment (b).* If the subject matter of the trust is indefinite, no trust exists. *Roth v. Schroeter,* 129 S.W. 203 (Civ. App. 1910 writ of error refused). See *Sale v. World Oil Co.,* 6 F. Supp. 321 (D.C. N.D. Tex. 1933), aff'd *Humble Oil Refining Co. v. Campbell,* 69 F. 2d 667 (5Cir., 1934); and *Stith v. Moore,* 42 Civ. App. 528, 95 S.W. 587 (1906), writ of error refused).

*Comment (c).* The Texas cases seem contra to this proposition. Thus, in *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412 (1887), trust property described as follows was held sufficiently definite: "… at his death (devisee) should he have any property still remaining in his possession and not disposed of or used by, the same shall be given by him to my nieces."

*Accord: Haldeman v. Openheimer,* 119 S.W. 1158 (Civ. App. 1909), modified, 103 Tex. 275, 126 S.W. 506 (1910); *Norton v. Smith,* 227 S.W. 542 (Civ. App. 1921), writ of error dismissed); *Arrington v. McDaniel,* 14 S.W. 2d 1009 (Com. App. 1929).

18. Both tangible and intangible Things can be held in trust. The Restatement of the Law of Trust 2nd Ed., states:

> "§82. Intangible Things.
>
> Interest in intangible things, if transferable, can be held in trust."

In *accord. Thompson v. Caruthers,* 92 Tex. 530, 50 S.W. 331 (1899) (promissory complaint); *Jones v. Day,* 40 Civ. App. 158, 88 S.W. 424 (1905) (promissory complaint); *Jackson v. Hughes,* 52 S.W. 2d 687 (Civ. App. 1932), judgement modified, 125 Tex. 130, 81 S.W. 2d 656 (1935) (life insurance policy), *rape v. Gardner,* 54S.W. 2d 594 (Civ. App. 1932) (life insurance policy); *Pottorff v. Stafford,* 81S.W. 2d 539 (Civ. App. 1935) (court stock).

19. The newly appointed Successor Trustee does not have to reside in the State in which the
    Trust is located and therefore, may be a non-resident status.  The Restatement of the Law of
    Trust 2nd Ed., states:

> "§94. Non-resident as Trustees.
>
> A natural person who does not reside in the State in which a trust is created and is to
> be administered and in which the trust property is situated can be a trustee."

In *accord. Smith v. Allbright,* 261 S.W. 461 (Civ. App. 1924); also see *Paschal v Acklin,* 27 Tex. 173
(1863); and *Lane v. Miller &Vidor Lumber Co.,*  176 S.W. 100 (Civ. App. 1915, writ of error
refused); *Fort v. First Baptist Church of Paris,* 55 S.W. 402 (Civ. App. 1899)

> "§95. United States or State as Trustees.
>
> The United States or a State has the capacity to take and hold property in trust, but in
> the absence of a statute otherwise providing the trust is unenforceable against the
> United States or a State."

In *Federal Trust Co. v. Brand,* 76 S.W. 2d 142 (Civ. App. 1934, writ of error refused), the State,
through it Courting Commissioner, was held to be a trustee.

There is no evidence to the contrary, nor does the General Executor believe any exists to alter, negate
or disavow this stipulation as applicable in the Commonwealth of Australia.

20. The Trustee can be replaced.  Both proper court and the General Executor (Grantor) have the
    contractual right to replace the Trustee or terminate this trust.  The Restatement of the Law of
    Trust 2nd Ed., states:

> §103. Appointment of New Trustee.
>
> If a trust is created and there is no trustee or if the trustee, or one of several trustees
> failed or cause to fail in their duties to record the "Order of Settlement" and "Order of
> Dismissal" and "Order of Release" with full satisfaction upon the receipt of the
> Claim.  Thus, the Trustor (General Executor) has appointed a new successor Trustee.
> This entire process is being conducted to ensure not only validation but enforcement
> too.

*Haldeman,* supra, "surviving trustee had the power to appoint." *Weiner v. Weiner,* 245 S.W. 474
(Civ. App. 1922), writ of error dismissed), "Executor could appoint – but only under certain
circumstances"; *Johnson v Snaman,* 76 S.W. 2d 824 (Civ. App. 1934, writ of error refused),
"beneficiary could appoint."

21. Upon creation of the trust, the Trustor/Grantor/Settlor (General Executor), did unknowingly grant accommodation and POA rights to the Court, unaware of what these rights would be used for. These rights were used to appoint the Court as the Beneficiary of the trust establishment, without knowledge or consent of the General Executor. The Restatement of the Law of Trust 2nd Ed., states:

> "§112. Definite Beneficiary Necessary.
>
> A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities."

See *Kramer v. Sommers*, 93 S.W. 2d 460 (Civ. App. 1936, writ of error dismissed), "where a trust was held void because of among other reasons assigned, there was no definite designation of the beneficiaries. The trustee was given the power to "designate and appoint at any time, either before or after the death of any beneficiary hereunder as such trustee shall desire and select to take and hold all or any of such trust estate", and the power also "to expend all or any part of the trust property for the use and benefit of any beneficiary herein." See *infra* under §28.

*Comment (b)*. See *Crosson v. Dwyer*, 9 Civ. App. 482, 30 S.W. 929 (1985, writ of error refused), "beneficiaries were described as "our children.""

Since that time, through diligent, painstaking research and man hours and from the efforts of those who have assisted, the General Executor has discovered the true nature of the Court bond transaction and the creation of this constructive trust *ex-maleficio*. General Executor, using Grantor's power to revoke and/or modify as outline in The Restatement of Law of Trust 2nd Ed., §32e. now made a part hereof as stated prior. General Executor is terminating the presumed accommodation and POA rights by the Court and any and all assigns and agents, and terminating all beneficiaries. Such modifications are/shall be available in the Public Record for viewing.

22. The Settlor can also be the Beneficiary. The Restatement of the Law of Trust 2nd Ed., states:

> "§114. The Settlor as Beneficiary.
>
> The Settlor of a trust may be one of the beneficiaries or the sole beneficiary of the trust."

In *accord. Monday v. Vance*, 92 Tex. 428, 49 S.W. 516 (1889), "one of several beneficiaries"; *Murphy – Bolanz Land & Loan co. v. McKibben*, 236 S.W. 78 (Comm. App. 1922), sole beneficiary; *Johnson*, supra, "sole beneficiary."

During the utilisation of the power to revoke and/or modify by the General Executor, Trustor/ Grantor/Settlor, has, after termination of previous beneficiary, filed the void appointment with the Trustor as the new Beneficiary of the Court bonds. This new appointment is/shall be registered in the public records and coincides with the General Executor 's true manifestation of intent.

23. General Executor, Trustor/Grantor/Settlor, having Noticed his majority, nullifying Court presumption of being a minor, has capacity to hold legal title to property and therefore has the capacity to be beneficiary upon property of which the Court holds. The Restatement of the Law of Trust 2nd Ed., states:

> "§116. Capacity to be Beneficiary.
>
> A person who has capacity to take and hold legal title to property has capacity to be the Beneficiary of a trust of such a property."

No case found in which this proposition was expressly stated, but it is undoubtedly the rule in the United States et. al. See §§117-119

24. General Executor perceived manifestation of intent to make the Court the beneficiary. This action was done through calculated deceit by and through the Court for the purpose of stealing the General Executor's property, equity, money, freedom and labour. Now that the General Executor has, through diligence, discovered this deception, General Executor, in their true and expressed manifestation of intent, terminated the Court as the previous Beneficiary and appointed themselves as Beneficiary in conjunction with The Restatement of the Law of Trust 2nd Ed., §114, now made a part hereof by reference as if fully set forth herein. The Restatement of the Law of Trust 2nd Ed., states:

> "§127. Who are Beneficiaries.
>
> A person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest, except so far as this principle is limited by the rule in Shelley's Case."

COMPLAINT: The Rule in Shelley's Case is a rule of law that may apply to certain future interests in real property and trusts created in common law jurisdictions – Moynihan, Cornelius, Introduction to the Law of Real Property, 3d Edition, West Group (St. Paul: 2002).

No known restrictions or impediments to heirs or estate passage exist; therefore, the aforesaid Rule is inapplicable to these proceedings.

25. The Restatement of the Law of Trust 2nd Ed., states:

> "§169. Duty to Administer Trust.

23

Upon acceptance of the trust by the Trustee, he is under a duty to the beneficiary to administer the trust.

In *accord. Murchison v. Payne,* 37 Tex. 305 (1872). Also see *Bruce v. Republic Nat. Court & Trust Co.,* 74 S.W. 2d 461 (Civ. App. 1934, writ of error granted), "… it is incumbent on him (trustee) to preserve and protect the trust property for *all* beneficiaries, and to *administer* it strictly in compliance with the terms of the trust."; *McMullin v. Sims,* 37 S.W. 2d 141 (Com. App. 1931); *Bruce,* supra.

"**§170. Duty of Loyalty.**

(1) The trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary."

Subsection (1). In *accord. Murphy – Bolanz Land,* supra; *comment (a)-(b), (e)-(f), (k)-(n) and (p)*

(2) The trustee is dealing with the beneficiary on the trustees own account is under a duty to the beneficiary to deal fairly with him and to communicate to him all material facts in connection with the transaction which the trustee knows or should know.

Subsection (2). In *accord. Johnson v. Andrade,* 54 S.W. 2d 1029 (Civ. App. 1932, writ of error refused). Also see language in *Atlas Brick Co. v. North,* 2 S.W. 2d 980, rev'd, 13 S.W. 2d 59 (com. App. 1929); *Pershing v. Henry,* 236 S.W. 213 (1922), aff'd, 255 S.W. 382 (Com. App. 1923)

"**§172. Duty to Keep and Render Accounts.**

The Trustee is under a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust."

In *accord. White v. White,* 25 S.W. 2d 826 (Com. App. 1930), rev'd, 15 S.W. 2d 1090 (Civ. App. 1929). Also see *Alexander v. Solman,* 15 S.W. 906 (Tex. Sup. 1891); *Dodson v. Watson,* 110 Tex. 355, 220 S.W. 771, 11 *A.L.R.* 583 (Tex. Sup. 1920)

"**§173. Duty to Furnish Information.**

The trustee is under a duty to the beneficiary to give him upon his request at reasonable times complete and accurate information as to the nature and amount of the trust property, and to permit him or a person duly authorised by him to inspect the subject matter of the trust and the accounts and vouchers and other documents relating to the trust."

In *accord. Temple State court v. Mansfield,* 215 S.W. 154 (Civ. App. 1919, writ of error dismissed), "court held special deposit as trustee, and the court appointed a receiver because that court refused to give the beneficiary information concerning the fund."

> **"§176. Duty to Preserve Trust Property.**
>
> . The trustee is under a duty to the beneficiary to use reasonable care and skill to preserve the trust property."

In *accord. Seawell v. Greenway Bro. & Co.,* 22 Tex. 691, 75 Am. Dec. 794 (1859), "trustee held responsible for loss of party of the trust property." Also see *Bruce,* supra, "... it is incumbent on him (trustee) to preserve and protect the trust property..."

*Comment a.* see §174 (comment (a) – *"Duty To Exercise Reasonable Care And Skill"*

It is the duty of the Trustee to pay the taxes on the property. *Cotton v. Rand,* 92 S.W. 266 (Civ. App. 1906, writ of error dismissed). It is the duty of the trustee to sue to recover the property, and to remove clouds on title. *Kirtey v. Spencer,* 222 S.W. 328 (Civ. App. 1920, writ of error refused). Also see, *Mathews v. Darnell,* 27 Civ. App. 181, 65, S.W. 890 (1901, writ of error denied); *Wichita Royalty Co. v. City Nat. Court of Wichita Falls,* 127 Tex. 158, 89 S.W. 394 (1935).

The newly appointed successor Trustee has a duty and obligation to faithfully administer the trust and conduct all actions accordingly to the terms and conditions of the trust and with the best intentions of the General Executor as Beneficiary.

26. The beneficiary of a trust has remedy both in equity and at law. The Restatement of the Law of Trust 2nd Ed., states:

> **"§197. Nature of Remedies of Beneficiary.**
>
> Except as stated in §198, the remedies of the beneficiary against the trustee are exclusively equitable."

Although the cases recognise that matters pertaining to the execution of trust are within the equitable jurisdiction, *Powell v. Parks,* 86 S.W. 2d 725 (Com. App. 1935); *Kaufman v. Parker* 99 S.W. 2d 1074 (Civ. App. 1936); *Gamel v. Smith,* 3 Civ. App. 22, 21 S.W. 628 (1893), "the problem of this section and §198 is not important in this procedure, due to the blended system of law and equity and the availability of a jury in either.

> *Comment c.* Since an action of trespass to try title may be based on an equitable title, as well as a legal one, *Blythe v. Easterling,* 20 Tex. 565 (1851); *Lester v. Hutson,* 167 S.W. 321

(Civ.App. 1913, writ of error dismissed), there would seem to be no objection in this procedure to the beneficiary's suing the trustee in this form of action, providing the requirements of Vernon's Ann. Civ. St. Title 124 were otherwise met. See *Montgomery v. Truehart,* 146 S.W. 284 (Civ. App. 1912, writ of error refused).

> "§198. Legal Remedies of Beneficiary.
>
> (1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee at law to enforce payment.
>
> (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him."

No case law found. See §197

> §199. Equitable Remedies of Beneficiary.
>
> The beneficiary of a trust can maintain a suit;
>
> (a) To compel the trustee to perform his duties as trustee;
>
> (b) To enjoin the trustee from committing a breach of trust;
>
> (c) To compel the trustee to redress a breach of trust;
>
> (d) To appoint a receiver to take possession of the trust property and administer the trust;
>
> (e) To remove the trustee."

*Clause (a).* In *accord* with this proposition. *Nagle v. Von Rosenberg,* 55 Civ. App. 354, 119 S.W. 706 (1909); *Warren v. Parlin – Orendorff Implement Co.,* 207 S.W. 586 (Civ. App. 1918, writ of error refused); *Lipsitz v. First Nat. Corut of Gordon,* 293 S.W. 563, modified, 296 S.W. 490 (Com. App., "held in this case that if the trustee's duty were to pay over money, the beneficiaries could enforce payment"; *Midland Shoe Co. v. A.L. & K. Dry Goods Co.,* 3 S.W. 2d 475 (Civ. App. 192, writ of error refused); *Brookshire v. Wambaugh,* 9 S.W. 2d 269 (Civ. App. 1928), "in this case the trustee was compelled to pay over income". Also see *Hidalgo County Road District No. 1 v. Morey,* 74 F. 2d 101 (5 Cir., 1935); *Redding v. Redding's Executors,* 15 Tex. 249 (1855), "in this case the court compelled a partition."

*Clause (b).* In *accord. Weeks v. Sibley,* 269 F. 155 (D.C.N.C. Tex. 1920); *Driskill v. Boyd,* 181 S.W. 715 (Civ. App. 1915, writ of error refused). Also see, *Weiner v. Weiner,* 245 S.W. 474 (Civ. App.

1922, writ of error dismissed), "remainderman under the trust – not the beneficiary – obtained an injunction against the trustee to protect his residuary interest."; *Preston v. Walsh,* 10 F. 315 (C.C.W.D. Tex. 1882), rev'd, 109 U.S. 247, 3 S. Ct. 169, 245, 27 L. Ed. 940.

*Clause (c).* See §§205, 206.

*Clause (d).* In *accord. Temple State Court v. Mansfield,* 215 S.W. 154 (Civ. App. 1919, writ of error dismissed); *Cotton v. Rand,* 92 S.W. 266 (Civ. App. 1906, writ of error dismissed), *Driskill v. Boyd,* 181 S.W. 715 (Civ. App. 1915, writ of error refused); *Bingham v. Graham,* 220 S.W. 105 (Civ. App. 1920); *First State Court of Bellevue v. Gaines,* 121 Tex. 559, 50 S.W. 2d 774 (1932).

For cases in which a receiver was denied, see *Harris v. Hicks,* 13 Civ. App. 134. 34 S.W. 983 (1896); *Stroud Motor Mfg. Co. v. Gunzer,* 240 S.W. 644 (Civ.App. 1922).

*Clause (e).* See §107

The Court has been terminated by the General Executor for reasons not limited to false presumption, fraudulent misrepresentation, fraudulent inducement and deception to misconstrue Grantor's manifestation of intent. The Court has now been completely removed as Beneficiary and is required as one of its final acts as trustee of the trust to Order the unconditional release of the General Executor; and pay to the General Executor the full values of all bonds associated with this matter including, but not limited to all interest, income, derivatives and holdings purchased with trust funds. Upon completion of these duties, the Court holds no further appointment with the trust. Therefore, any action commenced by the Court against the General Executor /Grantor/Holder in Due Course:

    1) presuming Defendant as a minor, a ward of the court; and

    2) presuming Defendant not having Noticed said Court age of majority and ability to handle commercial affairs and remain in honour in all respects;

is void, frivolous and has no merit whether it be past, present or in the future.

27. General Executor has requested that the Court produce documentation to properly demonstrate the trust's accounts and tax filings so that settlement of these accounts and any outstanding liens can be properly closed. The Restatement of the Law of Trust 2nd Ed., states:

> "§260. Settlement of Accounts.
> The trustee is entitled to have the accounts of his administration of the trust examined and settled by the court."

27

See *Watson v. Dodson,* 143 S.W. 329 (Cv. App. 1912, writ of error dismissed); *Seawell v. Greenway Bro. & Co.,* 22 Tex. 691, 75 Am Dec. 794 (1859).

As this matter concerns the actions of a Court, and that very Court will be required to compile and provide the accounts, it is with prejudice that the accounting provided by the court will be accepted. General Executor, may, at his discretion, initiate a regulatory investigation as to the propriety of the Court in its administration of the trust with regard to the breadth, scope and tax responsibilities to which they were beholden.

28. The Restatement of the Law of Trust 2nd Ed., states:

> **"§281. Action at Law by Beneficiary.**
>
> (1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the trust property free of trust, the beneficiary cannot maintain an action at law against the third person, except as stated in subsection (2).
>
> (2) If the beneficiary is in possession of the subject matter of the trust, he can maintain such action against the third person as a person in possession is entitled to maintain."

In *Bartley v. Rhodes,* 33 S.W. 604 (Civ. App. 1895), it was held that "where persons, in consideration of the transfer to him of property held in trust for payment of claims of preferred creditors, *promises the trustee* to pay the claims, such person is liable on the promise directly to the preferred creditors

> **"§282. Action in Equity by Beneficiary.**
>
> (1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except as stated in subsection (2) and (3).
>
> (2) If the trustee improperly refuses or neglects to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person.
>
> (3) If the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee, the beneficiary can maintain a suit in equity against the third person, if such suit is necessary to protect the interest of the beneficiary."

*Subsection (1).* No case found stating this proposition. However, see cases under *Subsection (2).*

28

*Subsection (2).* Where a beneficiary attempted to recover trust property from a third person ~~from a third person~~, it was held that the trustee should be made a party defendant to the suit. *De Everett v. Henry,* 67 Tex. 402, 3 S.W. 566 (1887); *Powell v. Parks,* 86 S.W. 2d 725 (Com. App. 1935). Also see *Ballard v. Anderson,* 18 Tex. 377 (1857); and *Hall v. Harris,* 11 Tex. 300 (1854), "and when the suit is *by* or against the *cestui que trust* or beneficiary, the trustees are also necessary parties."

*Subsection (3).* No case found.

To reiterate, the Court and all others claiming an interest or appointment in this matter have been terminated and noticed the same. The void appointments of Beneficiary and Trustee have been filled with appropriate parties that will administer the trust coinciding with the General Executor's (Trustor/Grantor/Holder in Due Course) true manifested intent.

29. A trust can be revoked. The Restatement of the Law of Trust 2nd Ed., states:

> "**§330. Revocation of Trust by Settlor.**
>
> (1) The settlor has power to revoke the trust if and to the extent that by the terms of the trust he reserved such a power.
>
> (2) Excepted as stated in §§332 and 333, the settlor cannot revoke the trust if by the terms of the trust he did not reserve a power of revocation.

*Subsection (1).* In *West Texas Court & Trust Co. v. Matlock,* 212 S.W. 937 (Com. App. 1919), "a provision whereby the settlor reserved the power to revoke the trust if the railroad were not built within a reasonable time was held valid.

*Subsection (2).* In *accord. Monday v. Vance,* 92 Tex. 428, 49 S.W. 516 (1899)

Should the Court attempt to interfere, publically or privately, with the revocation and modification of the trust, the Court would have to utter and admit to forcing slavery and involuntary servitude upon General Executor for reasons now known to be false. This would be a violation of more provisions of law and equity than will be mentioned here.

30. A trust with revocable assignment can be revoked and/or modified. The Restatement of the Law of Trust 2nd Ed., states:

> "**§331. Modification of Trust by Settlor.**
>
> (1) The settlor has power to modify the trust if and to the extent that by the terms of the trust he reserved such a power.
>
> (2) Except as stated in Subsection 332 and 333, the settlor cannot modify the trust if by the terms of the trust he did not reserve a power of modification."

*Subsection (1).* No case found.

*Subsection (2).* In *accord. Commissioner Internal Revenue Service v. Guitar Trust Estate,* 72 F. 2d 544 (5 Cir., 1934). Also see *Sapp v. Houston Nat. Exch. Court,* 266 S.W. 141 (Com. App. 1924), court said, "terms of trust could be made changed"; *Neblett v. Valentino,* 92 S.W. 2d 432 (Com. App. 1936).

> **"§332. Power of Revocation or Modification Omitted by Mistake.**
>
> (1) If a trust is created by written instrument and the settlor intended to reserve a power of revocation but by mistake omitted to insert in the instrument a provision reserving such a power, he can have the instrument reformed and can revoke the trust.
>
> (2) If a trust is created by a written instrument and the settlor intended to reserve a power to modify the trust but by mistake omitted to insert in the instrument a provision reserving such a power, he can have the instrument reformed and can modify the trust.

No case found.

In this matter, the Court created, by presumption and false accommodation rights, the constructive and implied contracts to which the General Executor claims as identified by the name and case number of the matter. No written expression of the trust relationship exists. This, however, neither dismisses the existence or duties and responsibilities required; nor does this hinder or prevent the abilities of the General Executor to reform or modify said trust.

> **"§333. Rescission and Reformation.**
>
> A trust can be rescinded or reformed upon the same grounds as those upon which a transfer of property not in trust can be rescinded or reformed.

*Comment c.* In *Caffey's Ex'rs v. Caffey,* 12 Civ. App. 616, 35 S.W. 738 (1896), it was held that a conveyance to a trustee may be set aside on the ground of fraud and duress.

In *Ebell v. Bursinger,* 70 Tex. 120, 8 S.W. 77 (1888), "the settlor sued to set aside the conveyance to the trustee on the ground of duress, but the suit was dismissed for failure to join necessary parties.

The Grantor reserved the right to revoke and/or modify at any time.

31. The <u>Restatement of the Law of Trust</u> 2nd Ed., states:

30

"**§337. Consent of Beneficiaries**.

(1) Except as stated in Subsection (2), if all the beneficiaries of trust consent and none of them is under an incapacity, they can compel the termination of the trust.

(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination."

*Subsection (1).* See *McNeill v. St. Aubin* 209 S.W. 781 (Civ. App. 1919), "guardian of minor beneficiaries not allowed to compel trustees to turn over corpus of the property, but court didn't discuss expressly the proposition of this section"; in *Tinsley v. Magnolia Park Co.,* 59 S.W. 629 (Civ. App. 1900, writ of error refused), the trust was held to have to have been terminated by the consent of all the beneficiaries.

There are statements in one or two cases to the effect that if the trust is an active one the beneficiaries cannot compel the termination of the trust. *Parks v. Powell,* 56 S.W. 2d 323 (Civ. App. 1932); *Lanius v. Fletcher,* 100 Tex. 550, 101 S.W. 1076 (1907); (this case is explainable under *Comment i,* however). If the trust is passive, the beneficiary may require the trustee to execute a conveyance to him and thus terminate the trust relationship. *Moore v. City of Waco,* 85 Tex. 206, 20 S.W. 61 (1892).

*Subsection (2), Comment i.* In *Lanus,* supra, the beneficiary, a married woman, was not allowed to terminate the trust, her husband being still alive, and the purpose of the trust being to protect the property from the control of the husband.

No such material purposes exist. The <u>Restatement of the Law of Trust</u> 2nd Ed., states:

"**§339. Where Settlor is Sole Beneficiary**.

If the settlor is the sole beneficiary of a trust and is not under incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

Consistent with this is *Guardian Trust Co. v. Studdert,* 36 S.W. 2d 578 (Civ. App. 1931), aff'd, 55 S.W. 2d 550 (Com. App. 1932)

In the event that the Court attempts to put forth claims that a material purpose of the trust still exist, General Executor, as the sole Holder in Due Course, who is not under any incapacity of any kind, can still compel the termination of the trust. Settlor hereby gives notice to the Court to distribute trust *res* to General Executor (Grantor/Trustor/Settlor) and documents have been or shall be registered to reflect the same all in conjunction with General Executor's final Orders to the Court to

dismiss with prejudice all matters concerning the General Executor; Order the immediate unconditional release of the General Executor; and afford the Agent on behalf of the General Executor the age of majority, private man holding office, private citizen status he is due.

## NOTICE

This document is not intended to threaten, harass, intimidate, offend, conspire, blackmail, coerce, cause consternation, alarm, contempt or distress or impede any public duties. It is presented with honourable and peaceful intentions. Any affirmation contrary to the verified statement of facts will comprise your stipulations to committing a fraud upon the court.

The instant matter is definitively a matter dealing with an infant/minor/ward of the court, unless the court will state with specificity and without ambiguity that the presenter, the **real party in interest** has attained the age of majority upon their 18th birthday and is construed, recognised, present not as an administrative civil adult, but as a private man holding office, a private citizen, holder in due course, capable of managing and handling his own affairs.

Because and due to the sheer fact that this is a matter of equity, a matter of trust, a matter dealing with an infant/minor estate/property, the instant matter is neither civil administratively and/or criminal administratively but a matter of equity, without the law. As equity remains present even without law, and the court must in its inherent equity position as mandated, render equity, and it may not aid a wrongdoer under any circumstances – even if they themselves have wronged.

Should the court in its infinite wisdom through its administrative officer make the executive decision not to respond and or place evidence on the record of either infancy and/or attaining majority, it will be deemed acquiescence supported by the proof contained herein of the party of interest having attained the age of majority at their 18th birthday stripping the court of any presumed and/or assumed jurisdiction, making the court liable through waiver of immunity via such acquiescence. When dealing with a person attaining the age of majority facts and conclusions **have to be supported by equitable law** and not administrative law, as administrative law may not be applied to one having attained majority without their consent, as involuntary servitude is against equity and the presenter WAIVES NO RIGHTS under any circumstances, at any time, at any moment, without exception.

This instrument/documentation/evidence is hereby and herein placed on the record for a permanent memorial of the existence of an **"EXPRESS SPECIAL RELATIONSHIP TRUST"**, and because

the record of the court is deemed to be public, this shall serve as publication of such existence of a trust in addition to any other prior or previous publications of such records. With a five-day moratorium and/or limitation associated and attached hereto, any and all rebuttals, responses, replies, and or objections must be in writing, with specificity supported by facts and conclusions of equitable law.

I declare under the laws of the Commonwealth of Australia and the United States of America that foregoing is true and correct.

Case # 2:20-cr-00213 KJM

Executed this 18 day of OCTOBER 2021

By: Chaloner-Saintillus.

As: Complainant, General Executor, equitable beneficial entitlement holder and Holder in due course

**** The Courts have held "Silence can only be equated With Fraud Where there is a legal or Moral Duty To Speak or Where a inQuiry left unanswered would Be Intentionally Misleading" US. V. Tweel, 550 F.2d 297,300 (1977)

33

## ENDURING POWER OF ATTORNEY

This Deed of Enduring Power of Attorney is made under the Guardianship and Administration Act 1990, Part 9, on the **18** day of **OCTOBER 2021**, by

**Donor** — The TRUST ENTITY: **CHALONER SAINTILLUS ET. AL** or any such representation using ALL CAPITAL letters,

**Of the property:** **222 S.W. 3RD AVENUE, DELRAY, BEACH, FLORIDA**

I RESCIND ANY AND ALL PREVIOUS POWERS OF ATTORNEY AND TO HEREBY NOMINATE, CONSTITUTE AND APPOINT

Donee/Attorney: **Chaloner-Saintillus: (Shalom-Ali-El-Bey)**

**of 222 S.w. 3rd Avenue, Delray Beach, Florida, 33444**

### TO BE MY SOLE ATTORNEY

I **declare this power** to become effective upon the execution of this Deed and remain effective notwithstanding that I may suffer any subsequent legal incapacity and/or being under duress and I authorise my attorney to do on my behalf anything I can lawfully do by an attorney.

Donor/Principal

Signed, sealed and delivered by; Signature

**:CHALONER SAINTILLUS**        Date: **10/18/2021**

In the presence of

Name _____ **JOHN HEALY** _____

I certify the following:

a) I explained the effect of this power of attorney to the principal before it was signed.
b) The principal appeared to understand the effect of this power of attorney.
c) I am a prescribed witness.
d) I have witnessed the signature of this power of attorney by the principal.
e) I am not an attorney under this power of attorney.

Signature: _____

Qualification: **MINISTER OF RELIGION**

**Acceptance by Donee/Attorney**

I **accept** the appointed to be the attorney under this Deed (enduring power of attorney).

**Signed**

By: **:Chaloner-Saintillus: Bey 1865 ALI**

(Attorney appointed)

OFFICIAL SEAL
NOBLE Drew
EL

ARTICLE 4 § 1 FULL FAITH & CREDIT

LACINC0EC4CCESC972519654561743700

Case# 2:20-cr-00213 KJM

# TRUST ENTITY: CHALONER SAINTILLUS

Minutes

In a meeting of the General Executor and sole attorney of the Trust Entity: CHALONER SAINTILLUS , held 10|18|2021 , the following was decided:

Granting of Exclusive Power-of-Attorney

In order to apply the powers of the General Executor, these minutes shall act as an addendum to the Enduring Power of Attorney granting: Chaloner Saintillus; sole attorney rights dated

Full authority is provided the public representative: Chaloner-Saintillus:Bey having attained age of majority, to act to discharge/settle/resolve every day common public obligations on behalf of the Trust.

This power-of-attorney-general IN FACT, identified by the unique identification number: S534010 88100 595642580 ; is full evidence of the Private Special Relationship Express Trust between the Trust and its public representative.

The powers conferred upon the public representative encompass all related matters and associated properties of the Trust, and at all times when engaging with any contractual matter, when necessary to express, does so solely by invoking Exclusive Jurisdiction at/in Equity.

Any legal matters, or such special other obligations which may arise during the public representative's engagement of the public at-large shall be resolved by the Exclusive Jurisdiction at/in Equity.

Said matters at/in Equity, the public representative shall inform the parties to the matter that the Trust shall discharge/settle said privately by the General Executor, Chaloner-Saintillus:

Failure of either the court or other parties to the matter attempt to obfuscate this strict obligation after said noticed, the Trust may pursue actions against the offending party at/in Equity.

If the offending party be corporate in nature and not natural, its corporate officials shall be personally named in the Equitable claim against them.

SO THESE MINUTES were resolved by unanimous vote and passed without dissent. The General Executor providing their signature as affirmation of the Trusts ascendance and approval of the minutes herein.

Dated: 10|18|2021

By: Chaloner-Saintill

General Executor and Sole Attorney

ARTICLE I/E | FULL FAITH AND CREDIT

OFFICIAL SEAL
NOBLE Drew
1865
ALI   ALI