PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHALONER SAINTILLUS, <br><br> Defendant. | CASE NO. 2:20-CR-00213-KJM <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S FURTHER MOTION TO DISMISS AND OTHER REQUESTS |

The United States of America (the "government") respectfully requests that the Court deny defendant Chaloner Saintillus's most recent efforts to dismiss the criminal charges against him. Saintillus's filings advance a meritless view of the Court's jurisdictional power that should be summarily rejected.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Saintillus is charged by indictment with one count of conspiracy to distribute controlled substances and four counts of distributing controlled substances. ECF No. 5. These charges stem from Saintillus's distribution via the dark web of controlled substances such as heroin, oxycodone, oxymorphone, and fentanyl. ECF No. 1; ECF No. 5.

On February 17, 2022, Saintillus filed a handwritten document titled, "Motion: To Compel/ Notice of Default." ECF No. 84. This filing demanded the indictment be dismissed with prejudice due to a purported failure—presumably by the government and not the Court—"to respond to not one but all ECF … No. 8, No. 70, No. 71, No. 72, No. 73." ECF No. 84 at 1 (alteration in original). Saintillus's

request also reiterated the argument raised in previous filings that the Court has no jurisdiction over Saintillus because he is "the holder in due course and equitable title holder of the vast Moorish Haitian American national estate." ECF No. 84 at 2.  Saintillus's rationale that his status as a Moorish citizen deprives the Court of jurisdiction to hear this criminal case underpins many of his other recent filings. *See, e.g.*, ECF Nos. 77, 79, 81, 86–89, 92–101.

## II.   ARGUMENT

Saintillus provides no valid grounds upon which to dismiss the indictment against him.  The Court should therefore deny his most recent motion and its various supplements.

### A.   The Government Responded to All Relevant Filings.

Saintillus's argument that the indictment should be dismissed because of a purported failure on the government's part to respond to some of his serial filings is meritless.  *See* ECF No. 84 at 1 (containing Saintillus's request to dismiss indictment based on lack of response to docket entries 8 and 70 through 73).  On February 11, 2022, the government filed an opposition brief opposing Saintillus's requests as contained in docket entries 8, 71, 72, and 73.  ECF No. 80.  The government's opposition brief did not mention docket entry 70 because that particular filing is a notice filed by Saintillus's prior appointed counsel requesting that said counsel "be removed as counsel of record and removed from the service list of actions" in this case.  ECF No. 70 at 1.

Accordingly, the government's prior filing at docket entry 80 addressed all of Saintillus's then-ripe arguments for dismissal of the charges against him.

### B.   The Court Has Jurisdiction to Preside Over This Case.

Saintillus appears to argue, again, that the Court should dismiss the indictment because it has no jurisdiction over him.  *See* ECF No. 84 at 1 (arguing that a court which "lacks personal jurisdiction, is also a court without power to issue an *in personam* judgement").  He cites various legal authorities for this claim, including non-criminal cases from the 1800s as well as the Thirteenth and Fourteenth Amendments.  ECF No. 84 at 1–2.  What can be deciphered of Saintillus's numerous jurisdictional assertions boils down to the argument that the Court has no jurisdiction over him because "I'm the holder in due course and equitable title holder of the vast Moorish Haitian American national estate." ECF No. 84 at 2.

The Court has jurisdiction over this case because Saintillus is charged with a violation of federal criminal law and the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Since Saintillus is charged with just such a violation of the laws of the United States, the Court has jurisdiction over him and over the criminal case in which he is a named defendant. *See* ECF No. 5 (containing charged violations of federal criminal law).

Saintillus's other assertions are meritless and repetitive arguments derived from a so-called Moorish-American belief system that courts across the country uniformly reject. *See, e.g.*, *Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal. Oct. 15, 2019) (collecting cases in which courts rejected Moorish-American claims to being outside federal district court jurisdiction). The Court should do the same here. Furthermore, given the frequency and repetition of his filings, the Court should also consider admonishing Saintillus to stop claiming that his self-proclaimed status as a Moorish-American somehow removes him from the Court's jurisdiction to hear this criminal case against him.

### III.     CONCLUSION

The Court should deny Chaloner Saintillus's most recent motion to dismiss and its various supplements.

Dated: March 21, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS            3