```
 1                IN THE UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
 2

 3     UNITED STATES,
              Plaintiff,
 4                                      Sacramento, California
       vs.                              No. 2:20-cr-00213-KJM
 5                                      Friday, January 7, 2022
       CHALONER SAINTILLUS,             9:01 a.m.
 6            Defendant.
       _____/
 7
                       TRANSCRIPT OF PROCEEDINGS
 8                        STATUS CONFERENCE
          BEFORE THE HONORABLE KIMBERLY J. MUELLER, CHIEF JUDGE
 9
                            ---oOo---
10

11     APPEARANCES:

12       For the Government:        U.S. ATTORNEY'S OFFICE
                                    501 I Street, Suite 10-100
13                                  Sacramento, CA  95814
                                    By:  SAMUEL E. STEFANKI
14                                  Assistant U.S. Attorney

15
         For the Defendant:        OFFICE OF THE FEDERAL
16                                  DEFENDER
                                    801 I Street, 3rd Floor
17                                  Sacramento, CA  95814
                                    By:   HOOTAN BAIGMOHAMMADI
18                                  Assistant Federal Defender

19
         Official Court Reporter:  Thresha Spencer,
20                                  CSR, RPR
                                    501 I Street
21                                  Sacramento, CA 95814

22

23     Proceedings recorded by mechanical stenography, transcript
       produced by computer-aided transcription
24

25
```

1          SACRAMENTO, CALIFORNIA, Friday, January 7, 2022, 9:01 a.m.

2                                    --o0o--

3     (In open court.)

4               THE CLERK:  Now calling criminal case 20-213; United

5     States versus Chaloner Saintillus.  This matter is on for

6     status conference re competency, your Honor.

7               MR. BAIGMOHAMMADI:  Good morning, your Honor.  Hootan

8     Baigmohammadi.

9               THE COURT:  Wait a minute.  Hold on.  Let's wait for

10    your client to be seated.

11              MR. BAIGMOHAMMADI:  Okay.

12              THE COURT:  All right.  We may now proceed.

13         Let's actually start with the government.

14              MR. STEFANKI:  Good morning, your Honor.  Sam

15    Stefanki on behalf of the United States.

16              THE COURT:  Good morning, Mr. Stefanki.

17         And for the defense?

18              MR. BAIGMOHAMMADI:  Good morning, your Honor.  Sorry

19    I jumped the gun.

20              THE COURT:  Fair enough.

21              MR. BAIGMOHAMMADI:  Hootan Baigmohammadi, federal

22    defender, on behalf of --

23              THE DEFENDANT:  No, you're not.

24              THE COURT:  Wait to be called upon, sir.

25              MR. BAIGMOHAMMADI:  -- on behalf of Mr. Saintillus.

THRESHA SPENCER, OFFICIAL COURT REPORTER, USDC

1              THE DEFENDANT:  No, you're not.

2              MR. BAIGMOHAMMADI:  Present, in custody.

3              THE DEFENDANT:  You don't represent me.  You're not

4    my attorney.

5              THE COURT:  Sir, wait to be called on.

6              THE DEFENDANT:  I am Moorish-American --

7    Haitian-American, by the way.

8              THE COURT:  All right.  Good morning,

9    Mr. Baigmohammadi.

10       This is on for a status conference.  And I note that

11   Mr. Saintillus --

12             THE DEFENDANT:  In propia persona sui juris.

13             THE COURT:  So, Mr. Baigmohammadi, help me understand

14   what you believe you need to accomplish today.

15             MR. BAIGMOHAMMADI:  My understanding is that we're

16   going to --

17             THE DEFENDANT:  You're not my attorney.

18             THE COURT:  Mr. -- please remain quiet.

19             THE DEFENDANT:  I don't communicate with him.

20             THE COURT:  I'm going to have to remove you from the

21   courtroom if you don't wait to be called upon.

22             MR. BAIGMOHAMMADI:  Can I have I moment with him,

23   please, your Honor?

24             THE COURT:  All right.  If you're requesting that.

25   Do you want a full recess?

THRESHA SPENCER, OFFICIAL COURT REPORTER, USDC

```
1              THE DEFENDANT:  No.

2              MR. BAIGMOHAMMADI:  I think it will be very brief.

3              THE COURT:  All right.

4              MR. BAIGMOHAMMADI:  Just let him know what's

5   happening, might help him.

6              THE COURT:  All right.

7        (Discussion between defendant and Mr. Baigmohammadi.)

8              MR. BAIGMOHAMMADI:  Thank you, your Honor.  We're

9   ready to proceed.

10             THE COURT:  All right.

11             MR. BAIGMOHAMMADI:  So I think the issues are, first,

12  competency.  And then, second, a Faretta hearing.

13             THE COURT:  All right.  So regarding competency, this

14  is set for a status, not an evidentiary hearing.  There's no

15  request for an evidentiary hearing.

16             MR. BAIGMOHAMMADI:  Correct.

17             THE COURT:  The Court has received the Bureau of

18  Prisons' evaluation.  Counsel has had a chance to review that,

19  I presume.

20             MR. BAIGMOHAMMADI:  Correct.  Yes, your Honor.

21             THE COURT:  So the official position on the defense?

22             MR. BAIGMOHAMMADI:  We submit on the report.

23             THE COURT:  All right.  Mr. Stefanki, anything to

24  say?

25             MR. STEFANKI:  The government's only request, your
```

1   Honor, is just to protect the record if the defendant can be

2   advised that he does have the opportunity to testify and

3   present evidence today, just to ensure that his competency

4   evaluation is to be ruled on by the Court and complies with the

5   statutory obligations under 18 U.S.C. Section 4243.

6          THE COURT:  All right.

7      Mr. Baigmohammadi, is it your representation that

8   Mr. Saintillus has been so advised?

9          MR. BAIGMOHAMMADI:  He has been advised, your Honor.

10  So he has been advised, your Honor.  Given that the report

11  concurs that he is competent and his desire that's in favor of

12  what he wishes to do, we don't have any intention to testify as

13  to the competency issue.  We're not intending for any evidence

14  today.

15         THE COURT:  All right.  Then there's also a request

16  for a Faretta proceeding?

17         MR. BAIGMOHAMMADI:  Right.

18         THE COURT:  So you're representing Mr. Saintillus

19  stands by his request to represent himself, correct?

20         MR. BAIGMOHAMMADI:  Correct.

21         THE COURT:  All right.  Then I'm going to convene an

22  in-camera session to discuss that matter initially to determine

23  whether or not I proceed to a Faretta colloquy, which I would

24  do in open court.

25      So, Mr. Stefanki, if you could please step outside.

1          MR. STEFANKI:  Thank you, your Honor.

2          THE COURT:  We'll let you know when you can come

3    back.

4       (Sealed proceedings under separate file.)

5          THE COURT:  All right.  We're back in open court.

6    The transcript will be unsealed from this point forward.

7       Mr. Stafanki, so that you know, I have found that there has

8    been a breakdown in communications, I believe, with Ms. Crager

9    and Mr. Baigmohammadi as counsel in the matter.  I am prepared

10   to consider Mr. Saintillus' request to represent himself, but I

11   let him know I need to ask him quite a few questions first, so

12   I'm going to proceed with a Faretta colloquy, as we call it, at

13   this point in time.

14      So, Mr. Saintillus, again, I need to ask you quite a few

15   questions.  If you don't understand a question --

16          THE DEFENDANT:  I'm not Mr. Saintillus.

17          THE COURT:  Well, I've asked you for clarification on

18   that point.  And I'm telling you that there is a document in

19   front of me identifying you in that way, and that's the name

20   I'm going to use.

21          THE DEFENDANT:  Is that the so-called deed of trust

22   or the birth certificate?

23          THE COURT:  No, it is the indictment charging you

24   with a federal crime.

25      So, Mr. Saintillus, I do understand you wish to waive your

1  constitutional right to counsel and represent yourself; is that

2  correct?

3              THE DEFENDANT:  Yes.

4              THE COURT:  You have a right to be represented by an

5  attorney at all stages of these proceedings.  And if you are

6  unable to hire one, the Court will appoint an attorney to

7  represent you if you wish at no cost to you, as the Court has

8  done previously.

9      Do you understand that right?

10             THE DEFENDANT:  I understand.

11             THE COURT:  You also have a constitutional right to

12 represent yourself, but it's almost always not wise to do so,

13 and the chances are if you represent yourself you are going to

14 get yourself convicted.

15     Do you understand that?

16             THE DEFENDANT:  I overstand.

17             THE COURT:  Do you understand that?

18             THE DEFENDANT:  I overstand that.

19             THE COURT:  How do you define "overstand"?

20             THE WITNESS:  In propia persona sui juris.  Reserve

21 my rights.

22             THE COURT:  Well, let me continue to ask you

23 questions.  And again, if I have concerns about your ability to

24 represent yourself to your full understanding of your ability

25 to represent yourself, I'll make a final decision once I'm

1   through with the questions that I ask.

2      Have you ever studied law, sir?  Can you respond to that

3   question?

4           THE DEFENDANT:  Can you ask an appropriate question?

5           THE COURT:  Have you ever studied law?

6           THE DEFENDANT:  Of course.

7           THE COURT:  Have you ever represented yourself or any

8   other defendant in a criminal action?

9           THE DEFENDANT:  Yes.

10          THE COURT:  You are charged here in an indictment

11  that I've been mentioning.  That indictment was filed in

12  November of 2020, and you are charged with conspiracy to

13  distribute a controlled substance and four counts of

14  distribution of a controlled substance.

15     Do you understand those are the charges pending against

16  you?

17          THE DEFENDANT:  I overstand it.  I'm here for

18  settlement and discharge on those charges on behalf of the

19  defendant.

20          THE COURT:  Do you understand that those are the

21  charges pending against you?

22          THE DEFENDANT:  I overstand.

23          THE COURT:  Do you realize that if you're found

24  guilty of the crimes -- multiple crimes charged in the

25  indictment, you can be sent to prison many years and face

1    criminal fines and penalties?

2              THE DEFENDANT:  I overstand that.

3              THE COURT:  All right.  I'm construing your response

4    that you "overstand" to mean what I understand to be the word

5    "understand," just so that's clear.

6        Specifically, the conspiracy charge carries a mandatory

7    minimum of ten years incarceration based on the statute.

8        Do you understand that you could be looking at at least ten

9    years up to life in prison on that charge and a fine of up to

10   $10 million or both imprisonment and a fine?

11             THE DEFENDANT:  I overstand.

12             THE COURT:  On Counts Two through Five, the

13   possession charges, you could be looking at up to 20 years on

14   each charge in prison and a fine of up to $1 million or both

15   fine and imprisonment.

16       Do you understand those?

17             THE DEFENDANT:  Morrish-Haitian American in propia

18   persona sui juris, I overstand, and I challenge the

19   jurisdiction of the Court.

20             THE COURT:  Do you also understand that on each

21   charge, five separate charges, you're facing a mandatory

22   special assessment of $100, so a total of $500 potentially?

23       Do you understand that?

24             THE DEFENDANT:  I overstand.  And I overstand that I

25   am the creditor and sole beneficiary of this trust.

1          THE COURT:  Also, on each count there is the -- in

2     one case, a mandatory term of supervised release following any

3     term of incarceration.  So on Count One, if you're convicted,

4     the statute provides for at least five years of supervised

5     release by probation up to life.  And on Counts Two through

6     Five, the term of supervised release is three years.

7          Do you understand that supervised release is also a

8     possibility if you are convicted?

9          THE DEFENDANT:  I overstand, and I understand that I

10    am not this three-fifths of a person or U.S. property,

11    Fourteenth Amendment corporate citizen.

12         THE COURT:  Do you realize that the United States

13    Sentencing Commission has issued sentencing guidelines that the

14    Court is required to consult if you are convicted before I

15    sentence you?

16         THE DEFENDANT:  I overstand, and I have divine

17    constitutional Moorish-American, and I challenge jurisdiction

18    status.  I am Morrish-Haitian American.

19         THE COURT:  Do you realize that if you represent

20    yourself you would be entirely on your own during trial?  I

21    would not be able to tell you how to try the case or provide

22    any advice whatsoever?  Understand?

23         THE DEFENDANT:  In propia persona sui juris.  Yes,

24    overstand.

25         THE COURT:  Are you familiar with the Federal Rules

1    of Evidence?

2              THE DEFENDANT:  Yes.

3              THE COURT:  You understand that they will govern what

4    evidence may or may not be introduced at trial?

5              THE DEFENDANT:  I overstand.  And I'm in propia

6    persona sui juris.  Morrish-Haitian American.

7              THE COURT:  You understand that during any trial, if

8    you do represent yourself, you will be held to the Rules of

9    Evidence, you must comply with them, you must follow them, you

10   must follow all other court rules applicable to a federal

11   criminal trial, understood?

12             THE DEFENDANT:  I understand that I'm Morrish-Haitian

13   American, and I'm here on behalf of the defendant, corporate

14   citizen or so-called slave.

15             THE COURT:  The rules that apply to a federal

16   criminal case are also embodied in the Federal Rules of

17   Criminal Procedure, and they govern how a case should be tried.

18       Have you had a chance to review those rules and understand

19   them?

20             THE DEFENDANT:  Full faith and credit shall be proven

21   that any public act for judicial proceedings.  I overstand I am

22   Morrish-Haitian American, and I am here on behalf of the

23   defendant.  I am the creditor and sole beneficiary of this

24   trust.  So can you please provide the county charge invoice

25   with the penal form?

1           THE COURT:  At this point I am trying to decide if

2    you can represent yourself.  So here's my question.

3           THE DEFENDANT:  I want to balance the Court's books.

4           THE COURT:  Do you understand that you must abide by

5    the Federal Rules of Criminal Procedure if you proceed on your

6    own after today?

7           THE DEFENDANT:  I overstand.

8           THE COURT:  I must tell you that it is my opinion,

9    and it's true in every case, it's not just your case.  But

10   whenever a defendant comes to me and says he or she wishes to

11   represent him or herself, it is my opinion that you would be

12   far better defended by a trained attorney than you can be by

13   yourself.

14          THE DEFENDANT:  Like I said I stated before, I'm

15   going in propia persona sui juris with no disabilities.

16          THE COURT:  It's my duty to let you know that I think

17   it is very unwise of you to try to represent yourself, and I'm

18   going to review with you some of the dangers and disadvantages

19   of representing yourself.  So I want to make certain you do

20   hear and understand what I'm saying.

21      You are not familiar -- even if you've read some laws and

22   are familiar with some rules generally -- you are not familiar

23   with the law or procedure or the Rules of Evidence in the way

24   that a trained attorney is.

25      And you will be held to follow the rules in making any

1    motions and objections and in trying to present evidence, the

2    same rules will apply to lawyers -- will apply to you that will

3    apply to the lawyers, even if you make mistakes.  The Court

4    will not be able to give you any special privileges or

5    benefits, and I will not be able to assist you in any way if

6    you do proceed on your own to make up for your lack of legal

7    understanding.

8        Do you understand that?

9            THE DEFENDANT:  I overstand.  I'm here to challenge

10   jurisdiction and status of the Court, that I am Morrish-Haitian

11   American and in propia persona sui juris.

12           THE COURT:  Do you understand the prosecution will be

13   represented by a skilled and trained professional attorney who

14   will give you no breaks because you are experienced in matters

15   of the law?

16           THE DEFENDANT:  I ask for all transcripts for the

17   record, and I overstand.

18           THE COURT:  Unlike the prosecutor in this case, you

19   will be exposed to dangers and disadvantages of not knowing the

20   complexities of the jury selection, what constitutes the

21   permissible opening statement to the jury, what is admissible

22   evidence, what is appropriate direct and cross-examination,

23   what motions you must make and when to make them during the

24   trial to permit you to make post-trial motions and protect your

25   rights on appeal.  You also will not understand what

1    constitutes appropriate closing argument to the jury.

2        Do you understand all of that?

3            THE DEFENDANT:  I overstand.  And any jury shall be

4    the selection of my peers as I am a part of this

5    Moorish-American government.  I have a divine Constitution in

6    front of me of Moorish-American.  And if you want the Haitian

7    Constitution, it can be made available upon request.

8            THE COURT:  I'm following the laws applicable in this

9    U.S. District Court.

10           THE DEFENDANT:  Well, I'm challenging the

11   jurisdiction and status of the Court.

12           THE COURT:  I understand that motion.  Until you

13   represent yourself, no such motion is pending before the Court.

14   And you're continuing to say that is, in fact, a reflection of

15   your not understanding the Rules of Criminal Procedure.

16       Let me ask you this.  If you get cold feet later and decide

17   you want a lawyer to defend you, you run the risk that I will

18   hold you to your decision now in order to avoid disruption of

19   the Court's schedule that any continuance would cause.

20       Do you understand that?

21           THE DEFENDANT:  I overstand.  For the record, an

22   officer of the court, in your opinion, she's not in my care,

23   she's not a part of the Moorish-American government.  As I

24   said, I'm Moorish-Haitian American.  Anybody shall be

25   represented of anything shall be of my peers.

1          THE COURT:  Well, you have the right to all of the --

2    all of the fair and just procedures available to you in this

3    Court under the U.S. Constitution, and that's how we're

4    proceeding.

5      Let me understand because I'm not certain I got a clear

6    answer.  If you're telling me you want to represent yourself

7    now, if I approve that request and you change your mind later

8    and decide you want a lawyer to represent you, I may not grant

9    any lawyer, if I give you one, time to analyze your case, and

10   that could harm you.  Because the lawyer would have no time to

11   prepare for trial and other matters.  Do you understand that?

12         THE DEFENDANT:  As long as I have my full hearing and

13   I have my opportunity to be heard, I overstand.

14         THE COURT:  All right.  So you understand if you go

15   on your own now, you may not get an attorney later or you may

16   get an attorney too late to be as helpful.

17         THE DEFENDANT:  I overstand, correct.

18         THE COURT:  You understand that I'm urging you in the

19   strongest possible terms to not try to represent yourself,

20   correct?

21         THE DEFENDANT:  As long as I have my opportunity to

22   be heard in the full hearing to present my evidence, I

23   overstand, yes.

24         THE COURT:  If you are granted permission to

25   represent yourself and get yourself convicted, you will not be

1    able to complain on appeal that you made a bad decision and

2    that you're self-representation was inadequate.

3        Do you understand that?

4              THE DEFENDANT:  Let the record reflect that I

5    challenge the jurisdiction and status, and I overstand, yes.

6              THE COURT:  Do you understand everything I've said

7    until now?

8              THE DEFENDANT:  I overstand, yes.

9              THE COURT:  Do you have any questions about anything

10   I've said until now?

11             THE DEFENDANT:  No.

12             THE COURT:  Do you also understand that if during any

13   court proceeding, including trial, if you don't conduct

14   yourself in the way that we expect litigants to behave in a

15   courtroom, every litigant, all the lawyers, that I then may

16   revoke your status of representing yourself?

17             THE DEFENDANT:  Harama Bush (phonetic) is fully

18   conscious and is speaking, I am speaking in the living spirit

19   of God, I overstand.

20             THE COURT:  The court reporter missed some of that.

21   Can you restate that answer?

22             THE DEFENDANT:  Why was that?  I said Harama Bush

23   (phonetic) is fully conscious and aware of himself, I am

24   speaking in the living spirit of God.

25             THE COURT:  Madam court reporter, you can do the best

1     you can.

2                THE DEFENDANT:  Harama Bush (phonetic).

3                THE COURT:  Again, I want to make certain that you

4     are responding to my question.  Everyone in this courtroom is

5     expected to conduct him or herself according to the highest

6     standards of professionalism and according to all the rules of

7     the Court, and including the rules this Court sets for this

8     courtroom.

9        Do you understand that if you don't follow those rules and

10    I determine that you're disrupting proceedings, that I then --

11    even if I approve you're going on your own for now, I could

12    later revoke your status of representing yourself.

13       Do you understand that?

14               THE DEFENDANT:  My nationality in part was taken at

15    the arrest where is not in my property, I overstand.

16               THE COURT:  All right.  I'm taking the "overstand" as

17    a response to that question.

18       In light of the penalties that you might suffer if you are

19    found guilty on any charge or all charges pending against you

20    and in light of all the difficulties of representing yourself,

21    is it still your desire to represent yourself and give up your

22    right to be represented by a lawyer?

23               THE DEFENDANT:  For the record, my name is spelled

24    capital S, lower case H-A-L-A-M, capital C.  Family name,

25    capital S, lower case A-I-N-T-I-L-L-U-S, and tribal name is

1   capital B-E-Y.  I overstand.

2          THE COURT:  Here I need a yes-or-no answer.  Is it

3   still your desire to represent yourself taking account of

4   everything I've reviewed with you?

5          THE DEFENDANT:  In propia persona sui juris, yes.

6          THE COURT:  And it is your desire to give up your

7   right to be represented by a lawyer?

8          THE DEFENDANT:  Yes, I want to come in my proper

9   person.

10          THE COURT:  Is it your decision entirely on your own?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And so you would say it is a voluntary

13   decision?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  Mr. Stafanki, have I covered

16   everything I need to at this point?

17          MR. STEFANKI:  I believe so, your Honor.  I do have

18   one potential, again, overly-formal request, if the Court would

19   indulge.

20      Just for the record, would the Court confirm that the Court

21   made a finding that the defendant was competent to proceed

22   prior to engaging in the Faretta hearing?

23          THE COURT:  That's next on my list.  I wanted to get

24   through the colloquy to see if I had in doubts about that.

25          MR. STEFANKI:  My apologies, your Honor.

1            THE COURT:  So before I do ask the ultimate question

2    of Mr. Saintillus.  I have listened carefully to his answers

3    during this colloquy, I've observed him carefully, I also have

4    reviewed the forensic evaluation prepared by the Federal Bureau

5    of Prisons, I received it.  It is under seal.  It is a 15-page

6    report signed by Tiffany K. Smith, a forensic psychologist, and

7    S. Shelton, a forensic psychologist, acting chief psychologist

8    at the Metropolitan Detention Center in Los Angeles,

9    California.

10       And without disclosing all of the contents, I just am

11   reviewing the ultimate opinion presented in that report.  And

12   I'm finding that the record here is consistent, and I'm

13   accepting the conclusion of those professionals that there is

14   no objective information or evidence to indicate that

15   Mr. Saintillus currently suffers from signs or symptoms of

16   major mental disorder.

17       Nothing is before the Court to suggest that he has a

18   present inability to understand the nature and consequences of

19   the court proceedings against him.  He's indicated that he

20   wishes to proceed on his own, but specifically the

21   professionals address whether or not he is impaired if he

22   wishes to represent himself, and conclude that he is not.  He

23   evidenced stable mental status throughout the evaluation and

24   provided coherent responses to information, coherent and

25   consistent information.

1    The professionals do address the -- some of the content of

2  what Mr. Saintillus says.  But having considered that, they

3  conclude that he's able to ascertain reality, realistically

4  appraises behavior, converses in a logical and coherent manner.

5    They predict he will likely continue to assert the

6  Moorish-American sovereign rights, but it is volitional and

7  goal directed and not derived from an underlying mental

8  disorder.

9    They do signal that the communications might become

10 disruptive, but that's ultimately for the Court to determine,

11 and I have been able to get through the colloquy with

12 Mr. Saintillus this morning.

13    So one final time, Mr. Saintillus.  You are affirmatively

14 requesting to represent yourself going forward in this case; is

15 that correct?

16         THE DEFENDANT:  In propia persona sui juris.  And

17 back to the examiner, also reserved all rights under the

18 UCC 1-308.  And I ask the Court to clarify who they're

19 referring to for the exam.  Whether it is the so-called U.S.

20 citizen which is property or the --

21         THE COURT:  I asked you a yes-or-no question.  Are

22 you affirmatively telling the Court that you wish to represent

23 yourself going forward in this matter?

24         THE DEFENDANT:  In propia person sui juris, yes.

25         THE COURT:  I accept the "yes" as a response to that

1    question.

2        Based on this record, taking account of the evaluation, I

3    do find that Mr. Saintillus has knowingly and voluntarily

4    waived his right to counsel, he understands what he is doing,

5    and he has the mental capacity, the intellectual capacity to

6    make that decision on his own; therefore, I am going to permit

7    him to represent himself.  At this point I am not going to

8    appoint standby counsel.  I've alerted Mr. Saintillus to the

9    possibility that if there is disruption of court proceedings,

10   that I will consider revoking pro per status, or I might

11   consider appointing standby counsel, but we'll cross that

12   bridge when we come to it.

13       At this point, again, the Federal Defender's Office is

14   relieved.  Mr. Saintillus, you will proceed as your own

15   attorney in this matter.

16       Do we need to set a next status, Mr. Stafanki?

17           MR. STEFANKI:  Yes, your Honor, we do.

18           THE DEFENDANT:  I know I send mail --

19           THE COURT:  Wait.  You need to wait for me to call on

20   you.  That's part of following the rules here.

21       What date would you propose?

22           MR. STEFANKI:  Your Honor, the government would

23   request a date in late February, if one is available.

24           THE COURT:  February 28th?

25           MR. STEFANKI:  That's amenable to the government,

1    your Honor.

2              THE COURT:  All right.  February 28th work for you,

3    Mr. Saintillus?

4              THE DEFENDANT:  Yes.

5              THE COURT:  All right.  So February 28th, we'll set

6    that as a status.

7         Mr. Baigmohammadi, are you still in the courtroom?

8              MR. BAIGMOHAMMADI:  Yes, I am.

9              THE COURT:  Do you need to deliver files to

10   Mr. Saintillus?

11             MR. BAIGMOHAMMADI:  We can arrange for that, your

12   Honor, whatever he is requesting.  All of the discovery, yes,

13   we can do that.

14             THE COURT:  All right.  So I would direct you to do

15   that promptly, no later than by the end of next week.

16        So, Mr. Saintillus, you should receive all of the materials

17   to which you have a right in the next week.  Was there

18   something else you wanted to say, Mr. Stafanki?

19             MR. STEFANKI:  No, your Honor.  The government will

20   have a motion under the Speedy Trial Act, but nothing else.

21             THE COURT:  All right.  So the next question is, at

22   this point the Court has continued to schedule these sessions

23   by videoconference, particularly given the cresting of the

24   omicron variant right now.

25        Would you waive personal appearance and agree to appear by

1  videoconference on February 28th, Mr. Saintillus?

2          THE DEFENDANT:  No.  I like to be in person.

3          THE COURT:  All right.  So that is noted.  At this

4  point we will still keep you on the February 28th calendar, but

5  if we are still holding criminal law and motion by

6  videoconference, we will likely special set the matter and move

7  it to the Wednesday when.  We're doing in-person proceedings

8  usually -- we've specially set this this morning, but usually

9  we're having in-person proceedings on Wednesday.

10     So Ms. Kennison or Ms. Schultz, the courtroom deputy, will

11  make certain everyone knows what the plans are for the week of

12  February 28th.

13          THE DEFENDANT:  I would like a copy of the

14  transcripts as well.

15          THE COURT:  You can request from Mr. Baigmohammadi

16  whatever he has.  And to the extent he doesn't already have

17  transcripts, then the rules apply to your making that request.

18  So you should study the rules, and if you need to make a

19  request directly to the Court for those, you may, subject to

20  the rules and proper procedures.

21          THE DEFENDANT:  How would I send you a letter?

22          THE COURT:  This is where I don't give you advice,

23  sir.

24          THE DEFENDANT:  Thank you.

25          THE COURT:  So you've decided you wish to be on your

1    own, and you're on your own.

2             THE DEFENDANT:  Thank you.  Honor to Judge Mueller.

3             THE COURT:  All right.  So you are now seeking to

4    exclude time, Mr. Stafanki?

5             MR. STEFANKI:  The government is, your Honor, thank

6    you.  The defendant will need time to review the many hundreds

7    of pages of discovery including the many files that have been

8    produced by the government in this case.  The government is

9    asking for a T4 time exclusion.  And for the sake of the

10   record, the government is also noting there is a pending motion

11   to dismiss filed by the defendant prior to his initial

12   appearance.

13            THE DEFENDANT:  I'll be updating that.

14            THE COURT:  Wait, you need to not speak over anyone.

15   Mr. Stefanki, a pending motion to dismiss?

16            MR. STEFANKI:  Yes, your Honor.  It's filed at docket

17   number 8, when the defendant was represented by counsel.

18   Defense counsel had stated on the record that while they did

19   not intend to withdraw the motion, they requested it

20   essentially be held in abeyance.

21       So now that the defendant is representing himself, the

22   government will proceed to file a reply to that motion, and

23   time will be excluded under the Speedy Trial Act for the

24   purpose of a pending pretrial motion.

25            THE COURT:  All right.  Mr. Saintillus, there is a

1    motion to dismiss that was filed February 1st of 2021.  And so

2    the government is saying it will file an opposition to that,

3    and then you may file a reply.

4        If you decide to withdraw the motion to dismiss, you can

5    follow the rules and procedures and let the Court and the

6    government know.

7                    THE DEFENDANT:  I would like an update.

8                    THE COURT:  You would like to what?

9                    THE DEFENDANT:  Update the motion to dismiss.

10                   THE COURT:  So you would like to supplement it?

11                   THE DEFENDANT:  Yes.

12                   THE COURT:  All right.  Mr. Stefanki, given that, I

13   would say hold off on filing an opposition.

14       How much time do you need to supplement the motion to

15   dismiss?

16                   THE DEFENDANT:  A week or two.  Do I send it to 501,

17   Suite 4-200?

18                   THE COURT:  The -- again, I'm not the one to give you

19   that level of detail.  The clerk's office with the court, but

20   don't take that as legal advice.

21       Mr. Baigmohammadi could probably assist you, in handing off

22   the files, to provide the correct information for getting

23   something on file.

24       Could you do that, Mr. Baigmohammadi?

25                   MR. BAIGMOHAMMADI:  Yes, your Honor.

1          THE COURT:  All right.  So at this point the motion

2   to dismiss is still held in abeyance.

3      I'll note, Mr. Saintillus, that you will supplement that

4   within two weeks, and so that would be by January 21st.

5          THE DEFENDANT:  Okay.  Could it be the 25th?

6          THE COURT:  It could be the 28th.

7          THE DEFENDANT:  Okay.

8          THE COURT:  By January 28th any supplement or

9   substitute motion to dismiss will be on file.  When you file

10  that, you need to make clear should the Court also be looking

11  at the original motion to dismiss, or are you completely

12  replacing it?  Just make clear so we know what we're -- so the

13  government knows what it's responding to.

14         THE DEFENDANT:  Yes.

15         THE COURT:  All right?

16         THE DEFENDANT:  Yes.

17         THE COURT:  All right.  The government has moved to

18  exclude time under the Speedy Trial Act, and I understand it's

19  requesting that time be excluded through February 28th, and I'm

20  construing that as a request based on what we call Local Code

21  T4.  It's also federal statute 18 U.S.C. Section

22  3161(h)(7)(b)(iv), and that's a continuance granted to give

23  reasonable time to prepare, and the Court often excludes time

24  when there's new counsel.  You are now new counsel.

25      So do you join in the request to exclude time through

1    February 28th?

2             THE DEFENDANT:  I don't mind.  But I'd like to add

3    Title 18, section 241, 242 that says no one has the right to

4    denaturalize on behalf of the Court or deprive any rights or

5    based on reason of color or race.

6             THE COURT:  All right.  But you are -- you agree to

7    exclude time through February 28th?

8             THE DEFENDANT:  As long as the Court has everything

9    on record and I get the transcripts, sure.

10            THE COURT:  Well, Mr. Baigmohammadi is going to get

11   you the file, but I'm not conditioning the exclusion of time on

12   anything.  So the question -- I just need a yes or no so I'm

13   clear on your position.  I ultimately make the decision here.

14   Are you agreeing to exclude time through February 28th to give

15   you --

16            THE DEFENDANT:  I don't need time.

17            THE COURT:  -- reasonable time to prepare?

18            THE DEFENDANT:  I don't need time.

19            THE COURT:  All right.  Well, nonetheless, given that

20   you've said at the same time that you want to supplement the

21   motion to dismiss, you need time to review the files that

22   Mr. Baigmohammadi --

23            THE DEFENDANT:  I don't need to review files.

24            THE COURT:  Well, you've requested the files.  I find

25   that there's sufficient information in the record to grant an

1   exclusion of time through February 28th of 2022, giving

2   reasonable time to prepare, given that, as of today, you are

3   representing yourself, you will be receiving the file soon, it

4   will be clarifying the motion to dismiss that's been pending

5   before the Court.

6        On February 28th we'll set this for status, but let's also

7   set it for discussion of trial dates.  If Mr. Saintillus is not

8   willing to exclude time, then we need to go ahead and set trial

9   dates.

10            MR. BAIGMOHAMMADI:  Understood, your Honor.

11            THE COURT:  Mr. Saintillus, anything else?

12            THE DEFENDANT:  Will I get my opportunity to be heard

13   in my full hearing to present all I need to present?

14            THE COURT:  Once the motion is fully briefed, the

15   Court will hear that motion.  And at the status we will discuss

16   anything else we need to.  And, in particular, I'm telling you

17   now be prepared on February 28th to tell me your position as to

18   whether or not you're ready to go to trial.  Because I could on

19   that date set a trial date if the speedy trial clock is not

20   going to be stopped, then we need to set a trial date, and I am

21   prepared to do that.  I could go to trial promptly.

22            THE DEFENDANT:  I'm Moorish-Haitian American, I am

23   trying to seek status of the Court.  That must be investigated

24   before anything.

25            THE COURT:  Well, if there's a motion that allows you

1    to consider that position, you can file it, but it must comply

2    with the rules, substantive law, and all the -- all the

3    policies applicable here.

4              THE DEFENDANT:  Let the record reflect that I

5    challenge jurisdiction and status of the Court and my

6    nationality --

7              THE COURT:  Let the record so reflect.  I believe

8    we've accomplished what we need to this morning so I am going

9    to adjourn.  We are in recess.

10             MR. STEFANKI:  Thank you, your Honor.

11             THE CLERK:  Court is adjourned.

12             (Proceedings adjourned:  9:43 a.m.)

13                          ---o0o---

14   I certify that the foregoing is a correct transcript from the

15   record of proceedings in the above-entitled matter.

16

17                          /s/ Thresha Spencer
                            THRESHA SPENCER
18                          CSR No. 11788, RPR

19

20

21

22

23

24

25