PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S FURTHER MOTION TO DISMISS |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

The United States of America (the "government") respectfully requests that the Court deny defendant Chaloner Saintillus's most recent efforts to dismiss the criminal charges against him. Saintillus's filings advance a meritless view of the Court's jurisdictional power that should be summarily rejected.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Saintillus is charged by indictment with one count of conspiracy to distribute controlled substances and four counts of distributing controlled substances.  ECF No. 5.  These charges stem from Saintillus's distribution via the dark web of controlled substances such as heroin, oxycodone, oxymorphone, and fentanyl.  ECF No. 1; ECF No. 5.

On April 29, 2022, Saintillus filed a document captioned, "Motion to Compel Dismissal and Release."  ECF No. 109.  This most recent filing recycled a number of meritless claims Saintillus previously raised.  For example, it purported to appoint the Court as settlor of a trust, which would ostensibly compel the government to "sign off on the dismissal and render [Saintillus's] release."  ECF

No. 109 at 1.  Saintillus attached a number of documents to this filing, including his birth certificate, a document purporting to be an "Official Declaration-Proclamation of the Moorish American Nation, Our Status and Jurisdiction," and a declaration apparently intended to appoint the Court and the government's attorney as "successor trustee(s)/fiduciaries" which also demanded $31 million in damages.  ECF No. 109 at 6–86.  Saintillus's filing also argued that the Court has no jurisdiction over him because "every single court [is] considered a seperate [sic] foreign entity."  ECF No. 109 at 90.  And it further asserted, among other things, that the Court is without jurisdiction over Saintillus because he enjoys sovereign immunity and because "all of the United States District Court are fraudulent in nature."  ECF No. 109 at 92, 94.

## II.   ARGUMENT

Saintillus provides no valid grounds upon which to dismiss the indictment against him.  The Court should therefore deny his most recent motion and its various supplements.

### A.   The Court Has Jurisdiction to Preside Over This Case.

The Court has jurisdiction over this case because Saintillus is charged with a violation of federal criminal law and the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.  The United States District Court for the Eastern District of California is a "district court[] of the United States," and hence has jurisdiction over violations of federal criminal law.  *Id.*  Since Saintillus is charged with just such a violation of the laws of the United States, the Court has jurisdiction over him and over the criminal case in which he is a named defendant.  *See* ECF No. 5 (containing charged violations of federal criminal law).  There is no reasonable basis to conclude, as Saintillus argues, that the Court is a foreign entity or somehow fraudulent.  *See* ECF No. 109 at 90, 94.

Saintillus's other assertions are meritless and repetitive arguments derived from a so-called Moorish-American belief system that courts across the country uniformly reject.  *See, e.g., Bey v. Gascon*, No. 19-CV-03184-WHO, 2019 WL 5191012, at *5 (N.D. Cal. Oct. 15, 2019) (collecting cases in which courts rejected Moorish-American claims to being outside federal district court jurisdiction).  The Court should do the same here and emphasize to Saintillus that his repeated invocation of a nonsensical legal theory wastes the Court's time and resources.

### III. CONCLUSION

The Court should deny Chaloner Saintillus's most recent motion to dismiss. The Court has jurisdiction over this case and should express that reality clearly to the defendant.

Dated: May 6, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney