DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone:   (916) 447-8600
Fax:              (916) 930-6482
Email:         david.fischer@fischerlawoffice.com

Attorney for Defendant
CHALONER SAINTILLUS

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:20-CR-213-KJM |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE FOR VIOLATIONS OF THE SPEEDY TRIAL ACT** |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | DATE:   November 14, 2022<br>TIME:    9:00 A.M.<br>COURT: Hon. Kimberly J. Mueller |

**I.**
**INTRODUCTION**

Mr. Saintillus is charged by Indictment with Conspiracy to Distribute a Controlled Substance in Count One, and with Distribution of a Controlled Substance in Counts Two through Five.

The government violated the Speedy Trial Act by taking <u>148 days</u> to transfer Mr. Saintillus from one district to another.  This was an unreasonable delay which requires the indictment to be dismissed.

## II.
## ARGUMENT

**A. The 148-day Delay Transporting the Defendant from the Southern District of Florida to the Eastern District of California Requires the Court to Dismiss the Indictment Due to a Violation of the Speedy Trial Act.**

The government unreasonably delayed Mr. Saintilus's transfer from Florida to California to appear on these charges and the indictment must be dismissed for a violation of the STA.

The Speedy Trial Act mandates that a defendant who has pled not guilty must be tried within 70 days after the filing of an indictment, or the date on which the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for the exclusion of certain periods of time from the 70-day calculation, but even with these exclusions, more than 70 days have elapsed since his first appearance.

The Speedy Trial Act contains several exclusions from the 70-day calculation. One pertinent exclusion is for delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Another is for "any period of delay resulting from a continuance granted by any judge . . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). And another exclusion is for delay "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." Id. § 3161(h)(1)(A). **Finally, there is an exclusion for "delay resulting from transportation of any defendant from another district**, or to and from places of examination or hospitalization[.]" Id. § 3161(h)(1)(F). The latter is subject to an exception: "<u>any time consumed in excess of ten days from the date an order of removal or an order directing such transportation</u>, and the <u>defendant's arrival at the destination shall be presumed to be unreasonable</u>[.]" Id.

The defendant was arrested and appeared in the Southern District of Florida on October 28, 2020. (ECF Doc. 7).  He was indicted in the Eastern District of California on November 12, 2020 (ECF Doc. 5); however, the government did not bring the defendant to the Eastern District of California to appear in court until March 24, 2021 (ECF Doc. 10). There are 148 days between October 28, 2020, and March 24, 2021.  Any time consumed in excess of ten days is presumed to be unreasonable.

The coronavirus alone is not a basis for exclusion.  Courts in this district have found that the coronavirus alone does not give the court liberty to simply exclude time.  Rather, the court must conduct a "deliberate inqur[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case." *U.S. v. Sheikh*, 2:18-cr-00119 WBS, 2020 U.S. Dist. LEXIS 188189, at *9 (E.D. Cal. Oct 9, 2020) | 2020 WL 5995226 citing *U.S. v. Smith*, No. 2:19-cr-00213 JAM, 2020 U.S. Dist. LEXIS 88158, 2020 WL 2541713, AT *5 (E.D. Cal. May 19, 2020).

Here, it took the government 148 days to transport the defendant from Florida to California.  Even with the existence of the coronavirus, 148-days is an unreasonable delay that is a violation of the Speedy Trial Act.  The Court must dismiss the indictment.

### B. The 131-day Delay Due to Competency Proceedings Violated the STA and Requires the Indictment to be Dismissed with Prejudice.

On June 24, 2021, the Court order the defendant committed to the custody of the Attorney General for a reasonable period of time, in no event to exceed 45 days with extensions granted, for placement in a suitable facility that is the BOP facility closest to the Robert T. Matsui U.S. Courthouse in Sacramento to undergo a mental competency examination. (ECF Doc. 40).   The warden of the Metropolitan Detention Center waited until July 30, 2021 (36 days after the order) to write a letter that was not filed until August 5, 2021 (42 days after the order), which stated that BOP could not comply with the order and requested an extension. (ECF Doc. 50).   On September 28, 2020, BOP informed the Court that the interviews and testing utilized to formulate an opinion of Mr. Saintillus's competency had been completed, and the U.S. Marshals Service was notified that Mr.

1  Saintillus was ready to be transported back to Sacramento (ECF Doc. 53); however, more
2  time was needed to review supplemental material and to formulate an opinion.  Mr.
3  Saintillus's memory is that he was not returned to Sacramento until November 7, 2021,
4  and the Sacramento Sheriff's website shows he was last booked into the jail on November
5  16, 2021, at 1:29 p.m.

6      As discussed above, one exclusion under the STA is for delay "resulting from any
7  proceeding, including any examinations, to determine the mental competency . . . of the
8  defendant." Id. § 3161(h)(1)(A). **Finally, there is an exclusion for "delay resulting from**
9  **transportation of any defendant from another district**, or to and from places of
10 examination or hospitalization[.]" Id. § 3161(h)(1)(F). The latter is subject to an exception:
11 "any time consumed in excess of ten days from the date an order of removal or an order
12 directing such transportation, and the defendant's arrival at the destination shall be
13 presumed to be unreasonable[.]" *Id.*

14     Here, 131 days is well beyond the 45 days allowed for mental competency
15 examinations, and the indictment must be dismissed for a violation of the STA.
16 Alternatively, either 31 days or 40 days (as calculated by using the time between September
17 28, 2021 and either November 7, 2021 or November 16, 2021) must be excluded from the
18 STA clock as any time consumed beyond 10 days to transport the defendant is
19 unreasonable.[1]

20 //
21 //
22 //
23 //
24 //
25 //
26 //

---

[1] The number of days between September 28, 2021 and November 7, 2021 is 41 days.  The number of days between September 28, 2021 and November 16, 2021 is 50 days.  Subtracting 10 days from each of those dates for transportation how the defense arrived at 31 and 40 days respectively.

Defendant's Motion to Dismiss Indictment with Prejudice for Violation of the Speedy Trial Act

## II.
## CONCLUSION

The defendant moves for an order dismissing his indictment with prejudice for a violation of the Speedy Trial Act.


Dated:  October 11, 2022			Respectfully submitted,

						/s/ David D. Fischer
						DAVID D. FISCHER
						Attorney for Defendant
						CHALONER SAINTILLUS