DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone:   (916) 447-8600
Fax:              (916) 930-6482
Email:          david.fischer@fischerlawoffice.com

Attorney for Defendant
CHALONER SAINTILLUS

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:20-CR-00213-KJM |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS INSUFFICIENT INDICTMENT WITH PREJUDICE** |
| v. | |
| CHALONER SAINTILLUS, | DATE:    November 14, 2022 |
| Defendant. | TIME:     9:00 A.M. |
| | COURT: Hon. Kimberly J. Mueller |

## I.
## INTRODUCTION

Mr. Saintillus is charged by Indictment with Conspiracy to Distribute a Controlled Substance in Count One, and with Distribution of a Controlled Substance in Counts Two through Five.

Count One of the Indictment must be dismissed because the Indictment failed to allege essential elements, and dismissal is required. The conspiracy alleged in Count One is insufficient because it lacks the claim that there was an agreement and specific intent to commit an unlawful act.  This requires Count One to be dismissed.

Counts Two through Five are missing essential elements for failing to use the words "unlawfully" and "with intent."

Because essential elements are missing in each of the counts in the Indictment, the Indictment must be dismissed with prejudice.

## II.
## ARGUMENT

### A. An Indictment Must Contain All Essential Elements of an Offense

The Fifth and Sixth Amendment guarantees the right to be charged with commission of a federal felony by grand jury indictment. The Sixth Amendment requires that in criminal prosecutions, the accused shall be informed of the nature and cause of accusation. *United States v. Hodge,* 211 F.3d 74 (3rd Cir. 2000). The indictment must state all elements of the crime charged. *United States v. Hinton,* 222 F.3d 664, 672 (9th Cir. 2000). An indictment must allege every essential element of a charged offense. *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979); *United States v. Du Bo*, 186 F.3d 1177, (9th Cir. 1999); *United States v. Omer*, 395 F.3d 1087 (9th Cir. 2000). An indictment which fails to allege an essential element of an offense is defective and subject to dismissal. *United States v. Omer*, at 1088, citing *Du Bo* at 1179. An indictment that tracks the words of the statute violated is generally sufficient, but implied, necessary elements, not present in the statutory language, must be included in an indictment. *U.S. v. Jackson,* 72 F.3d 1370, 1380 (9th Cir. 1995) citing *U.S. v. Musacchio,* 968 F.2d 782, 787 (9th Cir. 1991); *U.S. v. Morrison,* 536 F.2d 286, 289 (9th Cir. 1976). Even when the indictment tracks the language of the statute, it must be accompanied by a statement of facts and circumstances sufficient to inform the accused of the specific offense which he is charged. *United States v. Schmitz,* 634 F.3d 1247, 1261-1263 (11th Cir. 2011). When defendant seeks dismissal of an indictment, the question is not whether the government has presented enough evidence to support the charges, but solely whether the allegations in the Indictment are sufficient to apprise the defendant of the charged offenses. *United States v. Stepanets,* 879 F.3d 367, 372-373 (1st Cir. 2018).

The failure of an indictment to charge essential elements cannot be cured by the trial court by amendment or through jury instructions. The Supreme Court has stated:

> " The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 771, 82 S. Ct. 1038, 1051, 8 L. Ed. 2d 240 (1962) (citing *Stirone v. United States*, 361 U.S. 212, 218, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960). To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him. *Russell*, 369 U.S. at 770, 82 S. Ct. 1038, 8 L. Ed. 2d 240 ; *Jeffers v. United States*, 392 F.2d 749, 752-53 (9th Cir. 1968).

(*United States v. Keith* (9th Cir. 1979) 605 F.2d 462, 464.)

**B. Count One of the Indictment in this Case Fails to Include Essential Elements and Dismissal is Required.**

Count One is missing the actus reus required to commit the crime. It is missing the allegation that the defendant "agreed" or that there was an "agreement." Count One is missing the terms "unlawfully" and "with intent." The words "agree" or "agreement" would have been the nucleus of the indictment, and since those words are missing, it renders the indictment unconstitutionally vague. Just using the word "conspire" is insufficient. All of elements must be present to adequately inform the defendant of the nature and cause of the accusation. The indictment read as a whole is vague. Each count must stand on its own. To be legally sufficient, a conspiracy count in an indictment must set forth "the agreement and specific intent" to commit an unlawful act, and when required by statute, an over act." *U.S. v. Werme,* 939 F.2d 108, 112 (3rd Cir. 1991). The conspiracy alleged in Count One is insufficient because it lacks the claim that there was

an agreement and specific intent to commit an unlawful act. This requires Count One to be dismissed. Dismissal is not only required, but it must be with prejudice.

Counts Two through Five are missing essential elements for failing to use the words "unlawfully" and "with intent." These counts do not contain sufficient facts for the defendant to know what he must defendant against. Counts Two through Five simply track the language of the statute, and are not accompanied by a statement of facts and circumstances sufficient to inform the defendant of the specific offenses which he is charged, as required by *United States v. Schmitz,* 634 F.3d 1247, 1261-1263 (11th Cir. 2011). Accordingly, these counts must be dismissed.

A failure of an indictment to include the necessary allegation of criminal intent generally constitutes a fatal defect that cannot be cured through jury instructions, because a completely missing essential element leaves nothing for the jury to ratify. *United States v. Du Bo*, 186 F.3d at 1179 (9th Cir. 1999). The failure to include an essential element renders the indictment constitutionally defective and a correct citation to the statute is not sufficient to compensate for the exclusion. *United States v. Kurka,* 818 F.2d 1427 (9th Cir. 1987).

### III.
### CONCLUSION

Counts One through Five of Mr. Saintillus's Indictment fails to allege specific essential elements of the offenses. The charges in the Indictment are unconstitutionally vague as it does not afford the defendant his right to claim Double Jeopardy in future prosecutions. An Indictment's failure to recite an essential element of the charged offense is a fatal flaw requiring dismissal of the indictment with prejudice. *United States v. Qazi,* 975 F.3d 989 (9th Cir. 2020). The essential elements are of the charges are missing, which makes the Indictment fatally defective, and it must be dismissed.

Dated: October 11, 2022            Respectfully submitted,

/s/ David D. Fischer
DAVID D. FISCHER
Attorney for Defendant
CHALONER SAINTILLUS