PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHALONER SAINTILLUS,

Defendant.

CASE NO. 20-CR-213 KJM

GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS (SPEEDY TRIAL ACT CLAIMS)

DATE: November 14, 2022
TIME: 9:00 a.m.
COURT: Hon. Kimberly J. Mueller

## I. INTRODUCTION

Chaloner SAINTILLUS moves the Court to dismiss the Indictment against him because of what he claims are two separate violations of the Speedy Trial Act, 18 U.S.C. § 3161, each resulting in more than 70 days of delay. SAINTILLUS is incorrect. His first claim is based on the time between his arrest in Florida and his first appearance on the Indictment in this district. None of that time counts towards the 70-day period because it elapsed before his first appearance in this district. SAINTILLUS's argument to the contrary rests on a mis-reading of the statute. Thus, this claim fails. His second claim is based on the time it took to complete his competency evaluation, which he says exceeded the time allowed under the statutory provisions related to that process. This claim too is based on a mis-reading of the statute. The Speedy Trial Act does not import the competency evaluation sections' timelines – they are separate schemes, and the Court may (and did) properly exclude all of the time devoted to that

process. The Court excluded that time on a second basis as well – so that SAINTILLUS's attorney would have adequate time to prepare an effective defense. SAINTILLUS agreed to those time exclusions on both bases. He cannot now seek dismissal using the time that elapsed during that period. Thus, SAINTILLUS's second claim fails too. There was no Speedy Trial Act violation, and thus there is no basis to dismiss the Indictment. The Court should deny his motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

SAINTILLUS sold drugs over the dark web. Federal agents, acting undercover, purchased drugs from him on 12 occasions. By tracing the packages themselves, the agents were able to identify SAINTILLUS as the person sending the drugs, and they identified his residence in Florida. In late October 2020, the agents obtained a criminal complaint in this district (because SAINTILLUS had shipped the drugs here). The agents then executed arrest and search warrants at his residence in Florida.

SAINTILLUS first appeared before a magistrate judge in the Southern District of Florida on October 28, 2020. See S.D. Fl. Case No. 20-mj-08364 DLB-1, Dkt #3. At that appearance, he contested detention and demanded an identity hearing. Id. The court held that hearing on November 20, 2020, and found that SAINTILLUS was the person named in the Eastern District of California complaint (and by that time, Indictment), and ordered him removed to this district. Id. Dkt #8-9.

As the Court will recall, this was at the height of the first wave of the COVID-19 pandemic, when case rates were high and climbing, much of the United States was still in some form of lockdown, and there were no vaccines yet available. See Centers for Disease Control & Prevention, "Trends in the Number of COVID-19 Cases and Deaths in the US Reported to the CDC," at https://covid.cdc.gov/covid-data-tracker/#trends_dailycases_select_00 (last visited Oct. 18, 2022). Indeed, SAINTILLUS's identity hearing took place over the Zoom platform because the court was closed due to the pandemic.[1]

SAINTILLUS made his first appearance in this district and was arraigned on the Indictment on March 26, 2021. Dkt #13. The Court had attempted arraignments on the two previous days, but SAINTILLUS had refused to leave his cell and come to court, resulting in continuances. Dkt #10, 11.

---

[1] The court closures nationwide did not prevent SAINTILLUS from litigating his case. He filed his first motion to dismiss (of what would be several) on January 20, 2021. See S.D. Fl. Dkt #11.

Less than three months later, on June 16, 2021, SAINTILLUS asked to fire his court-appointed counsel and proceed in pro se. Dkt #29, 32 (Tr. of June 16, 2021 hrg) at 4:12-15. Based on its own observations of SAINTILLUS's disruptive behavior during the hearing and his attorney's report that he refused to assist in his own defense, the Court directed that SAINTILLUS undergo a competency evaluation. Dkt #33. On June 24, 2021, the Court issued an order committing him for that analysis. Dkt #40. The medical staff evaluating SAINTILLUS requested two extensions of time: one to complete the evaluation, Dkt #50, and one to complete the report on that evaluation, Dkt #53. SAINTILLUS appears to have returned to the Eastern District between November 7 and 16, 2021. The Court received the mental health evaluation on or about November 29, 2021, Dkt #66, and set the matter for a competency hearing two weeks later, Dkt #65. At the hearing, which took place on January 7, 2022, the Court found SAINTILLUS to be competent and granted his request to proceed in pro se. Dkt #69.

All of the time (except for two days)between the day the Court committed SAINTILLUS for a competency evaluation, June 24, 2021, and the day it held the hearing on that issue, January 7, 2022, was excluded on two bases: to allow time for the competency proceedings to take place (local code A (referring to § 3161(h)(1)(A)), and to allow for the effective preparation of counsel (local code T4 (referring to § 3161(h)(7)(B)(iv)), based on defense counsel's need to review discovery and conduct her own investigation of the facts underlying the charges. See Dkt #s 32 and 33 (Jun. 16 to Jul. 19, 2021); 46 and 47 (Jul. 19 to Aug. 9, 2021); 51 and 52 (Aug. 9 to Oct. 4, 2021); 54 and 55 (Oct. 4 to Oct. 18, 2021); 56 and 57 (Oct. 18 to Nov. 1, 2021); 58 and 59 (Nov. 1 to Nov. 15, 2021); 63 (Nov. 17 to Dec. 1, 2021); 68 (Dec. 1, 2021 to Jan. 7, 2022).

SAINTILLUS agreed, through counsel, that all of those time exclusions were necessary both to allow time for his competency evaluation and to allow time for his attorney to prepare.

## III. DISCUSSION

SAINTILLUS asks the Court to dismiss the Indictment because, he says, there are two periods of unexcluded time, both of which exceed the 70 days the Speedy Trial Act allows to commence trial. The first was the time between his arrest in Florida on October 27, 2020 and his first appearance in this district, on March 24, 2021. Mot. at 2:7-9. The second was the time between June 24, 2021 and

November 16, 2021, when he was undergoing a competency evaluation. Id. at 3-4. It was SAINTILLUS's burden to demonstrate a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2); United States v. Murphy, 241 F.3d 447, 453-54 (6th Cir. 2001). He has not met that burden.

**A. The Pre-Arraignment Delay Does Not Count Towards the 70-Day Period.**

None of the time between SAINTILLUS's arrest in Florida and his appearance on the Indictment in this district counts towards the 70-day limit. The Speedy Trial Act requires that the government bring a defendant in a criminal case to trial within 70 days after the later of two events: "the filing date (and making public) of the . . . indictment," or "the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). Where a defendant is arrested in another district, the clock begins the day after he makes his first appearance in the charging district. United States v. Lynch, 726 F.3d 346, 353 (2d Cir. 2013); United States v. Palomba, 31 F.3d 1456, 1461-62 (9th Cir. 1994); United States v. Wickham, 30 F.3d 1252, 1254 (9th Cir. 1994); United States v. Wilson, 720 F.2d 608, 609 (9th Cir. 1983); United States v. Trujillo, 2013 WL 2301802, at *1 (E.D. Cal. May 24, 2013) ("Case law is clear – the Speedy Trial Act's seventy day period does not begin to accrue until a defendant appears in the particular court where the charges against him are pending."). The earlier appearance in the foreign district doesn't start the Speedy Trial Act's clock.

In Lynch, for example, the defendant was arrested in New Jersey on a Connecticut complaint. 726 F.3d at 349. He appeared on the complaint in New Jersey and was ordered detained, and then removed to Connecticut. Id. About 30 days later, he appeared before a magistrate in Connecticut and was arraigned on the indictment.[2] Id. The defendant later moved to dismiss the indictment, arguing (as SAINTILLUS does here) that all of the time he spent in transport (save for 10 days) should be counted towards § 3161(c)(1)'s 70-day limit. Id. at 350. The Second Circuit disagreed, holding that the Speedy Trial Act's 70-day clock did not begin to run until he first appeared on the indictment in Connecticut, the charging district. Id. at 353.

And in Wilson, the defendant was arrested in Alaska on an information filed in the Central

[2] As in this case, the government in Lynch obtained an indictment between the time the defendant was arrested on the complaint in the foreign district and when he first appeared in the charging district. Nonetheless, it was the appearance in Connecticut that started the clock.

District of California. 720 F.2d at 608-09. She appeared before a judge in Alaska and was ordered removed to California. Id. at 609. She later moved to dismiss the information, arguing that the 70-day clock began running when she appeared before the judge in Alaska, and that including the time between that appearance and her appearance in the Central District of California meant trial did not commence within 70 days. Id. The Ninth Circuit disagreed, holding that "the 70-day time period did not begin running until Wilson first appeared before a judicial officer of the charging district, the Central District of California." Id.

Here, SAINTILLUS was arrested in the Southern District of Florida. He contested identity, and went to a hearing on that issue in Florida, and was eventually removed to the Eastern District of California. SAINTILLUS first appeared before a judge in this district on March 24, 2021. That is the date that the Speedy Trial's Act's 70-day clock began to run. His appearance in Florida did not trigger the 70-day clock. And thus none of the time between his arrest and appearance in Florida, and his eventual appearance in this district, counts towards the 70-day limit.

SAINTILLUS argues that the period between October 28, 2020 and March 24, 2021 should count because, he contends, the 70-day clock begins on "the date on which the defendant first appears before a judicial officer." Mot. At 2:12. That's an incorrect summary of § 3161(c)(1). Section 3161(c)(1) does not state that the clock starts running upon the defendant's appearance "before a judicial officer"; it states that the clock starts running upon the defendant's appearance "before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). The final clause, "in which such charge is pending," is important. And it's clear. As the above authorities have stated – and SAINTILLUS cites no authority to the contrary – any delay between the defendant's arrest in a foreign district and his appearance in the charging district does not count towards the 70-day calculation.

SAINTILLUS also relies on § 3161(h)(1)(F), which states that any transport time in excess of 10 days is presumed to be unreasonable, for his argument that the time it took to get SAINTILLUS from Florida to California counts towards the Speedy Trial Act's 70-day limit. Mot. at 2:23-28. The Second Circuit rejected exactly this argument in Lynch. There too, the defendant argued that § 3161(h)(1)(F)'s limitation on the travel time exclusion applied to time that elapsed before the defendant first appeared in the charging district. The court held that "that limitation on the exclusion for travel time only applies to

travel time after [the defendant's] arraignment in Connecticut on the indictment." 726 F.3d at 352-53. In other words, § 3161(h)(1)(F) does not alter or modify § 3161(c)(1)'s basic statement that the clock starts running after the defendant reaches the charging district.

Accordingly, SAINTILLUS's request to dismiss under the Speedy Trial Act based on the time it took to transport him from Florida to California fails.

**B. SAINTILLUS Agreed to Exclude the Time Covered By His Competency Evaluation.**

SAINTILLUS also argues that the time needed for his competency evaluation warrants dismissal because it was more than 70 days longer than the period that a different part of the U.S. Code, § 4141 et seq, allows for that process. Mot. at 3-4. SAINTILLUS's argument fails for two reasons. First, he overlooks the fact that he agreed to exclude time during that entire period.[3] Accordingly, he is foreclosed from asking the Court to dismiss the Indictment for any delay during that period. United States v. Rothrock, 20 F.3d 709, 710 (7th Cir. 1994) ("A defendant cannot obtain a continuance, request that the time be excluded for the Act's purposes, and then count that time in a speedy trial motion."); United States v. Culp, 7 F.3d 613, 617 (7th Cir. 1993) (affirming denial of a motion to dismiss where the defendant requested that the court exclude part of the time he claimed in his motion); United States v. Shandell, 800 F.2d 322, 324 (2d Cir. 1986) ("Appellant cannot now contend that the Government's case should be dismissed because of the additional time which he himself insisted was necessary. This, as the district court stated, would be 'mousetrapping of a rather egregious order.'").

Here, the entire period needed for SAINTILLUS's competency evaluation (save for two days) was covered by exclusions of time under both local codes A (referring to § 3161(h)(1)(A)) and T4 (referring to § 3161(h)(7)(B)(iv)). See Dkt #s 32 and 33 (Jun. 16 to Jul. 19, 2021); 46 and 47 (Jul. 19 to Aug. 9, 2021); 51 and 52 (Aug. 9 to Oct. 4, 2021); 54 and 55 (Oct. 4 to Oct. 18, 2021); 56 and 57 (Oct. 18 to Nov. 1, 2021); 58 and 59 (Nov. 1 to Nov. 15, 2021). SAINTILLUS agreed, through his counsel, to those time exclusions. Though he appears to assert that the time exclusions under § 3161(h)(1)(A) were improper (they were not, as discussed below), he does not contest that his attorney agreed to them. Nor

[3] SAINTILLUS claims that the period in question is June 24, 2021 through November 16, 2021. It appears from the docket that SAINTILLUS's competency proceedings were not completed until January 7, 2022. Regardless, SAINTILLUS agreed to time exclusions for that entire period, save for two days.

does he contest that his attorney needed that time to review discovery, conduct her own investigation, and prepare generally for trial. SAINTILLUS cannot now claim that those periods should count in a Speedy Trial Act analysis.

**C. The Competency Provisions Do Not Limit the Speedy Trial Act Exclusions.**

Second, SAINTILLUS appears to argue that because § 4247(b) only allows a certain period for the competency evaluation, therefore only those periods are properly excluded under the Speedy Trial Act's § 3161(h)(1)(A). Mot. at 3:19-28. If that is SAINTILLUS's argument, it's incorrect. As one court said, it mixes apples and oranges. See United States v. Hancock, 962 F. Supp. 1291, 1293 (D. Haw. 1997) ("Defendant's argument, however, mixes apples and oranges. Defendant correctly states that § 4247(b) sets out a thirty day limit (that may be extended) for a competency examination. That thirty day limit however applies only to § 4247, not to the STA. The STA provision concerning the exclusion of time spent on a competency examination conspicuously omits any time limit."). The time exclusion in § 3161(h)(1)(A) is not limited by the period(s) set forth in § 4247(b); they are different statutory sections with different purposes. United States v. DeGarmo, 450 F.3d 360, 363 (8th Cir. 2006); United States v. Taylor, 353 F.3d 868, 869-70 (10th Cir. 2003); United States v. Murphy, 241 F.3d 447, 456 (6th Cir. 2001) ("We have not addressed this specific issue; however, every other circuit that has addressed the issue has concluded that time associated with mental competency examinations are [sic] excluded from the Speedy Trial clock. . . . The reasoning of the Seventh and Ninth Circuits is persuasive. We therefore conclude that § 4247(b) does not limit the time excludable under the Speedy Trial Act for mental competency examinations."); United States v. Miranda, 986 F.2d 1283, 1285 (9th Cir. 1993) ("The plain language of the Speedy Trial Act gives no indication that an exclusion for a competency evaluation must be so limited [by § 4247(b)].").

In Miranda, for example, the district court excluded 106 days for a competence examination and report. 986 F.2d at 1284. The defendant moved to dismiss, arguing that § 4247(b) only permitted the exclusion of 45 days, and thus that § 3161 did not permit the court to exclude the balance. Id. The Ninth Circuit disagreed, saying that "[t]he plain language of the Speedy Trial Act gives no indication that an exclusion for a competency evaluation must be so limited." Id. at 1285. Noting that § 3161(h)(1)(A) expressly allows for the exclusion of "any period of delay" resulting from competency

proceedings, the Ninth Circuit found it significant that Congress could have written the statutes so that § 4247(b) modified or limited § 3161(h)(1)(A), but did not. Id. "[T]here is no compelling reason that the two statutes be linked," the court held, "[w]e refuse, therefore, to find a limitation where Congress did not expressly create one." Id. It affirmed the exclusion of all 106 days. Id.

Here too, the competency examination took longer than anticipated for the reasons set forth in the two letters (Dkt #50 and 53) from the Metropolitan Detention Center: restrictive COVID-19 protocols, including quarantine of all new arrivals, restricted movement within the facility, and modified operations; an unusually high volume of cases; and court appearances by evaluators. The evaluation itself appears to have taken approximately 83 days, and the report required another 59 days.[4] SAINTILLUS argues that the time it took to transport him from the MDC back to Sacramento exceeded 10 days, Mot. at 4:16-19, and that all of the additional transportation time should count against the 70 days allowed under the Speedy Trial Act. But SAINTILLUS made it back to Sacramento before the report on his competency was complete, and well before the eventual hearing on his competency to stand trial and represent himself. All of the time through the completion of those proceedings was properly excluded under § 3161(h)(1)(A) because it was necessary to the Court's determination of these two fundamental issues. Thus, in this case, it is immaterial whether some portion of SANTILLUS's transportation time was properly excluded under § 3161(h)(1)(F) because there is no dispute that the competency proceedings were ongoing throughout that period, and § 3161(h)(1)(A) permits the Court to exclude time for those proceedings. And the Court did, in fact, exclude time during that period and for that purpose.

For both of these reasons, SAINTILLUS's second claim also fails.

## IV. CONCLUSION

As discussed above, there was no Speedy Trial Act violation in this case. All of the time

[4] It appears SAINTILLUS arrived at the MDC between July 8 and July 12, 2021, Dkt #50, and as of September 28, 2021, the MDC had completed the interviews and testing, Dkt #53, though the psychologists did not complete their analysis of those interviews and tests until November 26, 2021, Dkt 66. It is 83 days between July 8 and September 28, 2021. It is another 59 days between September 28 and November 26, 2021.

SAINTILLUS identifies either does not count towards the 70-day clock, or was properly excluded. For these reasons, the Court should deny his motion.

Dated: October 24, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ FRANK RIEBLI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorney

9

GOV'T OPP'N TO MOT. TO DISMISS (STA)