PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT |
| v. | |
| CHALONER SAINTILLUS, | DATE: November 14, 2022<br>TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

The Court should deny defendant Chaloner Saintillus's motion to dismiss the indictment in this case. The indictment adequately and completely alleges all the required elements of the drug distribution crimes Saintillus is charged with committing. Additionally, the United States of America (the "government") anticipates that a grand jury will return a superseding indictment prior to the next hearing that will render his motion moot in any case.

## I.     PROCEDURAL BACKGROUND

On November 12, 2020, a grand jury sitting in the Eastern District of California returned an indictment charging Saintillus with one count of conspiracy to distribute a controlled substance and four counts of distributing controlled substances. Indictment, ECF No. 5. The conspiracy count in the indictment (Count One) alleges that Saintillus,

> beginning on a date unknown but no later than in or around August 2019 and continuing through in or around October 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did

conspire with other persons, unknown to the Grand Jury, to knowingly and intentionally distribute heroin, a Schedule I controlled substance, oxymorphone, a Schedule II controlled substance, oxycodone, a Schedule II controlled substance, and at least 400 grams of a mixture and substance containing a detectable amount of [fentanyl], a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

ECF No. 5 at 1.  Count Two alleges that Saintillus "did knowingly and intentionally distribute oxymorphone, a Schedule II controlled substance."  ECF No. 5 at 2.  Counts Three and Four allege that Saintillus "did knowingly and intentionally distribute heroin, a Schedule I controlled substance," as well as fentanyl.  ECF No. 5 at 2.  Count Five alleges that Saintillus "did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance."  ECF No. 5 at 2.  Each of Counts Two through Five alleges that Saintillus's actions constituted violations of "Title 21, United States Code, Section 841(a)(1)."  ECF No. 5 at 2.

On October 11, 2022, Saintillus moved to dismiss the conspiracy count because it "is missing the allegation that the defendant 'agreed' or that that there was an 'agreement.'"  Def.'s Mot. to Dismiss Insufficient Indictment With Prejudice at 3, ECF No. 155.  Saintillus asserts that the absence of the word "agree" or "agreement" is a fatal flaw that "renders the indictment unconstitutionally vague."  ECF No. 155 at 3.  Saintillus also moved to dismiss the indictment's distribution counts on the basis that they "are missing essential elements for failing to use the words 'unlawfully' and 'with intent.'"  ECF No. 155 at 4.  Saintillus argues that, because of these purportedly missing words, the distribution counts "do not contain sufficient facts for the defendant to know what he must defendant [sic] against" and do not "include the necessary allegation of criminal intent."  ECF No. 155 at 4.

## II.   LEGAL BACKGROUND

"An indictment 'must be a plain, concise and definite written statement of the essential facts constituting the offense charged.'"  *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (quoting Fed. R. Crim. P. 7(c)(1)).  "An indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied."  *United States v. Christopher*, 700 F.2d 1253, 1257 (9th Cir. 1983) (citing *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976)).

///

"Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *Forrester*, 616 F.3d at 940 (quoting *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004)).  The elements of the crime of distributing drugs are (i) the defendant knowingly distributed a controlled substance, and (ii) the defendant knew that it was the controlled substance charged in the indictment or that it was some other federally controlled substance.  Ninth Cir. Model Crim. Jury Instrs. § 12.4 (2022).  The elements of a drug conspiracy are (i) there was an agreement between two or more persons to distribute drugs, and (ii) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.  Ninth Cir. Model Crim. Jury Instrs. § 12.5 (2022).  Hence, a drug conspiracy indictment is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated."  *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981) (quoting *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978), *overruled on other grounds by United States v. Rodriguez*, 612 F.2d 906, 919 & n.35 (5th Cir. 1980)).

### III.   ARGUMENT

The Court should deny Saintillus's motion because the indictment sufficiently alleges the elements of the charged offenses.  Additionally, the government anticipates that a grand jury will return a superseding indictment prior to a hearing on Saintillus's motion that will render his motion moot.

#### A.   The Conspiracy Count Is Constitutionally Sufficient.

The indictment's conspiracy count properly alleges a drug conspiracy because it charges that Saintillus conspired to distribute controlled substances between August 2019 and October 2020, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  ECF No. 5 at 1.  The indictment therefore contains all the required constituent parts of a constitutionally sufficient drug conspiracy charge: "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated."  *Tavelman*, 650 F.2d at 1137.

Saintillus contends that the conspiracy count should be dismissed because it fails to allege that he entered into an agreement.  ECF No. 155 at 3 (arguing that Count One "is missing the allegation that the defendant 'agreed' or that there was an 'agreement'").  This argument fails for at least two reasons. First, the conspiracy count does, in fact, allege an agreement to distribute drugs because a conspiracy is

OPPOSITION TO MOTION TO DISMISS INDICTMENT                                3

a criminal agreement.  *See* Ninth Cir. Model Crim. Jury Instrs. § 12.5 (2022) ("A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.").  Since Count One charges that Saintillus "conspire[d] with other persons, unknown to the Grand Jury, to knowingly and intentionally distribute" controlled substances, it clearly and forthrightly alleges that Saintillus entered into a criminal agreement in violation of 21 U.S.C. §§ 846 and 841(a)(1).  ECF No. 5 at 1.

Second, contrary to Saintillus's position, the words "agree" and "agreement" are not talismanic.  *See* ECF No. 155 at 3 ("The words 'agree' or 'agreement' would have been the nucleus of the indictment, and since those words are missing, it renders the indictment unconstitutionally vague.").  Saintillus certainly cites no authority saying they are.  The only case he does cite in this section of his motion, *United States v. Werme*, 939 F.2d 108, 112 (3d Cir. 1991), analyzed whether a conspiracy to violate the Travel Act must allege all the elements of that underlying offense.  The Third Circuit held in that case that an "indictment charging a conspiracy under 18 U.S.C. § 371 need not specifically plead all of the elements of the underlying substantive offense." *Id.*  Nothing in *Werme* stands for the proposition that a drug conspiracy charge must contain "agree" or "agreement" to be legally sufficient.

Indeed, the government can and frequently does properly indict drug conspiracy defendants using derivations of the word "conspire."  *See, e.g.*, *United States v. Fuller*, No. 16-CR-867-GPC, 2017 WL 3457166, at *5 (S.D. Cal. Aug. 11, 2017) (approving indictment language charging that defendant "did knowingly and intentionally conspire with other persons known and unknown to the grand jury, to distribute controlled substances, to wit: oxycodone").  Hence, regardless of whether the word "agree" or "agreement" appears on its face, the indictment's conspiracy count fairly "informed [Saintillus] of the offense charged." *Forrester*, 616 F.3d at 940; *see also Tavelman*, 650 F.2d at 1137 ("Count I of the indictments alleged that Tavelman and Job conspired, between July 12 and July 20, 1979, to possess cocaine with intent to distribute it . . . .").

The Court should deny Saintillus's motion to dismiss the conspiracy count in the indictment.

///

///

///

OPPOSITION TO MOTION TO DISMISS INDICTMENT

B. **The Distribution Counts Clearly and Succinctly Set Forth the Elements of Each Charged Offense.**

The Court should deny Saintillus's motion to dismiss Counts Two through Five of the indictment because those counts clearly and succinctly advise Saintillus of the crimes he is charged with committing.  *See Forrester*, 616 F.3d at 940.

Each distribution count charges that on or around specific dates in 2020, Saintillus "knowingly and intentionally" distributed controlled substances.  ECF No. 5 at 2.  The distribution counts track the statutory language of 21 U.S.C. § 841(a)(1), include allegations regarding all the elements of a violation of that statute, and put Saintillus on notice that he is charged with distributing what he knew to be controlled substances in the Eastern District of California.  *See* Ninth Cir. Model Crim. Jury Instrs. § 12.4 (2022); *Christopher*, 700 F.2d at 1257 ("An indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied.").  Indeed, the distribution counts use the same or similar charging language that has been approved by district courts across the country for decades.  *See, e.g.*, *United States v. Osborne*, No. 0:08-cr-00142-DSD-SRN, 2008 WL 5104259, at *2 (D. Minn. Nov. 25, 2008) (rejecting motion to dismiss indictment containing similar charging language because it "adequately sets forth the essential elements of each of the charged offenses and fairly informs Defendant of the charges against him"); *United States v. Moore*, No. CR 07-32-BU-DWM, 2007 WL 2908839, at *1 (D. Mont. Oct. 3, 2007) (approving nearly identical language that "set forth the elements of possession with intent to distribute cocaine and distribution of cocaine, respectively" and contained "dates and places where these offenses were allegedly committed"); *Edwards v. United States*, No. 4:94-CR-010-A, 2002 WL 31163612, at *1 (N.D. Tex. Sept. 26, 2002) ("The indictment tracked the language of 21 U.S.C. § 841(a)(1) by alleging that he knowingly and intentionally distributed a controlled substance, cocaine base, on or about August 4, 1993."); *United States v. Shepard*, 188 F.R.D. 605, 609 (D. Kan. 1999) (finding indictment language sufficient where it charged that "defendant knowingly and intentionally distributed 2.14 grams of crack cocaine on March 1, 1999" because it "alleges the specific date of distribution, describes the general location of the distribution . . . , identifies the specific controlled substance distributed, and alleges the amount of the controlled substance distributed"); *cf. United States v. Lee*, No. 3:08-CR-00006-JWS-

DMS, 2008 WL 11395548, at *1 (D. Alaska July 7, 2008) (magistrate judge report and recommendation) (rejecting challenge to indictment charging that defendant "did knowingly and intentionally distribute" controlled substances and did "aid and abet the same" because that language "mirrors the statutory language and alleges all the elements necessary to charge the defendant with aiding and abetting in the distribution of controlled substances").

Saintillus argues that the distribution counts are inadequate "for failing to use the words 'unlawfully' and 'with intent.'" ECF No. 155 at 4. This argument fails for at least three reasons. First, it ignores that the indictment alleges that Saintillus "knowingly and intentionally" distributed controlled substances on various dates in 2020. ECF No. 5 at 2. This language clearly and succinctly sets forth the *mens rea* of the charged crimes, and Saintillus provides no authority for his contrary contention that "with intent" means something different from "knowingly and intentionally." *See Christopher*, 700 F.2d at 1257 (holding that an indictment should be "construed according to common sense"). Second, the authority Saintillus does provide is unpersuasive because none of it has anything to do with the statutory provision he is charged with violating. *See United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) ("Du Bo appeals his conviction for interference with commerce by extortion, in violation of 18 U.S.C. § 1851."); *United States v. Kurka*, 818 F.2d 1427, 1428 (9th Cir. 1987) ("The dispositive issue presented on appeal is whether 'willful' damage to motor vehicles is an essential element of the crime proscribed by 18 U.S.C. § 33."); *United States v. Schmitz*, 634 F.3d 1247, 1260 (11th Cir. 2011) ("The indictment charges Schmitz with four counts of theft concerning a program receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A)."). Third, even if Saintillus's authority was actually relevant, none of it changes the underlying fact that the distribution counts contain all the allegations that the law requires. *See Forrester*, 616 F.3d at 940 ("Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged.").

The Court should deny Saintillus's motion to dismiss the distribution counts in the indictment. The distribution counts adequately and completely allege violations of 21 U.S.C. § 841(a)(1), using the same charging language employed in this district and across the country for decades.

///

### C. **Saintillus's Motion Will Be Moot by the Time of the Hearing.**

The government plans to present a superseding indictment to a grand jury between the date its opposition is filed and the date of the next hearing in this case. The government anticipates that this superseding indictment will charge Saintillus with twelve counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1), but will not include a conspiracy charge. Accordingly, by the time of the hearing on Saintillus's motion to dismiss, many of his arguments will be moot. *See United States v. Mattia*, No. CR-20-00664-001-PHX-GMS, 2021 WL 4305994, at *2 n.1 (D. Ariz. Sept. 22, 2021) ("Because the Government has obtained a superseding indictment, Defendant's Amended Motion to Dismiss the Indictment is moot."). Saintillus's motion should be denied as such.

### IV. CONCLUSION

The Court should deny Saintillus's motion to dismiss the indictment against him. The indictment clearly and succinctly informs Saintillus of the charges he is facing. The same will be true of the superseding indictment, which will be the operative charging document by the time of the hearing and which will contain all the charges the government will proceed to prove at trial.

Dated: October 25, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK RIEBLI
Assistant United States Attorneys