PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**

Oct 27, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHALONER SAINTILLUS,<br><br>Defendant. | CASE NO. 2:20-CR-00213-KJM<br><br>21 U.S.C. § 841(a)(1) – Distribution of Controlled Substances (12 counts); 21 U.S.C. § 853(a) – Criminal Forfeiture |

## S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE: [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

The Grand Jury charges: T H A T

CHALONER SAINTILLUS,

defendant herein, on or about April 16, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute oxymorphone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWO: [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

The Grand Jury further charges: T H A T

CHALONER SAINTILLUS,

defendant herein, on or about April 22, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute heroin, a Schedule I controlled

1  substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as

2  "fentanyl"), a Schedule II controlled substance, in a package assigned United States Postal Service

3  tracking number 9505 5065 8086 0113 2077 48, in violation of Title 21, United States Code, Section

4  841(a)(1).

5  COUNT THREE:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

6      The Grand Jury further charges: T H A T

7                  CHALONER SAINTILLUS,

8  defendant herein, on or about April 22, 2020, in the County of Sacramento, State and Eastern District of

9  California, and elsewhere, did knowingly and intentionally distribute heroin, a Schedule I controlled

10  substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as

11  "fentanyl"), a Schedule II controlled substance, in a package assigned United States Postal Service

12  tracking number 9505 5065 8086 0113 2077 62, in violation of Title 21, United States Code, Section

13  841(a)(1).

14  COUNT FOUR:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

15      The Grand Jury further charges: T H A T

16                  CHALONER SAINTILLUS,

17  defendant herein, on or about April 29, 2020, in the County of Sacramento, State and Eastern District of

18  California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-

19  piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

20  violation of Title 21, United States Code, Section 841(a)(1).

21  COUNT FIVE:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

22      The Grand Jury further charges: T H A T

23                  CHALONER SAINTILLUS,

24  defendant herein, on or about May 20, 2020, in the County of Sacramento, State and Eastern District of

25  California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-

26  piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

27  violation of Title 21, United States Code, Section 841(a)(1).

28

SUPERSEDING INDICTMENT

1 | COUNT SIX:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

2 |       The Grand Jury further charges: T H A T

3 |                     CHALONER SAINTILLUS,

4 | defendant herein, on or about June 1, 2020, in the County of Sacramento, State and Eastern District of

5 | California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-

6 | piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

7 | violation of Title 21, United States Code, Section 841(a)(1).

8 | COUNT SEVEN:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

9 |       The Grand Jury further charges: T H A T

10 |                     CHALONER SAINTILLUS,

11 | defendant herein, on or about June 13, 2020, in the County of Sacramento, State and Eastern District of

12 | California, and elsewhere, did knowingly and intentionally distribute oxycodone, a Schedule II

13 | controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

14 | COUNT EIGHT:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

15 |       The Grand Jury further charges: T H A T

16 |                     CHALONER SAINTILLUS,

17 | defendant herein, on or about July 6, 2020, in the County of Sacramento, State and Eastern District of

18 | California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-

19 | piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

20 | violation of Title 21, United States Code, Section 841(a)(1).

21 | COUNT NINE:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

22 |       The Grand Jury further charges: T H A T

23 |                     CHALONER SAINTILLUS,

24 | defendant herein, on or about July 7, 2020, in the County of Sacramento, State and Eastern District of

25 | California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-

26 | piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

27 | violation of Title 21, United States Code, Section 841(a)(1).

28 | COUNT TEN:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

1  The Grand Jury further charges: T H A T

2                    CHALONER SAINTILLUS,

3  defendant herein, on or about August 20, 2020, in the County of Sacramento, State and Eastern District

4  of California, and elsewhere, did knowingly and intentionally distribute oxymorphone, a Schedule II

5  controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

6  COUNT ELEVEN:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

7  The Grand Jury further charges: T H A T

8                    CHALONER SAINTILLUS,

9  defendant herein, on or about October 21, 2020, in the County of Sacramento, State and Eastern District

10  of California, and elsewhere, did knowingly and intentionally distribute oxycodone, a Schedule II

11  controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

12  COUNT TWELVE:  [21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance]

13  The Grand Jury further charges: T H A T

14                    CHALONER SAINTILLUS,

15  defendant herein, on or about October 26, 2020, in the County of Sacramento, State and Eastern District

16  of California, and elsewhere, did knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-

17  4-piperidinyl] propanamide (popularly known as "fentanyl"), a Schedule II controlled substance, in

18  violation of Title 21, United States Code, Section 841(a)(1).

19  FORFEITURE ALLEGATION: [21 U.S.C. § 853(a) – Criminal Forfeiture]

20       1.      Upon conviction of one or more of the offenses alleged in Counts One through Twelve of

21  this Superseding Indictment, defendant CHALONER SAINTILLUS shall forfeit to the United States

22  pursuant to Title 21, United States Code, Section 853(a), the following property:

23       a.      All right, title, and interest in any and all property involved in violations of Title

24  21, United States Code, Section 841(a)(1), for which defendant is convicted, and all property traceable to

25  such property, including the following: all real or personal property, which constitutes or is derived from

26  proceeds obtained, directly or indirectly, as a result of such offenses; and all property used, or intended

27  to be used, in any manner or part to commit or to facilitate the commission of the offenses.

28       b.      A sum of money equal to the total amount of proceeds obtained as a result of the

SUPERSEDING INDICTMENT

4

1  offenses, for which defendant is convicted.

2      2.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One

3  through Twelve of this Superseding Indictment, for which defendant is convicted:

4          a.      cannot be located upon the exercise of due diligence;

5          b.      has been transferred or sold to, or deposited with, a third party;

6          c.      has been placed beyond the jurisdiction of the Court;

7          d.      has been substantially diminished in value; or

8          e.      has been commingled with other property which cannot be divided without

9                  difficulty;

10  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

11  forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

12

13                                          A TRUE BILL.

14                                          **/s/ Signature on file w/AUSA**

15                                          _____

16                                          FOREPERSON

17  PHILLIP A. TALBERT
18  United States Attorney

19

20

21

22

23

24

25

26

27

28

*No.* 2:20-CR-00213-KJM

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

# NO PROCESS NECESSARY

CHALONER SAINTILLUS

---

## S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):**
21 U.S.C. § 841(a)(1) – Distribution of Controlled Substances (12 counts);
21 U.S.C. § 853(a) – Criminal Forfeiture

---

*A true bill,*        **/s/ Signature on file w/AUSA**

_____
                    *Foreman.*

*Filed in open court this* ____ 27ᵗʰ _____ *day*

*of* __ October ____ , *A.D.* 20 22 ___

                    /s/ L. Kennison
_____
                    *Clerk.*

---

**NO PROCESS NECESSARY**

_____

---

GPO 863 525

## United States v. Chaloner Saintillus
### Penalties for Superseding Indictment

### ALL COUNTS

VIOLATION:      21 U.S.C. § 841(a)(1) – Distribution of Controlled Substances

PENALTIES:      Imprisonment of up to twenty (20) years; or
Fine of up to $1,000,000; or both fine and imprisonment;
Supervised release of at least three (3) years and up to life

SPECIAL ASSESSMENT: $100 (mandatory)

### FORFEITURE ALLEGATION

VIOLATION:      21 U.S.C. § 853(a) - Criminal Forfeiture

PENALTIES:      As stated in the charging document