PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | GOVERNMENT'S STATEMENT REGARDING MOTIONS IN LIMINE AND TRIAL LENGTH |
| v. | |
| CHALONER SAINTILLUS, | DATE: November 28, 2022<br>TIME: 10:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

On November 17, 2022, the Court directed the parties to submit a statement regarding the subject matter of any anticipated motions *in limine*. Min. Order, ECF No. 172. The government anticipates filing eight motions *in limine*, including the following:

1. A motion seeking to admit business records that are accompanied by a custodian of records certificate, as described in Rule 902(11) of the Federal Rules of Evidence. There are three types of records that meet this description: (i) Wells Fargo bank account records, (ii) parcel tracking and purchase records from the United States Postal Service, and (iii) records generated by Self-Service Kiosks maintained by the United States Postal Service. The government has provided all of these records and their accompanying 902(11) certificates to the defense.

2. A motion seeking to admit summary charts under Rules 611(a) and 1006 of the Federal Rules of Evidence. As set forth in the superseding indictment, this case involves twelve separate controlled purchases of narcotics. Relevant facts regarding each controlled purchase are documented in

Microsoft Excel spreadsheets that reflect data contained in two United States Postal Service databases. Each spreadsheet consists of twenty-six and twenty-eight columns of data, respectively, and between four and six rows of data. Hence, the evidence relevant to the controlled purchases charged in the superseding indictment consists of hundreds of cells of spreadsheet data per purchase. The government will prepare a summary chart that synthesizes and simplifies—but does not alter in any way—the data in those spreadsheets in order to facilitate the jury's understanding of the evidence. The government will also prepare a summary chart that synthesizes and simplifies relevant information about the twelve controlled purchases in the superseding indictment (i.e., dates of purchase, dates of mailing, addresses used, laboratory test results, etc.). The government will submit the summary charts and the underlying data (all of which have been produced to the defense) along with its motion.

3. A motion to admit screenshots of the defendant's vendor website pages through which undercover law enforcement agents made the twelve controlled purchases of drugs charged in the superseding indictment. Law enforcement agents captured screenshots of the defendant's drug vendor website pages as those pages appeared on the internet during the investigation. Agents also captured screenshots of the defendant's drug vendor website pages as those pages appeared while agents conducted the twelve controlled purchases in the superseding indictment, generating approximately six to eight screenshots of the defendant's drug vendor page per purchase. Together, these screenshots document the defendant's website vendor pages—and agents' controlled purchases from those pages—at each step of the online transaction process.

4. A motion seeking to admit the defendant's Florida driver license record. Law enforcement agents seized the defendant's driver license and Florida identification card while executing a search warrant at his residence in October 2020; the government will seek to admit this record for the purpose of identifying the defendant.

5. A motion seeking to allow the government to bring the actual narcotics purchased by law enforcement—as well as the twelve envelopes in which those drugs were shipped to the Eastern District of California by the defendant—into the courtroom during trial. The government will not ask to send those items with the jury while it deliberates because the government will seek to admit photographs of the drugs and envelopes during trial that will substitute for the actual evidence during jury deliberations.

However, because the defense has informed the government that it will not agree to any stipulations prior to trial, the government must ask that the actual physical evidence be allowed in the courtroom. All of the evidence is in sealed plastic bags and the government will not ask to open any of the bags during trial.

6. A motion seeking to admit testimony regarding, and photographic evidence of, a package that law enforcement agents witnessed the defendant place in the mail on October 8, 2020, which was during the same period that law enforcement was conducting controlled purchases from the defendant online. Though this package was addressed to someone else, it had the same (false) sender name and address as most of the packages the undercover agents received after they purchased drugs through the defendant's vendor page.

7. A motion seeking to preclude evidence or argument that could lead to jury nullification.

8. A motion seeking to exclude any information, evidence, or argument related to punishment and sentencing.

Finally, the government anticipates calling between seven and twelve witnesses in its case-in-chief. The defense previously informed the government that the defendant will not agree to any stipulations that would enable the prosecution to avoid calling certain witnesses. Accordingly, the government anticipates needing eight court days to complete its case-in-chief.

Dated: November 25, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ FRANK RIEBLI
/s/ SAM STEFANKI
FRANK RIEBLI
SAM STEFANKI
Assistant United States Attorneys