UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Chaloner Saintillus,<br><br>　　　　　Defendant. | No. 2:20-cr-00213-KJM<br><br>ORDER |

　　　　Defendant Chaloner Saintillus moves to dismiss the indictment against him for violation of the Speedy Trial Act, 18 U.S.C. § 3161. Mot., ECF No. 154. The government opposes. Opp'n, ECF No. 156. The court heard argument at hearing on November 28, 2022, at which Sam Stefanki and Frank Riebli appeared for the government and David Fischer appeared for Mr. Saintillus. For the reasons below, the court **denies** the motion.

　　　　The court has previously reviewed the background of this case and the charges against Mr. Saintillus in detail. *See* Prior Order, ECF No. 122. The only material change is the government's filing of a Superseding Indictment on October 27, 2022, which charges Mr. Saintillus with twelve counts of distribution while omitting any conspiracy charge. *See* Superseding Indictment, ECF No. 159. Mr. Saintillus moves to dismiss the superseding indictment, clarifying at hearing the same arguments made in his brief regarding the initial indictment apply to the superseding indictment. Specifically, Mr. Saintillus argues the government violated the Speedy Trial Act, not

1

once but twice.  The first alleged violation occurred during the 148-day delay in defendant's transfer from the Southern District of Florida to the Eastern District of California, between October 28, 2020, and March 24, 2021.  Mot. at 2.  The second alleged violation occurred during the 140-day period taken up with the court-ordered competency evaluation, between June 24, 2021, and November 16, 2021.  *Id.* at 3–4.  The court notes Mr. Saintillus's motion is based solely on the Speedy Trial Act, not on any invocation of Sixth Amendment rights, as clarified at hearing.

The Speedy Trial Act mandates a criminal matter proceed to trial within seventy days of the defendant's being charged or making his initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  "[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases"; thus, there are several mechanisms for excluding time from the seventy-day period.  *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see generally* 18 U.S.C. § 3161(h).  The Act allows for discretionary exclusions, when the court articulates its reasons for finding a continuance is justified for the record.  *See* 18 U.S.C. § 3161(h)(7).  Specifically, section 3161(h)(7) "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial."  *Zedner*, 547 U.S. at 498–99.  The Speedy Trial Act identifies factors for the court to consider in determining whether the ends of justice are served by a continuance, including "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," as well as the complexity of the case, the time needed for preparation of counsel and the presence of novel questions of fact or law.  *See* 18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

A defendant carries the burden of proving a Speedy Trial Act violation.  *See* 18 U.S.C. § 3162(a)(2); *see also United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (paraphrasing 18 U.S.C. § 3162(a)(2)).  "If the defendant carries this burden, the indictment 'shall be dismissed,' and the district court must then consider whether to dismiss the case with or without prejudice."  *Medina*, 524 F.3d at 980–81.

Here, Mr. Saintillus has failed to meet his burden to establish a Speedy Trial Act violation. He has not shown the delays associated with his transfer to this district or his competency evaluation violated the Act. Regarding the first delay, Mr. Saintillus points to language in the statute stating a "delay resulting from transportation of any defendant from another district . . . in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F). He does not point to any authority, controlling or persuasive, finding a violation of the Speedy Trial Act based on a lengthy period of time for transfer between districts under the circumstances present here, and his counsel did not identify any authority for the court's consideration at hearing. To the contrary, the Ninth Circuit has explicitly stated "the speedy trial clock does not begin to run until the later of the date of indictment or the date the defendant appears before a judicial officer in the charging district." *United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994). Mr. Saintillus was first indicted in this district at a time when he was in Florida, in October 2020. *See, e.g.*, Opp'n at 2. Thus, the clock did not start running until his first appearance in this court, and the time between these appearances – apparently no matter how lengthy -- is not counted under the Speedy Trial Act.

Regarding the second delay, the Speedy Trial Act specifically allows exclusions from the 70-day time clock for competency examinations and does not place time limits on the length of these examinations. 18 U.S.C. § 3161(h)(1)(A). There is a presumptive 30-day time limit for competency evaluations, with a possible extension, under 18 U.S.C. §§ 4241(a–b) and 4247(b), the statutory authority on which the court relied in ordering Mr. Saintillus's competency examination. But this time limit is not incorporated into the Speedy Trial Act. *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) ("Congress gave no indication that 18 U.S.C. § 4247(b) modifies section 3161(h)(1)(A). Moreover, there is no compelling reason that the two statutes be linked.").

The court thus properly excluded the time for Mr. Saintillus's competency examination, without any objection from Mr. Saintillus at the time. Opp'n at 8; ECF Nos. 33, 47, 52, 55, 57, 59, 63, 68.

For these reasons, the court **denies** Mr. Saintillus's motion to dismiss.

1   This order resolves ECF No. 154.

2   IT IS SO ORDERED.

3   DATED: December 1, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE