UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00213-KJM |
| Plaintiff, | ORDER |
| v. | |
| Chaloner Saintillus, | |
| Defendant. | |

Defendant Chaloner Saintillus has moved to dismiss the United States' indictment, initially arguing the conspiracy count fails to allege essential elements and because the distribution counts do not include the words "unlawfully" and "with intent." Mot. at 1–2, ECF No. 155. The United States opposes the motion. *See* Opp'n, ECF No. 157. After the motion was fully briefed, the government filed a superseding indictment. *See* Superseding Indictment, ECF No. 159. The court heard oral argument on November 28, 2022. David Fischer appeared for Mr. Saintillus. Sam Stefanki and Frank Riebli represented the United States.

As the parties acknowledged at the hearing, the superseding indictment charges Mr. Saintillus with twelve counts of distribution; there is no remaining conspiracy charge. *See* Superseding Indictment. As a result, Mr. Saintillus's **motion to dismiss the conspiracy charge is denied as moot.**

1

As Mr. Fischer reviewed at hearing, Mr. Saintillus maintains the same arguments he briefed regarding distribution charges applies to the charges as set forth in the superseding indictment: the distribution charges must be dismissed because they "fail[] to use the words 'unlawfully' and 'with intent.'" Mot. at 4. He further claims the distribution counts do not provide sufficient facts for him to know what he must defend against, citing several authorities, including *United States v. Schmitz*, 634 F.3d 1247, 1261–63 (11th Cir. 2011). *Id.* The government disagrees, arguing the indictment sets forth the requisite mental state and contains all essential allegations. Opp'n at 5–6.

The court finds the distribution charges in the superseding indictment are sufficiently pled. First, although it is true the distribution counts do not use the words "unlawfully" and "with intent," each count includes the words "knowingly and intentionally" and states defendant violated "Title 21, United States Code, Section 841(a)(1)." *See* Superseding Indictment at 1–4. This language puts Mr. Saintillus on notice of the alleged violations and the required *mens rea*. Mr. Saintillus points to no authority supporting the proposition the government must recite specific language from the statute, his counsel identified no such authority at hearing and the court is aware of none.

Second, the superseding indictment contains factual allegations supporting the elements of distribution: each count states Mr. Saintillus knowingly and intentionally distributed a specific controlled substance on a specific date within Sacramento County. *See* Superseding Indictment at 1–4. As the government points out, these allegations track the Ninth Circuit's Model Jury Instructions. *See* Ninth Cir. Model Crim. Jury Instrs. § 12.4 (2022). Moreover, the authorities Mr. Saintillus cites do not support his position. For example, in *Schmitz*, the Eleventh Circuit held an indictment for federal-funds counts was insufficient because it contained no factual detail about the fraud, which was described only in separate mail-fraud counts, not the federal-funds charge. *See* 634 F.3d at 1261–62. In contrast, here, each count of the superseding indictment identifies a date, location and controlled substance Mr. Saintillus allegedly knowingly and intentionally distributed. *See* Superseding Indictment at 1–4. Mr. Saintillus points to no authority rejecting as insufficient similar allegations in an indictment, identified no such authority

1  at hearing and here as well the court is aware of none.  The court thus **denies this motion to**
2  **dismiss.**
3      This order resolves ECF No. 155.
4      IT IS SO ORDERED.
5  DATED: December 1, 2022.

                                            CHIEF UNITED STATES DISTRICT JUDGE