PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
|---|---|
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* NUMBER ONE – TO ADMIT BANK RECORDS OF REGULARLY CONDUCTED ACTIVITY |
| v. | |
| CHALONER SAINTILLUS, | DATE: January 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |
| Defendant. | |

The United States of America (the "government") moves *in limine* to admit bank records at trial under Rules 902(11) and 803(6) of the Federal Rules of Evidence.

### I.  FACTUAL BACKGROUND

Chaloner Saintillus sold drugs through the mail. He offered the drugs for sale on an internet web page and then shipped them to his customers from a post office near his residence in Delray Beach, Florida. On twelve occasions, undercover law enforcement agents purchased drugs through his web page and Saintillus mailed the drugs to mailboxes in the Eastern District of California. The superseding indictment charges Saintillus with twelve counts of distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1), arising out of those transactions. Superseding Indictment, ECF No. 159.

Saintillus bought the postage for each package from a Self-Service Kiosk at the post office, using a credit or debit card. For six of the twelve transactions charged in the superseding indictment, he used a card linked to his own Wells Fargo Bank account. As part of the investigation of the packages that

arrived in the Eastern District of California, federal law enforcement agents subpoenaed Wells Fargo Bank records for the card Saintillus used to purchase postage for the first four shipments.[1] Wells Fargo provided the records, along with a Rule 902(11) certificate attesting that the records were accurate copies of records Wells Fargo prepared in the usual course of its business, at the time of the transactions listed in them, by persons with knowledge, and that making the record was Wells Fargo's regular practice. Indeed, the records are Saintillus's own bank statements for an account in his name.

## II.     LEGAL BACKGROUND

Evidence is self-authenticating and "require[s] no extrinsic evidence of authenticity in order to be admitted" when it is the "original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11).

Rule 803(6) of the Federal Rules of Evidence provides an exception to the rule against hearsay for records of a regularly conducted activity. The substantive elements of this hearsay exception are:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity.

Fed. R. Evid. 803(6)(A)–(C). Finally, the Sixth Amendment's Confrontation Clause does not require custodians of routine business records to submit to cross-examination because such records and their accompanying certifications are not testimonial. *United States v. Anekwu*, 695 F.3d 967, 974 (9th Cir. 2012) ("We have previously concluded that 'a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature.'" (alteration in original) (quoting *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005))); *see also United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006).

///

///

---

[1] Saintillus used a second card apparently linked to the same account to purchase postage for two later drug shipments.

### III.  ARGUMENT

The Court should grant the government's motion to admit records of Saintillus's Wells Fargo bank account activity demonstrating (i) that he purchased postage used to mail packages containing drugs to the Eastern District of California, and (ii) that the handwriting on those packages is the same as on personal checks he drew on his bank account. Gov't Exs. 15–16. Both of these exhibits are accompanied by certifications prepared by Wells Fargo employees that meet the requirements of Rules 902(11) and 803(6) of the Federal Rules of Evidence. Hence, these records are self-authenticating and comply with the regularly conducted records exception to the hearsay rule. *See* Fed. R. Evid. 902(11), 803(6).

Furthermore, none of the records the government seeks to introduce—nor their accompanying certifications—are testimonial. *Anekwu*, 695 F.3d at 974. Hence, the Confrontation Clause does not bar admission of the Wells Fargo records here, and the Court should grant the government's motion to admit them.

### IV.  CONCLUSION

The government respectfully requests that the Court enter an order ruling that Government Exhibits 15 and 16 are admissible under Rules 803(6) and 902(11) of the Federal Rules of Evidence.

Dated:  December 9, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys