PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHALONER SAINTILLUS,<br><br>                    Defendant. | CASE NO.  2:20-CR-00213-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* NO. 4 – TO ALLOW CERTAIN PHYSICAL EVIDENCE IN THE COURTROOM<br><br>DATE: January 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The government moves the Court in limine to allow the government to bring certain items of physical evidence into the courtroom, mark them as exhibits, and show them to the jury, including:

- The actual drugs the defendant is charged with distributing; and,
- The Priority and Express Mail envelopes he used to mail those drugs from Florida to the Eastern District of California.

These evidence items are relevant to the charges and will aid the witnesses in testifying about their observations.  Moreover, all of the items will be carefully controlled, and all are sealed in plastic evidence bags, thus mitigating any danger they might otherwise pose.

### I.     FACTUAL BACKGROUND

The Superseding Indictment charges Chaloner SAINTILLUS with 12 violations of 21 U.S.C. § 841(a)(1).  It alleges that on 12 occasions, he shipped controlled substances – including fentanyl, heroin, oxymorphone, and oxycodone – through the mail from Florida to the Eastern District of

California. Each act of distribution involved drugs that were packaged in plastic or wax paper and then sent via Priority or Express Mail. The government has marked each drug item and each envelope as an exhibit on its exhibit list.

## II.  LEGAL BACKGROUND

The Court has the inherent authority to control the conduct of its own proceedings. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Federal Rules of Evidence provide that the Court should exercise "reasonable control" over the presentation of the evidence. Fed. R. Evid. 611(a). The Rules of Evidence also provide that relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is that which has "any tendency" to make a fact of consequence in the matter more or less probable than it would be without the evidence. Id. Rule 401. A court may only exclude relevant evidence if the risk of unfair prejudice, confusion, delay, or needlessly cumulative evidence substantially outweighs the probative value of that evidence. Id. Rule 403.

## III.  ARGUMENT

The government seeks to mark as exhibits and show to the jury the actual drugs SAINTILLUS is charged with distributing (through the mail), and the Priority and Express Mail envelopes he used to effect those acts of distribution. Both the drugs and the envelopes are relevant evidence – indeed, the drugs are part of the corpus of the charged offenses. And the envelopes are essential to the proof that it was SAINTILLUS who sent the drugs through the mail. Investigators used the tracking numbers on the envelopes to identify the post office whence the packages were sent. Further, the postage on those envelopes enabled investigators to determine who paid for the mailings, and to locate images of the person buying the postage. There were images for 10 out of 12 mailings. All 10 appear to be SAINTILLUS. In addition, the handwriting on all 12 of the envelopes appears to be from the same hand, and the sender information is the same or similar on all 12 envelopes. It is essential that the jury be able to see the envelopes themselves in order to evaluate whether the same person is responsible for all 12 mailings, and to understand how the investigators identified SAINTILLUS as that person.

Nor is there any risk of unfair prejudice, delay, confusion, or needlessly cumulative evidence. There is one drug exhibit and one envelope per count. Though that means there are 12 drug exhibits and 12 envelopes, there are 12 criminal charges and the government is entitled to introduce the evidence

needed to support each charge. Further, the drugs and envelopes are sealed inside heavy-duty plastic evidence envelopes. Those envelopes are transparent. But they will not be opened in court, the attorneys and witnesses will handle the envelopes with gloves, and the government will not ask to hand the actual drug exhibits to the jurors themselves. This will ensure that the drugs and envelopes remain contained and thus mitigate the risk of inadvertent exposure.

It is worth noting that on November 10, 2022, the attorneys and the case agent viewed the physical evidence, including the drug exhibits and envelopes. This involved handling and manipulating the evidence bags. The parties managed that viewing safely. The government is confident that it can do the same during the in-court presentation of that evidence at trial.

Finally, the case agent will retain custody of the physical evidence, including the drug evidence, and will remove it from the courtroom and store it in a safe location at the end of each court day.

## IV.     CONCLUSION

For the foregoing reasons, the government asks that it be permitted to mark as exhibits the actual drugs and envelopes, and to show them to the jury.

Dated:  November 25, 2022                            PHILLIP A. TALBERT
                                                     United States Attorney

                                              By:    /s/ Frank Riebli
                                                     FRANK J. RIEBLI
                                                     Assistant United States Attorney