PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHALONER SAINTILLUS, <br><br> Defendant. | CASE NO. 2:20-CR-00213-KJM <br><br> UNITED STATES' MOTION *IN LIMINE* NO. 6 – TO EXCLUDE EVIDENCE OR TESTIMONY SUGGESTING JURY NULLIFICATION <br><br> DATE: January 23, 2023 <br> TIME: 9:00 a.m. <br> COURT: Hon. Kimberly J. Mueller |

The United States of America (the "government") moves *in limine* for an order prohibiting defendant Chaloner Saintillus or his counsel from referring, in the presence of the jury or during *voir dire* or at trial, to topics, evidence, or argument suggesting jury nullification. Such topics and argument include, but are not limited to, (i) the purported lack of any victim of Saintillus's drug dealing, and (ii) Saintillus's beliefs that the Court lacks jurisdiction over him.

I.      **FACTUAL BACKGROUND**

Saintillus is charged by superseding indictment with twelve counts of distributing controlled substances, each in violation of 21 U.S.C. § 841(a)(1). Superseding Indictment, ECF No. 159. In prior filings, Saintillus has indicated that he believes the charges against him are improper because the government has not produced a victim of his crimes. *See* Mot. for Dismissal at 1, ECF No. 74 (asserting that due to "failure of presentation, physically of a damaged or injured party, nothing less than full dissmissal [sic] with prejudice is appropriate or acceptable"). And though he had a bank account and a

1  driver's license in the name Chaloner Saintillus, he has maintained here that he prefers to go by the
2  name Shalam Ali Saintillus El Bey. *See, e.g.*, Mins., ECF No. 29 ("The Defendant advised the court that
3  he wants to be referred to as 'Mr. Bey' . . . ."); Avernment [sic] of Jurisdiction Challenging Jurisdiction
4  and Status at 2, ECF No. 73 (signing filing "Shalam-C-Saintillus-Bey . . . For and on behalf of the
5  debtor/defendant Chaloner Saintillus"). Saintillus repeatedly has invoked sovereign-citizen-type
6  theories in pretrial filings and before the Court, claiming to be beyond the Court's authority. *See, e.g.*,
7  Notice of: Age of Majority Status (Claiming Equity) at 3, ECF No. 71 ("I am the heir to thee [sic] vast
8  Moorish Haitian American National Estate, my birthright. I refute any presumptions to being a Mr.
9  Saintillus . . . ."); Mot. for Dismissal at 1, ECF No. 74 ("I am not the fictional defendant nor
10 trustee/surety thereof; I am its creditor/beneficiary.").

11 The Court rejected Saintillus's arguments on both fronts when it denied his various motions to
12 dismiss the indictment in this case. *See* Order, ECF No. 122 at 6 (ruling that Saintillus "is neither
13 sovereign nor immune from federal criminal liability").

## II. LEGAL BACKGROUND

15 Jury nullification "is the *de facto* ability of the jury to refuse to apply the law as instructed by the
16 court, choosing instead 'to acquit out of compassion or compromise or because of the jury's assumption
17 of a power which they had no right to exercise, but to which they were disposed through lenity.'"
18 *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008), *aff'd sub nom. United States*
19 *v. Montes*, 421 F. App'x 670 (9th Cir. 2011) (quoting *Standefer v. United States*, 447 U.S. 10, 22
20 (1980)). Courts grant motions *in limine* to exclude jury nullification arguments because a "jury may not
21 substitute its views that are contrary to the law by abdicating the duty to follow the law as stated by the
22 judge." *Id.*

## III. ARGUMENT

### A. The Court Should Exclude Any Reference to the Purported Absence of a Victim.

25 The Court should grant the government's motion because any reference to the purported lack of
26 a victim could only be relevant to a jury nullification attempt, and reflects an improper effort to re-cast
27 this criminal case as a commercial dispute with no plaintiff.
28 ///

MOTION *IN LIMINE* NO. 6 RE NULLIFICATION           2

Saintillus is charged with twelve violations of 21 U.S.C. § 841. The government is not required to present evidence of any victims of the defendant's criminal conduct to support a conviction on those counts. *See* Ninth Cir. Model Jury Instrs. § 12.4 (2022) (setting forth two elements of § 841 offense: knowing distribution of controlled substance and knowledge that substance was federally controlled); *United States v. Cosby*, 529 F.2d 143, 146 (8th Cir. 1976) ("In a prosecution for an unlawful distribution of heroin under § 841(a)(1) the identity of the distributee is not an essential element of the offense charged . . . ."). Saintillus has asserted at times that this is essentially a commercial dispute in which there is no plaintiff (i.e., no injured party). *See, e.g.*, ECF No. 74 at 1. That is incorrect, because this is a criminal case. The government is the plaintiff, and the government need not produce a third party as a plaintiff. Saintillus's effort to re-cast this case as a civil case is both legally and factually incorrect, and appears to be an attempt at jury nullification on the theory that the government has not met a burden which it does not have. *See* ECF No. 74 at 1. Saintillus is not entitled to raise this theory as a defense. *Scarmazzo*, 554 F. Supp. 2d at 1108 ("Neither a Defendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and evidence, not on jury nullification.").

The purported lack of any victim of Saintillus's narcotics distribution should also be excluded because it is irrelevant. Evidence is relevant only if it is "of consequence in determining the action." Fed. R. Evid. 401. Here, the only two issues of consequence are (i) whether Saintillus distributed federally controlled substances, and (ii) whether he knew the substances he distributed were federally controlled. Ninth Cir. Model Jury Instrs. § 12.4 (2022). Hence, the government does not have to prove that any particular person was harmed by Saintillus's drug-dealing. *Id.*; *see also Cosby*, 529 F.2d at 146 (noting that identity of recipient of narcotics is not element of offense). Furthermore, the purported lack of a specifically identified victim is not a defense to the charge of violating 21 U.S.C. § 841, which harms society at large. *See Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring) ("Possession, use, and distribution of illegal drugs represent 'one of the greatest problems affecting the health and welfare of our population.'" (quoting *Treasury Emps. v. Von Raab*, 489 U.S. 656, 668 (1989))); *United States v. Nanthanseng*, 221 F.3d 1082, 1084 (9th Cir. 2000) ("The societal interest
///

directly threatened by violations of drug laws such as 21 U.S.C. § 841(a)(1) . . . is the interest in 'drug abuse prevention.'" (quoting *United States v. Barron-Rivera*, 922 F.2d 549, 555 (9th Cir. 1991))).

Therefore, any testimony or evidence Saintillus may offer regarding the purported lack of any victim of his drug-dealing would constitute an irrelevant and improper attempt at jury nullification, and should be excluded as such.

### B. The Court Should Exclude Any Evidence or Argument that the Court Lacks Jurisdiction Over Saintillus Because of His Status.

The Court should also grant the government's motion to exclude references to Saintillus's self-proclaimed status as a person beyond the Court's jurisdiction, because any such statements could only be relevant to a jury nullification attempt.

Based on his repeated invocation of theories about the Court's purported lack of jurisdiction over him, the government anticipates that Saintillus could attempt to seek jury nullification by asserting that he did not have the requisite *mens rea* because he did not—indeed, he still does not—believe he was subject to the laws of the United States. *See, e.g.*, ECF No. 95 (arguing that Saintillus's status as a Moorish-American means that the Court cannot show it properly exercised jurisdiction over him and should dismiss case). Saintillus could also seek jury nullification by recycling his argument that the Court lacks the authority to hold him to answer for the criminal conduct charged in the superseding indictment. *See, e.g.*, ECF No. 71; ECF No. 74. In either case, such arguments are wrong, and could only be offered to invite nullification. Saintillus is not entitled to seek jury nullification and the Court should, accordingly, grant the government's motion.

### IV.    CONCLUSION

The government requests that the Court grant its motion *in limine* to exclude any improper and irrelevant evidence, argument, or mention of the purported lack of a victim in this case, or that the Court lacks jurisdiction over Saintillus because of his status.

Dated: December 9, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys