PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHALONER SAINTILLUS,<br><br>  Defendant. | CASE NO. 2:20-CR-00213-KJM<br><br>UNITED STATES' MOTION *IN LIMINE* NO. 7 – TO EXCLUDE INFORMATION RELATED TO PUNISHMENT AND SENTENCING<br><br>DATE: January 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States of America moves *in limine* for an order prohibiting defendant Chaloner Saintillus or his counsel from referring, in the presence of the jury during *voir dire* or at trial, either directly or indirectly, to (i) the potential penalties Saintillus may face, (ii) statutory maximums or minimums applicable to him, or (iii) any sentencing range upon his conviction.

**I.     LEGAL BACKGROUND**

"It is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). Indeed, it is "well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle reflects a "basic division of labor in our legal system between judge and jury." *Shannon*, 512 U.S. at 579. "The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Id.* "The judge, by

contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* Thus, information regarding potential penalties, statutory maximums or minimums, or sentencing ranges is "irrelevant to the jury's task." *Id.* "Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*

## II.   ARGUMENT

Saintillus and his counsel should not refer to his potential penalties in the presence of the jury because such information is "irrelevant to the jury's task." *Id.* Accordingly, Saintillus should be prohibited from referring, in the presence of the jury during *voir dire* or at trial, either directly or indirectly, to the potential penalties, statutory maximums or minimums, or sentencing ranges applicable to Saintillus upon a conviction.

## III.   CONCLUSION

For the above stated reasons, the United States requests that the Court prohibit Saintillus and his counsel from referring directly or indirectly in the presence of the jury to (i) potential penalties Saintillus may face, (ii) statutory maximums or minimums applicable to him, or (iii) any sentencing range upon his conviction.

Dated: December 9, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys