PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* NO. 8 – TO ADMIT POSTAL RECORDS OF REGULARLY CONDUCTED ACTIVITY |
| v. | |
| CHALONER SAINTILLUS, | DATE: January 23, 2023<br>TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

The United States of America (the "government") moves *in limine* to admit postal records at trial under Rules 902(11), 902(13), and 803(6) of the Federal Rules of Evidence. The government makes this motion out of an abundance of caution. If the Court grants the government's Motion *in Limine* No. 2 (regarding summary chart Exhibit 13A), then the government will withdraw the instant motion and rely on that summary chart in place of the voluminous records covered by the instant motion. On the other hand, if the Court denies or defers ruling on the government's Motion i*n Limine* No. 2, the government will proceed with the instant motion.

I. **FACTUAL BACKGROUND**

Defendant Chaloner Saintillus is charged with twelve counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Superseding Indictment, ECF No. 159. Undercover law enforcement agents purchased illegal drugs from Saintillus's online vendor pages on twelve occasions, each time requesting that he mail the drugs to the Eastern District of California.

United States Postal Inspector Jason Bauwens conducted much of the investigation that identified Saintillus as the person who was mailing the drugs purchased by undercover agents. Starting with the packages' tracking numbers, Inspector Bauwens used a Postal Service database to obtain information about the packages Saintillus sent, including the date, time, and location where they were deposited into the mail stream. Those data were captured in twelve different spreadsheets and are attached as Exhibit 13A-1 to the government's Motion *in Limine* No. 2. Those spreadsheets include twenty-eight columns of data about each package, including the cost of the postage, the package tracking number to which the postage was affixed, the return and destination mailing addresses on the package, the date and time the package was mailed, and the date and time the package arrived at its destination.

Using information from the postage on those same twelve packages, Inspector Bauwens queried a different Postal Service database to determine the date, time, and location where Saintillus purchased the postage for those twelve parcels. Inspector Bauwens determined that Saintillus purchased the postage for the twelve packages in question at a Self-Service Kiosk machine ("SSK") in a post office in Delray Beach, Florida. Data about Saintillus's twelve SSK transactions, which are captured in another twelve spreadsheets, are attached as Exhibit 13A-2 to the government's Motion *in Limine* No. 2. Data recorded in the SSK database and reflected in Exhibit 13A-2 include the start and end times of each of Saintillus's SSK sessions; the various transactions conducted during that session; the postage cost and destination ZIP code for each package mailed during the session (because Saintillus purchased postage for and mailed multiple packages per SSK session); the last four digits of the payment card used to purchase the postage; and for packages sent by Express Mail, the package tracking number.[1]

Knowing that SSKs generally snap photographs of the user during a transaction session, Inspector Bauwens then used the mailing and postage information described above to obtain photographs of the person who conducted the relevant twelve SSK postage purchases. The SSK captured images of the person mailing each package on ten of the twelve occasions at issue in this case.

---

[1] Inspector Bauwens had to access a third database to obtain the full credit card number for the credit cards Saintillus used to purchase the postage he affixed to the twelve packages he sent to the Eastern District of California. Those data, which are captured in still another seven spreadsheets, are attached as Exhibit 13A-3 to the government's Motion *in Limine* No. 2.

Though the mailer was wearing a mask on some occasions, it is unmistakably Saintillus in all ten photos. For instance, in many of the SSK images Saintillus wears distinctive jewelry that agents later seized from his residence during execution of a search warrant.

The Postal Service captured all of the above-described data as part of its regular operations in order to ensure that packages deposited into the mail stream arrived at their intended destinations, and to ensure that customers who paid to track their packages (as Saintillus did) could in fact track those packages to their destinations.

## II.    LEGAL BACKGROUND

Evidence is self-authenticating and "require[s] no extrinsic evidence of authenticity in order to be admitted" when it is the "original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). Separately, evidence is self-authenticating where it is a "record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of 902(11) or (12)." Fed. R. Evid. 902(13).

Rule 803(6) of the Federal Rules of Evidence provides an exception to the rule against hearsay for records of a regularly conducted activity. The substantive elements of this hearsay exception are:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity.

Fed. R. Evid. 803(6)(A)–(C). Finally, the Sixth Amendment's Confrontation Clause does not require custodians of routine business records to submit to cross-examination because such records and their accompanying certifications are not testimonial. *United States v. Anekwu*, 695 F.3d 967, 974 (9th Cir. 2012) ("We have previously concluded that 'a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature.'" (alteration in original) (quoting *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005))); *see also United States v. Hagege*, 437 F.3d 943, 958 (9th Cir. 2006).

### III. ARGUMENT

The Court should grant the government's motion to admit the records from the Postal Service databases described above. All these exhibits are accompanied by a certification that meets the requirements of Rules 902(11), 902(13), and 803(6) of the Federal Rules of Evidence. This certification is attached as Exhibit 1 to this motion. Hence, these records are self-authenticating and comply with the regularly conducted records exception to the hearsay rule. *See* Fed. R. Evid. 902(11), 803(6).

Furthermore, none of these records the government seeks to introduce—nor their accompanying certifications—are testimonial. *Anekwu*, 695 F.3d at 974. Hence, the Confrontation Clause does not bar admission of the Postal Service records here.

### IV. CONCLUSION

If the Court grants the government's Motion *in Limine* No. 2 as to the summary chart Exhibit 13A, then the government will withdraw the instant motion. If the Court does not grant the government's Motion *in Limine* No. 2, then the government respectfully requests that the Court enter an order that the exhibits attached as Exhibits 13A-1, 13A-2, and 13A-3 to the government's Motion *in Limine* No. 2 are admissible under Rules 803(6), 902(11), and 902(13) of the Federal Rules of Evidence.

Dated: December 9, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys