DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 447-8600
Fax: (916) 930-6482
Email: david.fischer@fischerlawoffice.com

Attorney for Defendant
CHALONER SAINTILLUS

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHALONER SAINTILLUS,<br><br>    Defendant. | Case No.: 2:20-cr-0213-KJM<br><br>**DEFENDANT'S MOTION TO SUPPRESS JAIL CALLS** |

## I. STATEMENT OF FACTS

This case was set for trial to commence on December 6, 2022. On November 18, 2022, the government produced 2,158 of the defendant's recorded telephone calls while he was housed at the Sacramento Main Jail. 893 of the calls were recorded by IC Solutions, and 1,265 calls were recorded by Securus. If each call is only 2 minutes long, then that equates to approximately 72 hours of recorded calls. If each call is 15 minutes long, then that equates to 539.5 hours of recordings.

## II. THE JAIL CALLS MUST BE EXCLUDED BECAUSE THEY WERE OBTAINED IN VIOLATON OF THE FOURTH AMENDMENT

Ordinarily, motions to suppress must be filed as Rule 12 motions. Federal Rule of Criminal Procedure 12(b)(3) lists the motions that "must be raised by pretrial motion." Included among them is a motion for "suppression of evidence." Fed R. Crim. P. 12(b)(3)(C). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed R. Crim. P. 12(c)(3). In this case, there is good cause to hear this motion. The government opted to produce years of jail calls on November 18, 2022, just before the trial date of December 6, 2022. This was after the deadline of October 11, 2022, deadline for filing Rule 12 motions.

The jail calls are from two different providers, and neither production from each provider contained an index[1]. By its motions in limine, the government has identified a few calls it seeks to seek to admit at trial.

The statements made in the jail calls in this case must be suppressed because they were obtained in violation of the Fourth Amendment and Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, and in violation of the California Electronic Communications Privacy Act (CalECPA).

Under federal law, the government is required to obtain a warrant or wiretap order to intercept phone calls involving the defendant, pursuant to 18 U.S.C. § 2511, unless a recognized exception applies, and no such exception applies in this case. And under California law, the California Electronic Privacy Communications Act (CalECPA), as codified in California Penal Code sections 1546 to 1546.4 also requires the government to obtain a warrant or wiretap order to seize the defendant's

---

[1] The government has since made another production available as of December 19, 2022, that purports to contain an index.

electronic communications.  **Without a warrant or wiretap order**, <u>the defendant must give specific consent to the Sacramento County Sheriff's Department to release his telephone calls to the U.S. Attorney for the Eastern District of California</u>.  That was not done in this case.  The defendant did not specifically consent to allowing the Sacramento Sheriff provide his jail calls to the U.S. Attorney for the Eastern District of California.

> **A. The Ninth Circuit's *United States v. Van Poyck* decision from 1996 is Inapplicable Given the Reasonable Expectation of Privacy in Jail Calls Created by California's Cal. ECPA Statutes that Requires the Government to Obtain Consent from the Defendant to the Sheriff to Provide Copies of his Recorded Calls to the U.S. Attorney for the Eastern District of California.**

The Ninth Circuit found in *U.S. v. Van Poyck,* 77 F.3d 285, 291 (9th Cir. 1996), *cert. denied,* 519 U.S. 912 (1996) that "[N]o prisoner should reasonably expect privacy in his outbound telephone calls.  Although prisoners do not forfeit all their privacy rights at the jailhouse steps, they do have those rights severely curtailed." In *Van Poyck*, the Ninth Circuit found that the Defendant had consented to the interception of the incriminating recorded jail conversations because he signed a form at booking consenting to the jail's monitoring of all conversations.  77 F.3d at 291.  However, since *Van Poyck* was decided, California enacted CalECPA, which requires the defendant to specifically consent to sharing his jail calls with the government, which in this case required the Sacramento County Sheriff's Department to obtain consent from the defendant to share his recorded calls with the U.S. Attorney for the Eastern District of California.

The Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution, protects citizens against unreasonable searches and seizures.  The *California Electronic Privacy Act, Cal. Penal Code Sections 1546-1546.4*, prohibits a government entity from "access[ing] electronic

device information by means of physical interaction or electronic communication with the electronic device," without a warrant. See CalECPA Section 1546.1(a)(3) and 1546.1(a)(3)(1). The protections of CalECPA are robust and strong. Everything from text messages, to chats, to emails fall under the umbrella of the "electronic information" this statute protects from warrantless intrusion. *Cal.Pen. C. § 1546.1* imposes restrictions on the government's ability to access electronic device information[2] "by means of physical interaction or electronic communications with the electronic device." Such access is categorically prohibited by *section 1546.1(a)(3),* and is permitted only by the execution of a lawfully issued warrant (as well as in other specific circumstances not applicable here) in *section 1546.1(c).*

Jail calls are electronic communications covered by CalECPA. Section 1546.1(g)(1) reads:

> **(g)** If a government entity receives electronic communication information voluntarily provided pursuant to subdivision (f), it shall destroy that information within 90 days unless one or more of the following circumstances apply:
>
> > **(1)** The government entity has or obtains the specific consent of the sender or recipient of the electronic communications about which information was disclosed.

And section 1546(k) provides:

> **(k)** <u>"Specific consent" means consent provided directly to the government entity seeking information, including, but not limited to, when the government entity is the addressee or intended recipient or a member of the intended audience of an electronic communication</u>. Specific consent does not require that the originator of the communication have actual knowledge that an addressee, intended recipient, or member of the specific audience is a government entity.

---

[2] Cal. Pen. Code Section 1546 defines "electronic device information" simply as "any information stored on or generated through the operation of an electronic device."

When reading section 1546.1(g)(1) and section 1546(k) together, the specific consent that is required to allow the U.S. Attorney to receive these jail calls is consent from the defendant to the Sacramento County Sheriff to share his recorded calls with the U.S. Attorney for the Eastern District of California. The defendant did not provide such consent in this case.

## CONCLUSION

The law and technology with regard to privacy has changed significantly since 1996 when *Van Poyck* was decided. In 2016, California created a reasonable expectation in privacy in all electronic communications, including jail calls, when it required the government to obtain a warrant, wiretap order, or specific consent to share jail calls with prosecutors. Given the change in California law regarding specific consent, this Court should find that Mr. Saintillus had a reasonable expectation of privacy in his jail calls, and that the government failed to obtain a warrant, wiretap order, or his specific consent to share them with the United States Attorney for the Eastern District of California. Accordingly, the defendant respectfully requests the Court to grant his motion to suppress.

Dated:  December 22, 2022            LAW OFFICES OF DAVID D. FISCHER, APC

/S/ David D. Fischer
DAVID D. FISCHER
Attorney for Defendant
CHALONER SAINTILLUS