PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>CHALONER SAINTILLUS,<br><br>           Defendant. | CASE NO. 2:20-CR-00213-KJM<br><br>GOVERNMENT'S STATEMENT RE DEFENSE COUNSEL'S MOTION TO WITHDRAW<br><br><br>DATE: January 9, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

   On December 30, 2022, counsel for defendant Chaloner SAINTILLUS moved to withdraw, citing irreconcilable differences with his client. The government takes no position on the motion, except as it relates to the progress toward trial. SAINTILLUS is of course entitled to appointed counsel. But he's not entitled to appointed counsel of his choice. Michaels v. Davis, 51 F.4th 904, 938-39 (9th Cir. 2022) ("[A] defendant is not entitled to substitute counsel because of a conflict of his 'own making.'"). And where, as here, he already has had two prior appointed attorneys, the Court may limit his ability to keep replacing his counsel. United States v. Mendez-Sanchez, 563 F.3d 935, 942-44 (9th Cir. 2009) (upholding denial of defendant's motion to substitute appointed counsel where the defendant already had replaced his first attorney, and there was some indication that the defendant's conflict with his attorney " may have been based on Mendez-Sanchez's general unreasonableness"). Particularly where doing so threatens to delay the trial. Id.

   The government is unaware of what issue(s) stand between SAINTILLUS and his present

(second) counsel, and thus takes no position on whether the Court ought to allow his counsel to withdraw. The government's primary concern is the delay that substituting counsel at this stage could cause. The case originally was set for trial on December 6, 2022. At SAINTILLUS's request, the Court vacated that date and set the trial confirmation hearing on January 23, 2023.

SAINTILLUS has sought to disrupt and delay these proceedings at every turn. He is so often disruptive – speaking over the Court and everyone else in the courtroom, making it impossible to conduct even the simplest status conference – that the Court has been forced to remove him on multiple occasions.[1] SAINTILLUS also has filed numerous frivolous motions, which consume the Court's and the government's resources. His apparent refusal to work in good faith with his current counsel to prepare a defense evinces another prong of his strategy to delay the proceedings.

The government asks that the Court set this matter for trial starting February 13, 2023.[2] That would be three weeks after the trial confirmation hearing and over a month after the hearing on this motion. The government has conferred with its witnesses and most are available to testify that week.

If the Court decides to appoint new counsel for SAINTILLUS, the government respectfully requests that the Court insist that whoever accepts the appointment commit that s/he will be prepared to try the case starting on February 13, 2023, or at the latest, March 6, 2023. The government will assist in that process in whatever way possible. The government will re-produce the discovery to ensure new counsel has everything SAINTILLUS's current counsel has, along with an exhibit list (with Bates numbers) to facilitate the review of that evidence. The government will also offer to conduct a "reverse proffer" to that new counsel to show her/him the evidence the government intends to use at trial and the government's theory of the case, all in order to ensure that substitute counsel is ready and able to begin trial on February 13 or March 6, 2023.

---

[1] The Court has shown remarkable patience with SAINTILLUS. Each time he begins to disrupt the proceedings, the Court asks him politely to stop. The Court then warns him that he will be removed if he does not stop. And when he does not, the Court removes him, but reminds him that he may return if and when he chooses to conduct himself appropriately. The Court has even on occasion taken short recesses to allow SAINTILLUS's counsel to confer with him to determine whether SAINTILLUS is ready and willing to return before the proceedings conclude.

[2] The government understands that the Court currently has a trial scheduled for February 6, 2023. If that trial is continued, the government is prepared to try this case starting on that date. If the Court is unavailable on February 13, 2023, then the government asks that the Court set the matter for trial starting March 6, 2023.

The government's only request, therefore, is that SAINTILLUS's issues with his current counsel not be allowed to delay the trial of this matter.

The Court currently has excluded time under the Speedy Trial Act through January 23, 2023.

Dated:  December 19, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ Frank Riebli
FRANK RIEBLI
SAM STEFANKI
Assistant United States Attorneys