PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHALONER SAINTILLUS,<br><br>　　　　　　　　Defendant. | CASE NO. 2:20-CR-00213-KJM<br><br>GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1<br><br>DATE: January 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

　　　　Chaloner SAINTILLUS has moved to preclude the government from introducing evidence of or referring to the gun and ammunition seized from his residence on October 27, 2020, or to a prior firearm-related arrest.

　　　　The government does not intend at present to introduce evidence of either incident in its case in chief. To that extent, the government does not oppose SAINTILLUS's motion.

　　　　However, the government will seek leave to introduce this evidence if SAINTILLUS testifies in his own defense and makes his possession of firearms and ammunition relevant for impeachment purposes, or if he raises a defense that makes them relevant.

　　　　Further, though the government is not opposing SAINTILLUS's motion, the government does not concede that the gun cannot be used as a sentencing enhancement if SAINTILLUS is convicted. The Sentencing Guidelines, § 2D1.1(b)(1), provide for a two-level enhancement in a drug case where the defendant possessed a firearm, unless the defendant can demonstrate that is "clearly improbable that

the weapon was connected with the offense." Id. comment 11(A). The Guidelines adopted this more inclusive standard because of the "increased danger of violence when drug traffickers possess weapons." Id. SAINTILLUS argues that the guns were not relevant to the charged offenses – distribution of drugs through the mail – because you can't shoot someone through the mail. Which is true. But SAINTILLUS did run a drug trafficking operation out of his home and he maintained some drugs and drug proceeds there, in particular, the digital currency wallets that he wore around his neck like jewelry. He no doubt anticipated that someone might attempt to rob him of those items, and kept the firearm and ammunition there to defend his business. For this reason, if SAINTILLUS is convicted, the government will request that the Court apply § 2D1.1(b)(1)'s enhancement when calculating his sentencing guidelines range.

Dated:  January 13, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys