PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:20-CR-00213-KJM |
| Plaintiff, | STIPULATION REGARDING JURY TRIAL AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Chaloner Saintillus, by and through his counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for trial on February 14, 2023.  By previous order, a trial confirmation hearing and a hearing on pending motions *in limine* and on the defendant's motion to suppress were also set for January 23, 2023.

2.     By this stipulation, the defendant now moves to:

a)     Vacate the trial confirmation hearing and the motions hearing currently set for January 23, 2023;

b)     Vacate the jury trial currently set for February 14, 2023;

c)     Reset the trial confirmation hearing and the motions hearing for March 27, 2023;

d)     Reset the case for an estimated nine-day jury trial beginning April 25, 2023; and

e)      Exclude time between January 23 and April 25, 2023, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for the defendant is set for trial in early March in a complex tax fraud case that dates to 2019, and that is expected to last approximately three weeks.  The early March trial date in this tax fraud matter was set in June 2022.  Counsel for the defendant believes that he will not have sufficient time and resources to prepare for the February trial in the instant case if he must simultaneously prepare for a complex tax fraud trial set to begin in March.

b)      Furthermore, until recently, Saintillus was in custody at the Sacramento County Main Jail.  However, Saintillus was recently moved to a custody location in Yuba County, which makes trial preparation and other communications between defense counsel and his client less efficient and more time-consuming.

c)      Hence, counsel for the defendant requires additional time to consult with his remotely located client, conduct investigation and research related to the current charges, review discovery, and otherwise prepare for trial in this matter while balancing his professional obligations to prepare for trial in the above-referenced tax fraud matter.

d)      Following the most recent hearing in this case on January 9, 2023, the government learned that one of its critical witnesses—an undercover law enforcement officer who conducted five of the twelve undercover narcotics purchases charged in the superseding indictment—has a pre-paid personal engagement planned overseas between February 13 and February 20, 2023.  At the most recent hearing in this case, counsel for the government proceeded under the erroneous impression that this government witness's travel during these dates was work-related in nature and could be easily re-scheduled.

e)      Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Based on his trial schedule in early 2023, counsel for the defendant also believes that failure to grant the above-requested continuance would unreasonably deny the defendant continuity of counsel.

f)      The government does not object to the continuance.

g)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 23, 2023, to April 25, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Additionally, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 23, 2023, to the date the Court rules on the government's and the defendant's pending motions, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(D) [Local Code E].

5.     Nothing in this stipulation and proposed order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.


IT IS SO STIPULATED.


Dated:  January 18, 2023                          PHILLIP A. TALBERT
                                                 United States Attorney


                                                 /s/ SAM STEFANKI
                                                 SAM STEFANKI
                                                 FRANK RIEBLI
                                                 Assistant United States Attorneys


Dated:  January 18, 2023                          /s/ DAVID D. FISCHER
                                                 DAVID D. FISCHER
                                                 Counsel for Defendant
                                                 CHALONER SAINTILLUS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 19th day of January, 2023.  The court considers the new trial date CONFIRMED and does not anticipate approving any further changes in the trial schedule.

DATED:  January 19, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE