```
PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHALONER SAINTILLUS,<br><br>　　　　　Defendant. | CASE NO. 2:20-CR-00213-KJM<br><br>GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1<br><br>DATE: January 23, 2023<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

　　　　In its first motion in limine, the government asked the Court to admit defendant Chaloner SAINTILLUS's bank records at trial. Those records show that a credit or debit card associated with SAINTILLUS's account was used to purchase postage for at least six of the twelve packages containing drugs that he is alleged to have mailed to the Eastern District of California. SAINTILLUS does not oppose the admission of the records showing those purchases, but he asks that the rest of the records be redacted to avoid showing the jury SAINTILLUS's other transactions. All other transactions, he contends, are irrelevant.

　　　　The government will redact the records and will confer with SAINTILLUS regarding the extent of those redactions. However, the government disagrees that all of SAINTILLUS's other transactions are irrelevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. That is a broad standard.

SAINTILLUS's bank records show numerous point of sale purchases at gas stations and fast food restaurants. They also show numerous purchases of postage at post offices (including the one from which SAINTILLUS sent packages on the occasions charged in this case) on occasions other than those charged in the Superseding Indictment, as well as numerous payments and receipts of funds through the applications Zelle, Venmo, and Chime. There are also ATM withdrawals and deposits, receipts from Lyft rides, records of purchases from gun stores, payments to a gym, and sundry other items. There do not appear to be any obviously inflammatory or embarrassing transactions.

It is easy to see that some of SAINTILLUS's other transactions are relevant. For example, the additional purchases of postage at USPS kiosks makes it more likely that it was SAINTILLUS who purchased postage for the packages at issue in this case. And the various point-of-sale purchases are consistent with the normal usage of the card's owner. This too makes it more likely that SAINTILLUS was the person using the card on the dates relevant to this case.

Moreover, defenses SAINTILLUS may raise through cross-examination or through his own statements if he elects to testify may increase the probative value of these additional transactions. In that instance, the government may request to provide the jury with un-redacted versions of the bank records.

Nonetheless, the government agrees to redact much of the transaction record information unless and until developments during trial change the probative value of the records, and will confer with SAINTILLUS regarding those redactions with the goal of resolving this issue prior to the trial confirmation hearing.

Dated: January 20, 2023

PHILLIP A. TALBERT
United States Attorney

By:  /s/ Frank Riebli
SAM STEFANKI
FRANK J. RIEBLI
Assistant United States Attorneys