DAVID D. FISCHER (SBN 224900)
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone: (916) 447-8600
Facsimile: (916) 930-6482
Email: david.fischer@fischerlawoffice.com

Attorney for Defendant
CHALONER SAINTILLUS

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-213-KJM |
| Plaintiff, | DEFENDANT'S MEMORANDUM CONCERNING ELEMENTS, PENALTIES, AND FACTUAL BASIS FOR ENTERING "OPEN" GUILTY PLEAS. |
| v. | |
| CHALONER SAINTILLUS, | |
| Defendant. | |

**MEMORANDUM**

Defendant Chaloner Saintillus submits this summary of the elements, penalties, and factual basis for his change of plea hearing currently scheduled for April 6, 2023.

**<u>Counts One through Twelve - Elements – Distribution of Controlled Substance - 21 U.S.C. § 841(a)(1).</u>**

Defendant Chaloner Saintillus is charged in a superseding indictment with twelve counts of distribution of controlled substances, in violation of 21 U.S.C. § 841(a). Superseding Indictment, ECF No. 159.

**DEFENDANT'S MEMORANDUM CONCERNING GUILTY PLEAS**
*United States v. Chaloner Saintillus*
[2:20-cr-213 KJM]

At a trial, the government would have to prove beyond a reasonable doubt the following two elements for each of the counts alleged in the superseding indictment:

First, on or around the dates alleged in each count of the superseding indictment, the defendant knowingly distributed the controlled substances alleged in each corresponding count of the superseding indictment; and

Second, the defendant knew that the substance he distributed was the substance alleged in each count of the superseding indictment, or else he knew that it was some other federally controlled substance.

*See* Ninth Cir. Model Crim. Jury Instrs. § 12.4. (2022).

## Forfeiture Allegation 21 U.S.C. § 853(a)- Criminal Forfeiture

1.      Upon conviction of one or more of the offenses alleged in Counts One through Twelve of Superseding Indictment, defendant CHALONER SAINTILLUS agrees that he shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

a. All right, title, and interest in any and all property involved in, violations of Title 21, United States Code, Section 841(a)(l), for which defendant is convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

b. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, for which defendant is convicted.

2.      If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Twelve of this Superseding Indictment, for which defendant is convicted:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty.

## Maximum Sentence

### A.  Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of incarceration for each count, a fine of $1,000,000 for each count; or both fine and imprisonment for each count; Supervised release of at least three (3) years and up to life for each count, and a special assessment of up to $100 (mandatory) per count.

### Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release.

The defendant understands that each count to which he is entering a guilty plea is a class B felony. Supervised release revocation is governed by 18 U.S.C. § 3583(e)(3), under which revocation is discretionary, and the maximum term of imprisonment is three years for a class B felony.

### Factual Basis for Plea

Between April 14, 2020, and October 26, 2020, law enforcement conducted twelve controlled purchases of narcotics from the defendant on various dark web marketplaces.  Law enforcement paid for each of these controlled purchases using cryptocurrency, and received controlled substances sent through the mail in return for this cryptocurrency at undercover addresses located in the Eastern District of California.

**For Count One**, on or about April 16, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, Mr. Saintillus did knowingly and intentionally distribute **oxymorphone**, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 84l(a)(l) by mailing it from Florida to the Eastern District of California.

**For Count Two**, on or about April 22, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute **heroin**, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, by mailing it from Florida to the Eastern District of California in a package assigned United States Postal Service tracking number 9505 5065 8086 0113 2077 48, in violation of Title 21, United States Code, Section 841(a)(1).

**For Count Three**, on or about April 22, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute **heroin**, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, by mailing it from Florida to the Eastern District of California in a package assigned United States Postal Service tracking number 9505 5065 8086 0113 2077 62, in violation of Title 21, United States Code, Section 841(a)(1).

**For Count Four**, on or about April 29, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**For Count Five**, on or about May 20, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**For Count Six**, on or about June 1, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

DEFENDANT'S MEMORANDUM CONCERNING GUILTY PLEAS
*United States v. Chaloner Saintillus*
[2:20-cr-213 KJM]

4

propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Seven, on or about June 13, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California **oxycodone**, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Eight, on or about July 6, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Nine, on or about July 6, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (popularly known as **"fentanyl"**), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Ten, on or about August 20, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California **oxymorphone,** a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Eleven, on or about October 21, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California **oxycodone,** a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

For Count Twelve, on or about October 26, 2020, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally distribute by mailing it from Florida to the Eastern District of California N-phenyl-N-[1-(2-phenylethyl)-4-

DEFENDANT'S MEMORANDUM CONCERNING GUILTY PLEAS
*United States v. Chaloner Saintillus*
[2:20-cr-213 KJM]

1    piperidinyl] propanamide (popularly known as "**fentanyl**"), a Schedule II controlled substance,

2    in violation of Title 21, United States Code, Section 84l(a)(l).

3

4          I, CHALONER SAINTILLUS, have carefully reviewed the factual basis for plea

5    contained in this memorandum and I understand it.  I agree that all the facts set forth therein are

6    true and correct as it concerns my conduct.  I fully understand the maximum sentence for each

7    crime charged in the Indictment.  I fully understand and agree to the forfeiture allegation in the

8    Indictment.  I fully understand the nature and elements of the crimes charged in the Indictment

9    to which I am pleading guilty, together with the possible defenses thereto.  I have fully

10   discussed these matters with my attorney.  I authorize my attorney to provide a signed copy of

11   this memorandum to the Court and to the U.S. Attorney for the Eastern District of California in

12   advance of the change of plea hearing.

13

14   Dated: 4/3/2023

15        4:16 P.M.

(U.C.C. 1-103./1-103)(U.C.C. 1-308)A.R.R.)
CHALONER SAINTILLUS(C.C. 1-207/1-308)
CHALONER SAINTILLUS(CC 1-308) A.R.R.)
(U.C.C. 3-308/3-402)

16   **Defense Counsel**

17         I have read this memorandum and have fully discussed it with my client.

18

19   Dated:   4/3/2023

20        4:16 P.M.,

21                                              _____
                                                DAVID D. FISCHER
22                                              Attorney for Defendant
                                                CHALONER SAINTILLUS
23

24

25

26

27

28

**DEFENDANT'S MEMORANDUM CONCERNING GUILTY PLEAS**
*United States v. Chaloner Saintillus*
**[2:20-cr-213 KJM]**

**6**