DAVID D. FISCHER, SBN 224900
LAW OFFICES OF DAVID D. FISCHER, APC
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone:   (916) 447-8600
Fax:              (916) 930-6482
E-Mail:         david.fischer@fischerlawoffice.com

Attorney for Defendant
CHALONER SAINTILLUS

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHALONER SAINTILLUS<br><br>    Defendant. | Case No.:  2:20-CR-00213 KJM<br><br>**FORMAL OBJECTIONS AND MOTION TO CORRECT THE PRE-SENTENCE REPORT**<br><br>Date:   August 28, 2023<br>Time:  9:00 a.m.<br>Judge:  Hon. Kimberly J. Mueller |

Chaloner Saintillus, by and through his attorney, David D. Fischer, hereby makes the below-stated objection to the Pre-Sentence Investigation Report (PSR) and moves the Court for an order to correct the report consistent with the defendant's objection.

**Acceptance of Responsibility, page 7, Paragraph 17 and page 9, Paragraph 29.**

Mr. Saintillus should receive a 2-level reduction for pleading guilty before trial. In his statement during the probation interview he said, in part, "I accept full responsibility…" Pleading guilty and stating that he has accepted full responsibility is enough for a 2-level reduction for acceptance of responsibility.

**Base Offense Level computation, page 8, Paragraphs 13 and 21.**

      The defendant objects to the use of the agents' estimate of drug sales on the dark web outside of counts one through twelve for use in calculating the base offense level. The government is unable to prove by even a preponderance of the evidence that those sales even occurred, and if they occurred, that Mr. Saintillus should be responsible for those drug quantities. The base offense level should be calculated only using the drug quantities in paragraphs 9 and 10 that the defendant admitted.

Count 1: 21 U.S.C. § 841(a)

2D1.1(a)(5) & (c)(13)      Base Offense Level — 6 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide)

                    Total offense level for this count is 14

Count 2: 21 U.S.C. § 841(a)

2D1.1(a)(5) & (c)(13)      Base Offense Level — 2 grams of Heroin

                    Total offense level for this count is 14

Count 3: 21 U.S.C. § 841(a)

2D1.1(a)(5) & (c)(13)      Base Offense Level — 1 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide)

                    Total offense level for this count is 14

Count 4: 21 U.S.C. § 841(a)

2D1.1(a)(5) & (c)(13)      Base Offense Level — 7 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide)

                    Total offense level for this count 14

Count 5: 21 U.S.C. § 841(a)

| | | |
|---|---|---|
| 2D1.1(a)(5) & (c)(13) | | Base Offense Level — 7 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) |
| | | Total offense level for this count is 14 |

Count 6: 21 U.S.C. § 841(a)

| | | |
|---|---|---|
| 2D1.1(a)(5) & (c)(13) | | Base Offense Level — 7 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) |
| | | Total offense level for this count is 14 |

Count 7: 21 U.S.C. § 841(a)

| | |
|---|---|
| 2D1.1(a)(5) & (c)(13) | Base Offense Level — 1 grams of Oxycodone (actual) |
| | Total offense level for this count is 14 |

Count 8: 21 U.S.C. § 841(a)

| | |
|---|---|
| 2D1.1(a)(5) & (c)(12) | Base Offense Level — 14 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) |
| | Total offense level for this count is 16 |

Count 9: 21 U.S.C. § 841(a)

| | |
|---|---|
| 2D1.1(a)(5) & (c)(12) | Base Offense Level — 13 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) |
| | Total offense level for this count is 16 |

Count 10: 21 U.S.C. § 841(a)

| | |
|---|---|
| 2D1.1(a)(5) & (c)(14) | Base Offense Level — 1 grams of Oxycodone (actual) |
| | Total offense level for this count 12 |

| | | |
|---|---|---|
| Count 11: 21 U.S.C. § 841(a) | | |
| 2D1.1(a)(5) & (c)(14) | Base Offense Level — 1 grams of Oxymorphone | |
| | Total offense level for this count is 12 | |
| Count 12: 21 U.S.C. § 841(a) | | |
| 2D1.1(a)(5) & (c)(14) | Base Offense Level — 3 grams of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) | |
| | Total offense level for this count is 12 | |

Multiple Counts (Chapter 3D), section 3D1.1(a)(1), Counts grouped as follows: Group 1 is Count 1 (21 U.S.C. § 841(a)), Count 2 (21 U.S.C. § 841(a)), Count 3 (21 U.S.C. § 841(a)), Count 4 (21 U.S.C. § 841(a)), Count 5 (21 U.S.C. § 841(a)), Count 6 (21 U.S.C. § 841(a)), Count 7 (21 U.S.C. § 841(a)), Count 8 (21 U.S.C. § 841(a)), Count 9 (21 U.S.C. § 841(a)), Count 10 (21 U.S.C. § 841(a)), Count 11 (21 U.S.C. § 841(a)), Count 12 (21 U.S.C. § 841(a)).

The highest offense level is 16, so the BOL is 16.

**Specific Offense Characteristics: page 9, possession of a firearm**

Mr. Saintillus is not being charged in the Eastern District of California with drugs or firearms located at the address where he was arrested in the Southern District of Florida. Accordingly, this 2-level specific offense characteristic does not apply, and the defendant objects to it.

**Total Offense Level, page 9, Paragraph 30.**

The total offense level should be 16. The BOL is 16, plus 2 for distribution over the dark web is 18, then subtract 2 for acceptance of responsibility.

**Criminal History Computation, page 19, Paragraph 53.** The defendant's criminal history computation should not include 2 points for being on supervision at the time of the offense because if Congress does not change the proposed amendments, effective November 1, 2023, USSG section 4A1.1(e) will be amended to state in relevant part: "§4A1.1(e). One point is added if the defendant (1) receives 7 or more points under §4A1.1(a) through (d), and (2) committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence…"

Since Mr. Saintillus only has 6 criminal history points that are counted, he should not have any points added for being on DUI probation.

**PART D. SENTENCING OPTIONS, page 26, Paragraph 86.**

The guidelines should be based on a total offense level of 16 and a CHC OF III based on 6 points.  Accordingly, the guideline imprisonment range should be 27-33 months.

DATED:  August 14, 2023          Respectfully submitted,

　　　　　　　　　　　　　　　　　　 */S/ David D. Fischer*
　　　　　　　　　　　　　　　　　　 DAVID D. FISCHER
　　　　　　　　　　　　　　　　　　 Attorney for Defendant
　　　　　　　　　　　　　　　　　　 CHALONER SAINTILLUS