PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
ROSS PEARSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:20-CR-00213-KJM |
| Plaintiff, | UNITED STATES' MEMORANDUM RE SENTENCING EVIDENTIARY HEARING |
| v. | |
| CHALONER SAINTILLUS, | DATE: November 13, 2023<br>TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

This matter is set for an evidentiary hearing on November 13, 2023. The sole purpose of this hearing is for the Court to receive evidence regarding the amount of illegal narcotics for which defendant Chaloner Saintillus should be held accountable at sentencing. The United States of America submits this memorandum in advance of that hearing for the Court's consideration and use.

### I.  PROCEDURAL BACKGROUND

Saintillus pleaded guilty to twelve counts of distribution of controlled substances. Mins., ECF No. 214. The final Presentence Investigation Report (the "PSR") calculated that Saintillus's offense level is 26, based on drug sales he made to undercover officers and while he was operating the vendor account "chlnsaint" on the dark web marketplaces known as Empire and DarkMarket. PSR ¶¶ 13, 21, ECF No. 227.[1] The government agrees with the PSR's offense level calculation and will present

---

[1] There is no dispute that Saintillus ran the "chlnsaint" vendor page on Empire and DarkMarket. *See* PSR ¶ 7; Def's Mem. Concerning Elements, Penalties, and Factual Basis for Entering "Open" Guilty

evidence at the upcoming hearing establishing that it is a reasonable—and, in fact, conservative—estimate of the amount of illegal drugs Saintillus distributed while he was active on the dark web.

## II.  LEGAL STANDARDS

Where "the amount [of narcotics] seized does not reflect the scale of the offense," the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") requires district courts to approximate drug quantity. U.S.S.G. § 2D1.1, cmt. n.5 (noting that the court "shall" approximate drug quantity). The government need only prove the drug quantity by a preponderance of the evidence. *United States v. Perez*, 962 F.3d 420, 448 (9th Cir. 2020), *cert. denied sub nom. Iraheta v. United States*, 1441 S. Ct. 1443 (2021). Furthermore, this supporting evidence need only have "sufficient indicia of reliability." *See* U.S.S.G. § 6A1.3(a); *see also United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002).

The rules of evidence do not apply during a sentencing evidentiary hearing. *See* U.S.S.G. § 6A1.3(a). Nor does the Confrontation Clause apply. *United States v. Vera*, 893 F.3d 689, 692 (9th Cir. 2018). Hence, at the upcoming hearing, the Court may rely on hearsay evidence if that evidence is "sufficiently corroborated so as to provide the requisite indicia of reliability." *United States v. Mara*, 523 F.3d 1036, 1039 (9th Cir. 2008); *see also* U.S.S.G. § 6A1.3(a) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

## III.  GOVERNMENT'S EVIDENCE

At the upcoming evidentiary hearing, the government will call two witnesses to testify. First, FBI Special Agent Christopher Siliciano will provide background testimony about the mechanics of the dark web and the illicit drug marketplaces on the dark web where Saintillus sold his drugs. Special Agent Siliciano's testimony will establish why historical records of Saintillus's drug sales on those marketplaces are a reliable estimate of drugs that he actually distributed while he was running the "chlnsaint" vendor profiles in 2019 and 2020.

---

Pleas 3, ECF No. 215.

Government Memorandum re Evidentiary Hearing                                    2

Second, United States Postal Inspector Jason Bauwens will testify about law enforcement's undercover interactions with Saintillus on the dark web, and will describe how he calculated Saintillus's historical drug sales based on data and postings displayed on the publicly available "chlnsaint" vendor page.  Inspector Bauwens will explain how his calculation of Saintillus's historical drug sales is actually a conservative estimate because it did not rely on several pieces of evidence suggesting that Saintillus sold more drugs than what his "chlnsaint" vendor page recorded.  *See Culps*, 300 F.3d at 1076 (stating that sentencing courts should "err on the side of caution" in approximating drug quantity (quoting *United States v. August*, 86 F.3d 151, 154 (9th Cir. 2002))).  Inspector Bauwens will also sponsor relevant evidence that law enforcement officers seized while executing search warrants at Saintillus's residence, including video recordings and communications seized from Saintillus's cellular phone.  Inspector Bauwens's testimony will establish that the PSR's drug weight calculation is based on reliable evidence corroborated by Saintillus's own words and conduct in consummating multiple illegal sales of controlled substances in 2019 and 2020.

Inspector Bauwens is the case agent, and the government will seek to have him present at government counsel table during the evidentiary hearing.  *See* Fed. R. Evid. 615(b).  Finally, the government conferred with defense counsel earlier this week and the parties estimate that the evidentiary hearing will last approximately two hours.

## IV.    CONCLUSION

The government respectfully submits this memorandum for the Court's convenience during next week's sentencing evidentiary hearing.

Dated:  November 8, 2023

PHILLIP A. TALBERT
United States Attorney

By:  /s/ SAM STEFANKI
SAM STEFANKI
ROSS PEARSON
Assistant United States Attorneys