UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:20-cr-00213-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Chaloner Saintillus, | |
| Defendant. | |

Defendant Chaloner Saintillus, who is not currently represented by counsel, moves to set aside, vacate or correct his sentence under 28 U.S.C. § 2255. ECF No. 256. In a short passage of that motion, he alleges the attorney who previously represented him (David Fischer) conspired against him, coerced him, refused to file motions and was otherwise "ineffective." *See id.* at 5–6. Although these allegations are vague and brief, they appear to be directed at this court's decisions to terminate Saintillus's right to self-representation and not to accept his proposed "no contest" plea. *See* Change of Plea Hr'g Mins., ECF No. 214; Change of Plea Hr'g Tr., ECF No. 226; Order (May 26, 2022), ECF No. 122.

In response to Saintillus's allegations, the government requests an order finding Saintillus has waived his attorney–client privilege and directing Fischer to "provide relevant information." Privilege Mot. at 1, ECF No. 262. Mr. Fischer opposes that request, ECF No. 271, and the

1

government has replied to Fischer's opposition, ECF No. 272.  Saintillus has filed no response, and Fischer's opposition does not purport to speak on Saintillus's behalf.

By longstanding rule, when "a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  "[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 720.  The court must also allow the petitioner to "preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721.

Saintillus's pro se allegations about Fischer's representation are vague and brief.  It is also unclear whether Saintillus would withdraw or modify any of his allegations in light of the possibility that by making them, he is waiving his attorney–client privilege.  The court will therefore permit Saintillus to clarify his position by answering two questions:

(1) Do you allege in your pending motion that David Fischer offered ineffective assistance as your attorney?

(2) If so, do you wish to pursue that allegation even if doing so could prevent you from keeping some of your communications with Mr. Fischer confidential?

Saintillus's response **must not exceed five pages and must be filed within thirty days**.  The court will disregard any pages beyond the fifth page.

The motions at ECF Nos. 256 and 262 remain pending.

IT IS SO ORDERED.

DATED: November 5, 2024.

UNITED STATES DISTRICT JUDGE