UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00213-KJM |
| Plaintiff, | ORDER |
| v. | |
| Chaloner Saintillus, | |
| Defendant. | |

Defendant Chaloner Saintillus, who is not currently represented by counsel, moves to set aside, vacate or correct his sentence under 28 U.S.C. § 2255. ECF No. 256. As this court explained in a previous order, Saintillus argues in his pending motion that the attorney who previously represented him (David Fischer) conspired against him, coerced him, refused to file motions and was otherwise "ineffective." *See id.* at 5–6. These allegations appear to be directed at this court's decisions to terminate his right to self-representation and not to accept a "no contest" plea. *See* Change of Plea Hr'g Mins., ECF No. 214; Change of Plea Hr'g Tr., ECF No. 226; Order (May 26, 2022), ECF No. 122.

In response to Saintillus's argument and allegations about Fischer's representation, the government asked this court to find that Saintillus had waived his attorney–client privilege and to direct Fischer to "provide relevant information to the government." Privilege Mot. at 1, ECF No. 262. Mr. Fischer opposed that request, ECF No. 271, and the government has replied to

1

Fischer's opposition, ECF No. 272.  After reviewing these filings, the court instructed Saintillus to clarify whether he alleges in his pending motion that Fischer offered ineffective assistance, and if so, whether Saintillus wished to pursue that allegation even if doing so would prevent him from keeping some of his communications with Fisher confidential.  Order (Nov. 6, 2024), ECF No. 274.

Saintillus filed two responses to the court's order.  ECF Nos. 275, 276.  In both, he denies that he has asserted any claim for ineffective assistance of counsel.  *See* Saintillus Resp. (Dec. 6, 2025), ECF No. 276 ("Their was no 'Alleged mentioned ineffective Assistance of Counsel' all was obviously taken out of Proper Context."); Saintillus Rep. (Dec. 26, 2024), ECF No. 275 ("for the Record their was/should not be No alleged 'ineffective Assistance of Counsel' Wrongfully presumed period in the 2255 Habeas Corpus filing.  None intended at all.").  The court understands from these responses that Saintillus does not intend to allege or contend in his pending motion that Fischer's assistance was constitutionally ineffective.

The government's motion to find Saintillus has waived his attorney–client privilege (ECF No. 262) is therefore **denied as moot**.

The motion at ECF No. 256 **remains pending**.  As instructed in this court's previous order, the government's opposition to that motion is now due within fourteen days.  *See* Min. Order, ECF No. 266.

IT IS SO ORDERED.

DATED:  January 16, 2025.

_____
UNITED STATES DISTRICT JUDGE