UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00213-KJM |
| Plaintiff, | ORDER |
| v. | |
| Chaloner Saintillus, | |
| Defendant. | |

    Defendant Chaloner Saintillus moves to set aside or correct his sentence under 28 U.S.C. § 2255.  For the reasons below, the motion is **denied**.

    This court's previous orders summarize the charges against Saintillus and the background of this case. *See generally, e.g.*, Order (May 26, 2022), ECF No. 122; Order (Dec. 2, 2022), ECF No. 181; Order (Dec. 2, 2022), ECF No. 182.  By way of brief summary, Saintillus was indicted for possessing and distributing controlled substances in violation of 21 U.S.C. § 841(a)(1).  *See generally* Indictment, ECF No. 5; Superseding Indictment, ECF No. 159.  In April 2023, he pleaded guilty to each of the twelve counts in the superseding indictment without entering into a plea agreement with the government.  *See generally* Change of Plea Hr'g Mins., ECF No. 214.  In February 2024, the court sentenced him to 121 months' imprisonment followed by 36 months' supervised release.  *See generally* Judgment & Commitment, ECF No. 249.  On the day of sentencing, February 5, 2024, the court relieved the attorney who represented Saintillus as

1  counsel.  *See* Sent. Hr'g Mins., ECF No. 248.  Saintillus did not appeal his conviction or
2  sentence.  Instead, in May 2024, he filed his pending pro se motion to correct or set aside his
3  sentence.  ECF No. 256.  The matter is now fully briefed.  *See generally* Opp'n, ECF No. 278;
4  First Reply, ECF Nos. 280; Second Reply, ECF No. 281; *see also* Order (Jan. 17, 2025), ECF No.
5  277 (clarifying scope of claims within Saintillus's motion).

6         The United States contends first that by electing not to pursue an appeal, Saintillus has
7  defaulted on each of the claims in his current motion.  *See* Opp'n at 3.  A motion to correct or set
8  aside a sentence under § 2255 "cannot substitute for an appeal."  *United States v. Draper*,
9  84 F.4th 797, 801 (9th Cir. 2023).  If a defendant does not raise a claim in a direct appeal, that
10 claim is "procedurally defaulted," and the defendant can include it in a § 2255 motion "only if he
11 can demonstrate either cause and actual prejudice or his actual innocence."  *Id.*  "Cause" in this
12 sense means "cause for why he did not object to or directly appeal the alleged error."  *United*
13 *States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021). "Prejudice" means "actual prejudice
14 resulting from the error to overcome that default."  *Id.*  And actual innocence is "not mere legal
15 insufficiency" of the charges or evidence against Saintillus, but rather proof that "in light of all
16 the evidence, it is more likely than not that no reasonable juror would have convicted him."
17 *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–
18 28 (1995)).

19        Saintillus does not argue he is actually innocent.  He argues instead that two of this court's
20 pretrial orders prevented him from filing an appeal.  *See* First Reply at 1–2 (citing Min. Orders,
21 ECF Nos. 178, 199); Second Reply at 2 (same).  The first of these pretrial orders, a minute order
22 filed in December 2022—about five months before Saintillus changed his plea to guilty—
23 instructed the clerk's office not to docket Saintillus's unauthorized pro se filings, but rather to
24 forward those documents to his appointed attorney.  The second order, a minute order filed in
25 January 2023—about four months before Saintillus changed his plea to guilty—modified this
26 procedure by instructing the clerk's office to discard any pro se filings it received from Saintillus
27 while he was represented.  Both of these minute orders were docketed several months before the
28 day Saintillus was sentenced, when his counsel was relieved.

A few weeks after the court relieved Saintillus's attorney, the court received a notice from Saintillus clarifying that he now intended to proceed without an attorney. ECF No. 252. That notice was returned to him under the minute orders summarized above, although it should not have been. A few weeks later, in April 2024, Saintillus filed a request for permission to file a writ of habeas corpus. ECF No. 254. The court denied that request as moot after ensuring the Clerk's Office would no longer return his pro se filings, clarifying that Saintillus "may seek post-conviction relief under 28 U.S.C. § 2255 or another relevant law if he so chooses." Order (Apr. 17, 2024), ECF No. 255. Saintillus then filed his pending motion. If Saintillus had attempted to file a notice of appeal pro se after his attorney had been relieved, and if that notice had been rejected, he could perhaps have argued the rejection was cause for his failure to appeal. But Saintillus did not file a notice of appeal, and he does not claim he attempted to file a notice of appeal. He therefore has not demonstrated "cause for why he did not object to or directly appeal the alleged error." *Pollard*, 20 F.4th at 1256. Nor has Saintillus demonstrated prejudice. The arguments in his pending motion are the same frivolous claims this court rejected in 2022. *See* Order (May 26, 2022) at 6–7.

As the government acknowledges, Saintillus cannot have waived or defaulted on a claim that this court lacks jurisdiction. *See* Opp'n at 3. Many of the arguments in his motion do expressly challenge this court's jurisdiction. *See, e.g.*, Mot. at 11 (requesting "immediate release" and demanding "dismissal for failure to state the proper jurisdiction and venue"). But this court does have jurisdiction. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 269 (2023) ("Via its sweeping language, § 3231 opens federal district courts to the full range of federal prosecutions for violations of federal criminal law.").

The motion at ECF No. 256 is **denied**.

IT IS SO ORDERED.

DATED: March 6, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE